# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

April 26, 2007

The Honorable Mary Pat Thynge  *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 18901

      Re:    *Venetec International, Inc. v. Nexus Medical, LLC*
             C.A. No. 07-57 (\*\*\*)

Dear Judge Thynge:

      Attached is the Scheduling Order for this case. As directed by the Court, this Order includes a fact discovery cut-off date agreed upon by the parties (paragraph 3(c)) and the date provided by the Court for the Initial Status Conference (paragraph 8).

                                      Respectfully,

                                      Maryellen Noreika (# 3208)

MN/dlb
Enclosure
cc:     Clerk of Court (Via Hand Delivery; w/ encl.)
        Mary Matterer, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
        Scott R. Brown, Esquire (Via Electronic Mail; w/ encl.)
        Jennifer C. Bailey, Esquire (Via Electronic Mail; w/ encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-57-*** |
| v. | ) |
| | ) |
| NEXUS MEDICAL, LLC | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

This ___ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on April 26, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before September 7, 2007.

3. Discovery.

a. Limitation on Fact Deposition Discovery. Each side is limited to ten fact depositions upon oral examination, including up to two depositions per side taken pursuant to Fed. R. Civ. P. 30(b)(6).

b. Location of Depositions. A party or representative (officer, director, or managing agent) of a party to this action will ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Other party employees will ordinarily be required, upon request, to submit to a deposition at a place designated by the party taking the deposition close to where the employee resides or works, or at a location mutually agreed upon by counsel. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before February 15, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. Disclosure of Expert Testimony. This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

e. Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument

or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. Discussed during the Rule 16 conference.

7.   Initial Status Report.  At least three days prior to the date set for the status conference referenced in paragraph 8 of this Order, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.   Initial Status Conference.  On September 11, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 5:00 p.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  In addition, the dates for the remainder of the scheduling order will be discussed, as well as the schedule for remaining fact and expert discovery.

9.   Tutorial Describing the Technology and Matters in Issue.  This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

10.  Case Dispositive Motions.  This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

11.  Claim Construction Issue Identification.  This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

12.  Claim Construction.  This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

13.  Hearing on Claim Construction.  This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

14.  Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the

Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    Trial. This topic shall be discussed and/or scheduled during the status conference referenced in paragraph 8 of this Order.

It is SO ORDERED this _____ day of _____, 200\_\_.

_____
UNITED STATES MAGISTRATE JUDGE