IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VENETEC INTERNATIONAL, INC.          )
                                     )
            Plaintiff,               )
                                     )
    v.                               )      C.A. No. 07-57 (***)
                                     )
NEXUS MEDICAL, LLC                   )
                                     )
            Defendant.               )

## STIPULATED PROTECTIVE ORDER

Venetec International, Inc. ("Venetec") and Nexus Medical, LLC ("Nexus") (collectively, the "Parties"), have agreed that certain information subject to discovery in this action may be claimed to contain proprietary or confidential trade secret, technical, business, or financial information of the producing party or applicable non-party within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure (hereinafter, "Protected Information"). To facilitate discovery in this action, the parties accordingly stipulate, subject to the approval of the Court, to the following Stipulated Protective Order:

1.    Designation of Protected Information

(a)    The term "Designating Party" means the party or person designating documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order. The term "Designating Party" is defined to include the Parties as well as non-party persons or entities that provide discovery in this action.

(b)    With respect to such Protected Information that has been or will be sought or produced during discovery, the Designating Party may identify or otherwise designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)    Information, documents, and things that a Designating Party in good faith believes constitutes or contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7) shall be designated as "CONFIDENTIAL." The parties will use reasonable care to avoid designating any documents or other information as "CONFIDENTIAL" for which the Designating Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(c).

(d)    The following information, documents and things that a Designating Party in good faith believes constitutes or contains proprietary financial or technical data or commercially sensitive competitive information shall be designated as "HIGHLY CONFIDENTIAL":

(i)    information, documents and things relating to future products not yet commercially released;

(ii)    information, documents and things obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA);

(iii)    strategic plans;

(iv)    sensitive marketing information;

(v)    financial information;

(vi)    customer/distributor account or transaction information;

(vii)    current research and development information; and

(viii)    Any other information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Designating Party.

2

Use of this highly restrictive designation is limited to information of the highest competitive sensitivity, and the parties will use reasonable care to avoid designating any documents or other information as "HIGHLY CONFIDENTIAL" for which the Designating Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(d).

(e) Any copies of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and the same terms regarding confidentiality of these documents and materials shall apply as apply to the originals.

(f)    Designations of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2.    Uses of Protected Information. No person shall use any Protected Information, or information derived therefrom, for purposes other than the prosecution or defense of this action. The parties agree to designate Protected Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on a good faith basis and not for purposes of harassing the Discovering Party or for purposes of unnecessarily restricting the Discovering Party's access to information concerning the lawsuit. This paragraph also incorporates by reference all other restrictions on the use and disclosure of Protected Information as set forth in this Stipulated Protective Order.

3.    Identification of Documents and Things. All documents and things produced in discovery by each Designating Party shall bear identifying numbers when a copy or copies are produced to the Discovering Party. The identity of the Designating Party shall be clearly

identified by identifying numbers and/or letters stamped or printed on the documents or things pursuant to this paragraph 3. All documents and things that contain "CONFIDENTIAL" information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL" on every page. All documents and things that contain "HIGHLY CONFIDENTIAL" information shall be designated by conspicuously affixing a legend in the form of "HIGHLY CONFIDENTIAL" on every page. If any document or thing is inadvertently produced without such legend, the Designating Party shall promptly furnish written notice to the Discovering Party that the relevant document or information shall be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, as further discussed in paragraph 20.

4.     "HIGHLY CONFIDENTIAL" Information - Permitted Disclosure. Information, documents, and things designated as "HIGHLY CONFIDENTIAL" by a Designating Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available, or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b)     any person who is listed on the face of the designated document as an author, sender, addressee, recipient, or copyee;

(c)     outside consultants or independent experts, including their staff, who are not current employees of any party in this matter, who are not affiliated on a regular basis with any party, and who have been retained by counsel for one of the parties for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation

4

of this action for trial, (each referred to herein as an "Expert"), but such disclosure shall be subject to the requirements of Paragraph 8 below;

(d) court reporting and deposition videography services and other third party vendors who provide jury consulting, document management, document copying, database, graphics and design, or other litigation support services in connection with this action and who are not employees of or affiliated on a regular basis with any party; and

(e) the outside counsel who appears for a party in this action and who has not prosecuted patents for that party within the last two years, and photocopy services personnel retained by counsel, their respective legal assistants, law clerks, stenographic, and clerical employees whose duties and responsibilities require access to such materials, except as limited by Paragraph 5 below.

5. Additional Protections Related To Patent Prosecution. To the extent that an outside law firm representing a party in this litigation has also prosecuted patent(s) for that party, or will continue to do so, the following restrictions will be observed by that firm to protect "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL" information of the Designating Party:

(a) the following attorneys, paralegals or patent agents are identified as having previously prosecuted patent(s) for a party, as currently engaged in prosecution of patent(s) for a party or as persons who are reasonably expected to prosecute patent(s) for a party in the future (hereafter "Prosecution Staff"):

Counsel for Venetec:    None

Counsel for Nexus:    Andrew G. Colombo

Randy Schwartz

Such listed Prosecution Staff are not permitted access to any materials designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and each such person identified in Paragraph 5(a) must sign a declaration stating that they will neither receive nor use any information gained from this litigation in any subsequent patent prosecution for any party, with a copy of such declaration to be provided to opposing counsel within ten (10) days of entry of this protective order. For any Prosecution Staff who are subsequently identified, they must sign a declaration stating that they will neither receive nor use any information gained from this litigation in any subsequent patent prosecution for any party, with a copy of such declaration to be provided to opposing counsel ten (10) days prior to commencing any patent prosecution related work, so that opposing counsel may raise objections if warranted;

(b)    the following attorneys, paralegals or patent agents are identified as having access to "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" materials and being employed by a law firm conducting prosecution of patents before the U.S. Patent and Trademark Office for a party (hereafter, "Litigation Staff"):

Counsel for Venetec: ___ __ None _____

Counsel for Nexus: _____ Scott R. Brown ___

___ __ Jennifer C. Bailey ____

_____ Matthew B. Walters _

Such listed Litigation Staff identified in Paragraph 5(b) must sign a declaration stating that they will not participate, directly or indirectly, in any subsequent patent prosecution for any party for at least two (2) years from the entry of final judgment in this action, with a copy of such declaration to be provided to opposing counsel within ten (10) days of entry of this protective order. For any Litigation Staff who are subsequently identified, they must sign a declaration

stating that they will not participate, directly or indirectly, in any subsequent patent prosecution for any party for at least two (2) years from the entry of final judgment in this action, with a copy of such declaration to be provided to opposing counsel ten (10) days prior to having access to "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" materials, so that opposing counsel may raise objections if warranted;

    (c)    prosecution files for a party will be labeled prominently so that they may only be delivered to the Prosecution Staff referenced in Paragraph 5(a);

    (d)    prosecution files for a party will be kept in a locked file cabinet;

    (e)    electronic versions of the prosecution files for a party will be password-protected and only the Prosecution Staff referenced in Paragraph 5(a) may access them;

    (f)    all material produced in the lawsuit will be segregated and kept in a locked file cabinet so that the Prosecution Staff referenced in Paragraph 5(a) may not access them;

    (g)    all electronically stored files from the lawsuit will be password-protected so that the Prosecution Staff referenced in Paragraph 5(a) may not access them; and

    (h)    all Litigation Staff identified in Paragraph 5(b) agree not to discuss any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a).

    6.    "CONFIDENTIAL" Information - Permitted Disclosure. Information and things designated as "CONFIDENTIAL" or "CONFIDENTIAL" by a Designating Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available, or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

    (a)    all of the persons and entities listed in paragraph 4 to whom "HIGHLY CONFIDENTIAL" information may be disclosed; and

    (b)    the following personnel of the parties (no more than two):

    For Venetec:    _____   Charles Krauss   _____

                       _____   Brian Burn   _____

    For Nexus:    _____   W. Cary Dikeman   _____

As a condition precedent to disclosure of Protected Information to any persons described in this subparagraph (b), he or she must sign the Confidentiality Undertaking attached hereto as Exhibit A. Outside counsel shall maintain a file of all such Declarations until the conclusion of the litigation. The parties shall have the right to substitute new personnel in their respective employ for existing personnel, provided that the previous personnel are no longer in the employ of the respective party and provided that the substituted personnel comply with the procedures set forth in this subparagraph (b). To the extent that any such personnel is substituted, the opposing party shall be notified of the identity of the personnel who left the party's employ and the identity of the substitute personnel no less than 5 business days before such substituted personnel are allowed access to Protected Information. This subparagraph (b) may be expanded by mutual agreement in writing by counsel for Venetec and Nexus.

    7.    Recipients of Protected Information.

    (a)    Protected Information shall be maintained by the Discovering Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Stipulated Protective Order are (i) only used for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Information in

order to ensure that the confidential, restricted, or highly confidential nature of the same is maintained.

(b)    All individuals to whom Protected Information is to be disclosed shall be instructed that Protected Information may not be used other than in the prosecution or defense of this litigation, and may not be disclosed to anyone other than those persons authorized by this Stipulated Protective Order. Counsel for all parties other than the Designating Party shall take reasonable steps to ensure adherence to the terms and conditions of this Stipulated Protective Order by their respective employees.

8.    <u>Requirements for Disclosure to Experts</u>. The following provisions shall apply to the disclosure of Protected Information to an Expert pursuant to Paragraphs 4(c) and 6(a) above:

(a)    Not less than ten (10) business days prior to the disclosure of Protected Information to an Expert, the party contemplating such disclosure shall give written notice to the Designating Party. The required Notice shall include at least the following information: the full name and business address of the person to whom the party proposes to make disclosure; the person's curriculum vitae, resume, or other document identifying, at a minimum, the person's post-secondary educational degrees, current employer, and title/position, and any titled positions currently held by such person with industrial or trade organizations; identification of each of the person's employers, positions with such employers, and consulting clients over the preceding ten (10) years; and a list of the cases in which the Expert has testified at deposition, at a hearing, or at trial within the preceding four (4) years. Identification of a person pursuant to this paragraph 8 shall not, itself, give rise to a right to depose the person as an expert or consultant.

(b)    Such Expert shall acknowledge in writing, by signing the Confidentiality Undertaking attached hereto as Exhibit A, that he or she has been informed of this Stipulated Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; and that he or she fully understands that the intentional or willful violation of the terms of the Stipulated Protective Order constitutes violation of a Court order and may subject him or her to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party. A copy of such Confidentiality Undertaking shall be served on counsel for the Designating Party.

(c)    If the Designating Party does not object in writing within eight (8) business days after service of the written notice and Confidentiality Undertaking, disclosure of the Protected Information to such individual may occur. If the Designating Party objects to the proposed disclosure, whether in whole or in part, the Designating Party shall fully state the reason(s) for its objection(s) in writing at the time the objection is made. If the Designating Party objects to the proposed disclosure, the parties shall meet-and-confer within five (5) business days in a good faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to resolve the dispute expeditiously and informally, the Designating Party shall apply for appropriate ruling(s) from the Court no later than seven (7) business days after the service of its objections to the proposed disclosure. The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 3(e) of this Court's April 27, 2007, Scheduling Order. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Designating Party of its objections and approval of the proposed disclosure. Notwithstanding the Designating Party's obligation to

seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose an application made pursuant to this subparagraph on the ground that the application is made on an expedited basis. While any such timely filed application is pending, and during the interim between a timely filed objection and the timely filing of a corresponding application, the party seeking to make the proposed disclosure shall refrain from so doing. The Designating Party shall bear the burden of demonstrating that disclosure of the Protected Information to the proposed non-party expert or consultant would prejudice the Designating Party.

9.    Non-Testifying Experts.  To the extent a designated individual to whom Protected Information may be disclosed pursuant to subsections 4(c) and 6(a) of this Stipulated Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

(a)    No party will be deemed to have waived any privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Protected Information.

(b)    No non-testifying Expert disclosed pursuant to paragraph 8 will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has pre-existing independent knowledge of facts relevant to the case.

(c)    The identity of a non-testifying Expert disclosed pursuant to paragraph 8 may be disclosed to counsel and employees of the opposing party or parties only to the extent necessary to determine if an objection to the proposed disclosure is warranted.

11

(d)    Nothing in this paragraph 9 is intended to limit discovery of or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

10.    Designation of Interrogatory Answers or Other Written Discovery Responses.  In the case of interrogatory answers or other written discovery responses disclosing Protected Information, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of such answer in the same manner as the underlying documents or information, or next to the case caption on the face page of such answer designating those portions of the answer which are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11.    Designation of Deposition Testimony. For depositions taken in this litigation, a party may designate specific portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition the specific testimony which contains "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" that is to be made subject to the provisions of this Order or, alternatively, by notifying all parties in writing within ten (10) business days of the Designating Party's receipt of the official transcript, of the specific pages and lines of the transcript that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

Notwithstanding the foregoing, any individual may attend a deposition at which Protected Information may be disclosed. In the event that such individual is not authorized to receive Protected Information under paragraphs 4 or 6, the Designating Party shall have the right to exclude such persons from the deposition only during the period any Protected Information is disclosed or discussed, and the Designating Party must designate on the record at the deposition that specific testimony or information as "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" and indicate on the record at the deposition that such testimony or information is subject to the provisions of this Stipulated Protective Order.

       12.    Designation of Documents Filed in Court.

       (a)    Any discovery papers, including deposition transcripts, exhibits, or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Protected Information shall be sealed in an envelope and accompanied by a cover sheet that includes the following: (i) the caption of the case, including the case number; and (ii) the title "CONFIDENTIAL, FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

       (b)    The parties agree that all papers or documents containing Protected Information shall be filed with the Court in accordance with CM/ECF procedures for filings under seal.

       13.    Use of Protected Information in Examining Witnesses. Protected Information produced by a party may be utilized in examining or cross-examining any witness in deposition or at trial who (i) is authorized to be shown the Protected Information pursuant to paragraphs 4 or 6; (ii) is a current employee of the party producing such Protected Information, or a representative of that same party; or (iii) is a former employee of the party producing such Protected Information so long as the witness is either authorized to see the Protected Information under paragraphs 4 or 6, or was (either at the time of the creation of the Protected Information or the commencement of this action) employed by the Designating Party and reasonably likely to have had prior legitimate access to the document or the information contained therein, during his or her employment with the Designating Party.

14.    Limitations on Restrictions.

(a)    The restrictions of this Stipulated Protective Order shall not apply to any Protected Information which in the future (i) is deemed (either by agreement of the parties or by order of the Court) to be no longer entitled to protection under this Order, (ii) is made known to the Discovering Party on a non-confidential basis by the Designating Party, (iii) is otherwise subsequently and lawfully made known to the Discovering Party on any basis by any source other than the Designating Party, which source is completely independent of the Discovering Party, or (iv) is used as an exhibit in Court (unless such exhibit was filed under seal or protected from public disclosure); further, said restrictions shall not apply to any information which the Discovering Party shall establish was already lawfully known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act or fault of the Discovering Party, or any agent or representative of said party.

(b)    Nothing in this Stipulated Protective Order shall preclude any party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)    Notwithstanding any other provisions of this Stipulated Protective Order, nothing herein shall prohibit counsel for a party from disclosing an item of Protected Information, whether designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", to any person who was an author, addressee, or carbon copy recipient of such item; and if such item makes reference to the actual or alleged conduct or statements of such author, addressee, or carbon copy recipient who is a potential witness, counsel may discuss such conduct or statements

14

with such witness without revealing any portion of the Protected Information, other than that which specifically refers to such conduct or statement, and such discussion shall not constitute a violation of this Stipulated Protective Order.

15.    Providing Legal Advice.  Subject to the provisions of paragraph 2, nothing in this Stipulated Protective Order shall bar or otherwise restrict any outside counsel or persons who are employed as in-house counsel for a party from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information, provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Protected Information to any person not entitled to have access to it.

16.    Prohibited Use of Protected Information.  Subject to the provisions of paragraphs 14 and 15, regardless of the classification of document and things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Protected Information produced by either party in connection with this litigation, and any information contained therein, may not be used by a Discovering Party for any reason other than the prosecution or defense of this litigation, without the prior, express written consent of the Designating Party. By way of example and not of limitation, a Discovering Party may not use Protected Information of a Designating Party in connection with business or marketing efforts, or any press releases, press announcements or news conferences, without the prior, express written consent of the Designating Party. Any person receiving Protected Information shall not disclose it to any person who is not entitled to receive such information under this Order.  If Protected Information is disclosed to any person who is not entitled to receive such information under this Order, the person responsible for the disclosure will inform counsel for the Designating Party and make a reasonable good faith effort

15

to retrieve such material and to prevent further disclosure of it by the person who received such information.

17.    Limited Intent of Stipulated Protective Order.

(a)    It is not the intention of this Stipulated Protective Order to deal with any discovery objection to produce, answer, or respond, including those on the grounds of attorney-client privilege or work product doctrine.

(b)    This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

18.    Challenging a Designation.  At any time, the Discovering Party may notify the Designating Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the party contends is not protectable as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and stating why it believes each document or thing is not protectable. No later than ten (10) business days after the Designating Party's receipt of such notice, the parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis.  If the parties are unable to reach an agreement on the disputed confidentiality designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Designating Party shall respond with its reasons for making the designation.  The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 3(e) of this Court's April 27, 2007 Scheduling Order. The party claiming confidentiality shall bear the burden of establishing the confidential

nature of the information. Until a determination by the Court, the information in issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information subject to the terms of this Order. Any failure to object to any material being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be construed as an admission by any party that the material constitutes or contains a trade secret or other confidential information.

This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of any documents and other materials, whether or not constituting Protected Information, as that party may consider appropriate. Nor shall any party be precluded from (1) claiming that any Protected Information is not entitled to the protections of this Order, (2) applying to the Court for an order permitting the disclosure or use of the Protected Information, or (3) applying for a further order modifying this Order.

19.    Inadvertent Disclosure.    Information produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be so designated subsequent to production if the Designating Party provides replacement materials bearing appropriate designations and notifies the Discovering Party promptly after becoming aware of same that the Designating Party failed to make such designation at the time of production. Upon receipt of any such re-designation, the Discovering Party promptly shall collect all copies of the documents and either (a) return them to the Designating Party or (b) certify in writing that they have been destroyed and take reasonable steps to prevent any further dissemination of the Protected Information.

20.    Recall of Inadvertently Produced Privileged Information.    The inadvertent disclosure by a Designating Party of information subject to a claim of attorney-client privilege,

work product immunity, or other applicable privilege shall not be deemed a waiver in whole or in part of any such claim of privilege, either as to the specific information disclosed or as to any other information relating thereto. If a Designating Party has inadvertently produced or disclosed documents or information subject to a claim of immunity or privilege, the Designating Party may request in writing that the Discovering Party return or destroy the inadvertently produced documents and information, and all copies thereof that may have been made. Within five (5) business days of the Discovering Party's receipt of the written request to return or destroy the documents, the Discovering Party must either (1) move the Court for an order compelling production of such information and file under seal with the Court any remaining copies of the documents in its possession, or (2) return or destroy all copies of the documents in its possession to the Designating Party. If the Discovering Party moves the Court for an Order compelling production of such information, it may not use or disclose that information while such motion is pending. In addition, the Designating Party must preserve the information until the claim is resolved. Lastly, if the Discovering Party disclosed the information before being notified, it must take reasonable steps to retrieve it.

21.    Applicability to Third Parties. The terms of this Stipulated Protective Order shall be applicable to any third party who produces information which is designated by such third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in this paragraph permits a party to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any information produced in this litigation by a third party which that third party did not itself designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," unless the third party has confidential information of a party that it is legally obligated to maintain as confidential.

22.     Termination of This Action.

        (a)     All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Stipulated Protective Order, after the conclusion of this action, including all appeals until further Order of the Court except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal or protected from public disclosure); and (ii) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Stipulated Protective Order.

        (b)     Within sixty (60) calendar days after final disposition of this litigation, including all appeals therefrom, all Protected Information, copies of Protected Information, and all excerpts therefrom, in the possession, custody or control of the parties other than the Designating Party shall be verified as destroyed or returned to counsel for the Designating Party. Notwithstanding the foregoing, outside counsel for each party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Protected Information for archival records), provided that such outside counsel, and employees and agents of such outside counsel, shall not use or disclose any Protected Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. The Court retains exclusive jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

23.    Other Proceedings. By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

24.    Amendments to this Order. This Order is without prejudice to the right of any party to seek amendment of this Order, or to otherwise seek relief from the Court, upon good cause shown, from any of the restrictions contained herein, or to seek additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Court's Local Rules.

25.    Waiver Or Termination Of Order. No restriction imposed by this Order may be waived or terminated except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue indefinitely or until further Order of this Court.

26.    Miscellaneous.

(a)    Any producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Protected Information, or any other breach of this Order, by either a receiving party or any person to whom a receiving party has disclosed Protected Information; and

(b)    The remedies established by this Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.  This Order is without prejudice to the right of any party to apply to the Court at any time for modification or exception to this Order.

27.    <u>Interim Applicability</u>.    Until such time as this Stipulated Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

SO ORDERED THIS _2/_ day of ___*May*_____, 2007.


_____
UNITED STATES ~~DISTRICT~~ COURT JUDGE
                   *Magistrate*

SO STIPULATED:

MORRIS, NICHOLS, ARSHT          MORRIS JAMES LLP
  & TUNNELL LLP


*/s/ Maryellen Noreika* _____          */s/ Richard K. Herrmann* _____
Jack B. Blumenfeld (#1014)          Richard K. Herrmann (#405)
Maryellen Noreika (#3208)           500 Delaware Avenue
1201 N. Market Street               Suite 1500
P.O. Box 1347                       P.O. Box 2306
Wilmington, DE  19899-1347          Wilmington, DE 19899-2306
(302) 658-9200                      (302) 888-6800


*Attorneys for Plaintiff*             *Attorney for Defendant*
  *Venetec International, Inc.*         *Nexus Medical, LLC*


*Of Counsel*                          *Of Counsel*

Steven C. Cherny                    Scott R. Brown
Hassen A. Sayeed                    Jennifer C. Bailey
LATHAM & WATKINS LLP                HOVEY WILLIAMS LLP
885 Third Avenue, Suite 1000        2405 Grand Boulevard, Suite 400
New York, NY 10022-4834             Kansas City, MO 64108
(212) 906-1200                      (816) 474-9050

Maximilian A. Grant
David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200


May 18, 2007

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VENETEC INTERNATIONAL, INC.              )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        C.A. No. 07-57 (***)
                                         )
NEXUS MEDICAL, LLC                       )
                                         )
                Defendant.               )

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ _____, declare and state under penalty of perjury that:

1.    My present residential address is _____ _____ _____.

2.    My present employer is and the address of my present employer is _____

_____ _____ _____ _____.

3.    My present occupation or job description is _____ _____.

4.    I have received and carefully read the Stipulated Protective Order dated _____

and understand its provisions. Specifically, I understand that I am obligated, under order of the

Court, to hold in confidence and not to disclose the contents of anything marked

CONFIDENTIAL or HIGHLY CONFIDENTIAL to anyone other than the persons permitted by

paragraphs 4-6 of the Stipulated Protective Order. I further understand that I am not to disclose

to anyone other than the persons permitted by paragraphs 4-6 of the Stipulated Protective Order

any words, substances, summaries, abstracts or indices of any CONFIDENTIAL or HIGHLY

CONFIDENTIAL information disclosed to me. I will use the CONFIDENTIAL or HIGHLY

CONFIDENTIAL information solely for purposes relating to the above-captioned litigation. I

will never use any CONFIDENTIAL or HIGHLY CONFIDENTIAL information, directly or

indirectly, in competition with the disclosing party, nor will I knowingly permit others to do so.

In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order, including paragraphs 4-6.

5.      At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or by whom I have been retained, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Executed on:  _____ _____          _____ _____

                                                             Signature