IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-57 (***) |
| v. | ) | |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS
PENDING REEXAMINATION OF U.S. PATENT NO. 6,447,485 BY THE
UNITED STATES PATENT AND TRADEMARK OFFICE**

Plaintiff Venetec International, Inc. ("Venetec") hereby moves for entry of an Order, in the form attached hereto as Exhibit A, extending until August 3, 2007 its time to oppose the "Motion To Stay All Proceedings Pending Reexamination Of U.S. Patent No. 6,447,485 By The United States Patent And Trademark Office" filed by defendant Nexus Medical, LLC ("Nexus") on June 25, 2007. (D.I. 40).

Venetec filed this action five months ago – on January 29, 2007 – alleging infringement of two United States patents: U.S. Patent Nos. 6,213,979 ("the '979 patent") and 6,447,485 ("the '485 patent"). (D.I. 1). A scheduling conference was held on April 26, 2007. An agreed-upon Scheduling Order was entered on April 27, 2007. (D.I. 23). That Order set the deadline for joinder of parties at September 7, 2007 and the fact discovery cutoff at February 15, 2008. During the negotiation of the Order and the conference with the Court, Nexus never mentioned any plans to seek a reexamination or a stay of proceedings. Thereafter, on May 4, 2007, the parties exchanged Initial Disclosures. (D.I. 26 – 27). The parties have also served and responded to document requests and interrogatories. (D.I. 33 – 34). Each party's interrogatory

responses included its proposed constructions of claim terms and its detailed contentions regarding infringement/non-infringement.

Then, on June 25, 2007, Nexus requested reexamination of one of the patents at issue in this case – the '485 patent. On the same day, Nexus filed a motion and supporting papers requesting that all proceedings in this case – including those involving the '979 patent – be stayed pending the Patent Office's reexamination of the '485 patent. Under the Local Rules, Venetec's response to that motion is due on July 10, 2007.

Venetec has requested an extension until August 3 to respond to Nexus' motion. The requested extension was based primarily on the schedules of Venetec's counsel, including an appellate argument and a trial in this Court in mid-July, as well as long-scheduled vacation plans. Nexus declined to agree to that extension, agreeing only to an extension of one week – until July 17, 2007. Nexus stated that it would agree to an additional extension only if Venetec would agree to stay all discovery until its motion is decided. In essence, Nexus wants its stay motion granted in exchange for a short extension of time for a brief.

The offered one-week extension is insufficient. Nexus' motion to shut down this case indefinitely is obviously important. Venetec's counsel needs time to review Nexus' motion papers and prepare an appropriate response, but has significant scheduling constraints in doing so, given other professional and personal commitments throughout July.

Moreover, there is no prejudice to Nexus from an additional two and one-half week extension. Nexus waited five months after this case was filed to request reexamination on one of the two patents-in-suit. During that five months, it agreed to a schedule for discovery to go forward without mentioning reexamination or stay. There is no basis now to rush briefing on Nexus' stay request simply because it has decided it no longer wishes to participate in this case

2

or to abide by the schedule to which it agreed two months ago. This is particularly true given that stays pending reexaminations are not the *de facto* standard in this district. *See, e.g., Centillion Data Systems, LLC v. Avolent, Inc.*, C.A. 05-712-JJF (D. Del. Apr. 24, 2006) (Exh. B); *ArthroCare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR (D. Del. Nov. 27, 2002) (Exh. C).

In light of the circumstances, an extension until August 3, 2007 is warranted and Venetec respectfully request that the Court enter the attached order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

*Of Counsel*:

Steven C. Cherny
Hassen A. Sayeed
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Maximilian A. Grant
David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC  20004
(202) 637-2200

June 29, 2007

3

## 7.1.1 CERTIFICATE

I hereby certify that counsel for the parties have conferred concerning the subject

matter of the foregoing, but have not been able to reach agreement.

_____
Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Herrmann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on June 29, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Richard Herrmann, Esquire
Mary Matterer, Esquire
Morris, James, Hitchens & Williams
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

**BY ELECTRONIC MAIL**
**and FEDERAL EXPRESS**

Scott R. Brown, Esquire
Jennifer C. Bailey, Esquire
Hovey Williams LLP
2405 Grand Boulevard
Suite 400
Kansas City, MO  64108

_____
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-57 (***) |
| v. | ) | |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This _____ day of _____, 2007, IT IS ORDERED that the time in which plaintiff may respond to Defendant's Motion To Stay All Proceedings Pending Reexamination Of U.S. Patent No. 6,447,485 By The United States Patent And Trademark Office is extended until August 3, 2007.

_____
United States Magistrate Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CENTILLION DATA SYSTEMS, LLC,  :
a Delaware Corporation,        :
                               :
        Plaintiff,             :
                               :
                               :
    v.                         : Civil Action No. 05-712-JJF
                               :
AVOLENT, INC.,                 :
a Delaware Corporation,        :
                               :
        Defendant.             :

<u>MEMORANDUM ORDER</u>

Pending before the Court is Avolent Inc.'s Motion To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6). For the reasons discussed, the Motion will be denied.

I.    BACKGROUND

On May 5, 2005, a third-party filed a reexamination request with the United States Patent and Trademark Office ("USPTO"), which alleged that two pieces of prior art made three independent claims of U.S. Patent No. 5,287,270 ("the '270 patent") unpatentable. On June 26, 2005, the USPTO granted the reexamination request, concluding that the "prior art raised a substantial new question of patentability." (D.I. 6 at 1).

At the time the reexamination request was filed, Plaintiff Centillion Data Systems ("Centillion") was involved in litigation with Convergys Corporation, Qwest Communications International, and Qwest Corporation (collectively, "Qwest") in the District Court for the Southern District of Indiana. Following the

USPTO's granting reexamination, Qwest renewed a motion to stay. The court denied the motion to stay, suggesting Qwest filed the request for reexamination and concluding that this was yet another dilatory tactic by Qwest.  Centillion Data Systems, LLC v. Convergys Corp., 2005 WL 2045786, at *1 (S.D. Ind. Aug. 24, 2005).

On September 30, 2005, Centillion filed its Complaint against Defendant Avolent, Inc. ("Avolent") alleging infringement of the '270 patent.  Avolent requested that Centillion voluntarily agree to a stay in the instant lawsuit pending the outcome of the reexamination.  Centillion refused this request and Avolent filed the instant motion to stay.

II. DISCUSSION

The decision to grant or deny a stay is within the court's broad range of discretionary powers.  Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990)(citations omitted).  While the Court is aware that the case is in its initial stages and that a reexamination could narrow the issues, the Court concludes that a stay will not substantially assist resolution of the issues.  The Court concludes that there is a substantial risk of prejudice to Centillion, given the findings of the Indiana Court.  After considering these findings, the Court is persuaded that the lead of the Indiana Court should be followed.  Accordingly, the Court will deny Avolent Inc.'s Motion

2

To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Avolent Inc.'s Motion To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6) is **DENIED**.

2. Avolent shall file its Answer no later than twenty (20) days from the date of this Order.

April **24**, 2006

_____
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTHROCARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 01-504-SLR |
| | ) | |
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of November, 2002, having

reviewed the papers submitted by the parties in connection with

various motions filed by defendant;

IT IS ORDERED that defendant's motion to stay pending

reexamination (D.I. 187) is denied, for the reasons that follow:

1.    The United States Court of Appeals for the Federal

Circuit recognizes that "[c]ourts have inherent power to manage

their dockets and stay proceedings . . ., including the authority

to order a stay pending conclusion of a PTO reexamination."

Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)

(citations omitted).  Courts clearly have the authority to order

their cases to trial.

2.    The Federal Circuit also has recognized that patent

litigation in a district court and reexamination proceedings

before the PTO do not implicate a "precise duplication of effort"
because "litigation and reexamination are distinct proceedings,
with distinct parties, purposes, procedures, and outcomes."  Id.
at 1427.

          3.  Given the court's view that its primary purpose is
to manage litigation in an expeditious manner in order to create
an appropriate record (through motion practice or trial) for
review by the Federal Circuit, the court generally will not stay
its cases pending reexamination proceedings absent extraordinary
circumstances.  In this case, where only one of the three patents
is undergoing reexamination, where the patents at issue relate to
an evolving and highly competitive market, and where the
reexamination proceedings to date have not been conducted with
what the court would consider "special dispatch", the court
declines to find this an exceptional case warranting a stay.  The
court understands that, prior to trial, the PTO may issue rulings
that will need to be considered, thus causing some inefficiencies
in the pretrial and trial process.  Nevertheless, the court
concludes that such inefficiencies are an inherent byproduct of
concurrent litigation and reexamination and, therefore, do not
constitute exceptional circumstances justifying a stay of the
litigation at bar.

2

IT IS FURTHER ORDERED that defendant's motion to bifurcate willfulness and damages and to stay discovery (D.I. 107) is granted.  Discovery on the issues of willfulness and damages will be stayed until after the verdict on infringement and invalidity has been returned; these issues will be tried to a new jury.

IT IS FURTHER ORDERED that defendant's claim of privilege pertaining to redactions in certain documents (D.I. 190) is denied.  The court finds that the information redacted is equivalent to the information required to be included in a privilege log, and thus not privileged information.

IT IS FURTHER ORDERED that defendant's second motion for leave to amend answer and counterclaim (D.I. 111) is granted. However, discovery and trial of defendant's newly added counterclaim for antitrust violations are stayed consistent with the above ruling on the issues of damages and willfulness.

IT IS FURTHER ORDERED that defendant's motion for reargument is denied, as is its motion to strike.  (D.I. 160, 172)

_____
United States District Judge

3