IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC.       ) <br> ) <br> Plaintiff,       ) <br> ) <br> v.       ) <br> ) <br> NEXUS MEDICAL, LLC       ) <br> ) <br> Defendant.       ) | C.A. No. 07-57 (***) |

### NOTICE OF SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that Clinical Technology, Inc. has been served with a subpoena *duces tecum* that will require the witness to produce, by July 16, 2007, at 9:00 a.m., the documents described in the subpoena *duces tecum*, a true and correct copy of which is attached to this notice and incorporated by reference.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
(302) 658-9200

*Attorneys for Plaintiff*

*Of Counsel*:

Steven C. Cherny
Clement J. Naples
Hassen A. Sayeed
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Maximilian A. Grant
David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200

July 2, 2007

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 2, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard Herrmann, Esquire
>Mary Matterer, Esquire
>MORRIS JAMES

I also certify that copies were caused to be served on July 2, 2007 upon the following in the manner indicated:

>**BY ELECTRONIC MAIL**
>**and HAND DELIVERY**
>
>Richard Herrmann, Esquire
>Mary Matterer, Esquire
>Morris, James, Hitchens & Williams
>500 Delaware Avenue
>Suite 1500
>Wilmington, DE  19801
>
>**BY ELECTRONIC MAIL**
>**and FEDERAL EXPRESS**
>
>Scott R. Brown, Esquire
>Jennifer C. Bailey, Esquire
>Hovey Williams LLP
>2405 Grand Boulevard
>Suite 400
>Kansas City, MO  64108

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | OHIO |
|---|---|---|

| VENETEC INTERNATIONAL, INC. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| NEXUS MEDICAL, LLC | Case Number:[1]  07-57-*** (D. Del.) |

TO: Clinical Technology, Inc.
1 Corporation Center, Broadview Heights OH 44147

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE  A mutually agreeable location in the Northern District of Ohio | DATE AND TIME  7/16/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*   ATTORNEY FOR PLAINTIFF | DATE  JUNE 25, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Hassen A. Sayeed, Esq.
Latham & Watkins LLP, 885 Third Avenue, New York NY 10022-4834  (212) 906-1200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

### DEFINITIONS

A.  The "Current Litigation" shall mean and refer to the action styled *Venetec International, Inc. v. Nexus Medical, LLC*, Civil Action No. 07-57-*** (D. Del).

B.  "Nexus" shall mean Nexus Medical, LLC and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Nexus, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

C.  "You", "Your" and "Clinical Technology, Inc." shall mean Clinical Technology, Inc. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Clinical Technology, Inc., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

D.  The phrase "the '979 Patent" shall mean and refer to United States Patent No. 6,213,979 entitled "Medical Line Anchoring Systems," issued April 10, 2001.

E.  The phrase "the '485 Patent" shall mean and refer to United States Patent No. 6,447,485 entitled "Medical Line Anchoring System," issued September 10, 2002.

F.  The term "Patents-in-Suit" shall refer to the '979 Patent and/or the '485 Patent, and any and all other patents that may be asserted in the Current Litigation.

G.  The "Accused Product(s)" means and includes all of Nexus's products that you sell, stock or distribute, including the "The Bone® Catheter Securement Device", "The Bone® Catheter Securement Device with Microbore Tubing Holder", "The Bone® Catheter Securement

1

Device (Large Profile)", and "The Bone® Catheter Securement Device (Large Profile) with Microbore Tubing Holder" products.

  H. "All" and "any" shall be construed to mean both any and all.

  I. The connectives "and" and "or" are to be construed both disjunctively and conjunctively in order to bring within the scope of these discovery requests the broadest possible set of responses, including responses that might otherwise be construed to be outside of its scope.

  J. "Communication" means any transmission of information from one person to another, regardless of the medium of communication, and includes, without limitation, both oral and written communication. A document or thing transferred, whether temporarily or permanently, from one person to another is deemed a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

  K. "Concern" or "concerning" means relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, described, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to, or having any logical or factual connection with the subject matter in question.

  N. "Document" includes the original and all non-identical copies of each and every written, recorded, or graphic matter of any and every kind, type, nature, or description, however produced or reproduced, that is or has been in Your possession, custody, control, or to which You have access, including but not limited to all printed and electronic copies of electronic mail, correspondence, internal correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, telegrams, telexes, facsimiles, charts, diaries, letters, notebooks, studies, publications, minutes, books, pictures, drawings, photographs, films, voice or sound

recordings, computer records or data in whatever form they may be stored or kept, computer software in whatever form it may be stored or kept, magnetic recordings, maps, reports, summaries, surveys, statistical compilations, schedules, or any written or recorded materials of any other kind, however stored, recorded, produced or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

O.   "Each" and "every" shall be construed to mean both each and every.

P.   To "identify" a document means to provide the following information regardless of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject matter of the document; (f) the present location of any and all copies of the document in the possession, custody, or control of You; and (g) the names and current addresses of any and all persons who have possession, custody, or control of the document or copies thereof.

T.   "Relate(s) to," "relating to," "refer(s) to," and "referring to" means embodying, identifying, revealing, confirming, comprising, constituting, containing, showing, involving or mentioning, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

U.   "Thing" means any tangible object that is not a document, and includes objects of every kind and nature, including without limitation product samples, devices, models, specimens, magnetic or electronic media, and diskettes.

V.   The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.  No request shall be construed with reference to any other request for purposes of limitation.

2.  Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it" type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.  If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document be destroyed; and, (iv) the reason(s) for its destruction.

4.  All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, produce such documents in that form.

5. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth a part of your response to the request the language deemed to be ambiguous and the interpretation used in responding to the request.

6. If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

(a) For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the documents, the addressees of the document, and any other recipients shown in the document; and, where not readily apparent, the relationship of the author, addressees, and recipients to each other;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made, and where not readily apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7. Each request for documents is continuing in nature. If, after responding to these requests, you obtain or become aware of further documents responsive to any requests, such

documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.

**DOCUMENT REQUESTS**

1. All documents that refer or relate to Your distribution of the Accused Products, including, without limitation, feasibility studies, marketing plans, marketing forecasts, estimates, projections or reports of market share, periodic research and development reports, management reports and/or other periodic reports, and documents referring or relating to Your marketing, efforts to sell, offers for sale, and actual sales.

2. Documents sufficient to determine your sales of the Accused Products.

3. Documents sufficient to identify each of Your potential customers of the Accused Products, including actual customers, purchasers, licensees or resellers.

4. All documents concerning Your business relationship with Nexus relating to the Accused Products, including actual or proposed licenses, sales agreements or distribution agreements between You and Nexus.

5. All documents relating or referring to actual or proposed licenses, sales agreements or distribution agreements between You and Nexus concerning the Accused Products.

6. All documents referring or relating to the distribution, sale, re-sale, or licensing of the Accused Products, including documents relating to all customers, re-sellers, licensees, manufacturing and/or warehousing facilities, and product distribution outlets.

7. All documents concerning the Current Litigation, including all documents that constitute or that refer or relate to communications or meetings between You and Nexus or third-parties concerning the Current Litigation.

8. All documents concerning the Accused Products, including all documents that constitute or that refer or relate to communications or meetings between You and Nexus or third-parties concerning the Accused Products.

9. All documents concerning the Patents-in-Suit, including all documents that constitute or that refer or relate to communications or meetings between You and Nexus or third-parties concerning the Patents-in-Suit and all documents concerning Your first knowledge of the Patents-in-Suit.