# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

July 5, 2007

**VIA ELECTRONIC FILING
AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
  for the District of Delaware
844 King Street
Wilmington, Delaware 19801

      RE:   *Venetec International, Inc. v. Nexus Medical LLC*
              <u>Case No. 1:07-cv-0057</u>

Your Honor:

      Nexus Medical LLC ("Nexus") hereby requests a Protective Order, pursuant to Fed. R. Civ. P. 26(c), postponing discovery while the Court rules on Nexus's Motion to Stay All Proceedings Pending Reexamination of U.S. Patent No. 6,447,485 by the United States Patent and Trademark Office. The Protective Order is necessary to conserve resources of both parties until the Court has ruled on the Motion to Stay. Since Nexus filed its Request for Reexamination, Plaintiff Venetec International, Inc. ("Venetec") has significantly increased its participation in discovery. Nexus strongly believes that any further discovery will be a complete waste of time and resources because of the Request for Reexamination and the invalidating prior art cited by Nexus in the Request. A Protective Order temporarily postponing discovery is a reasonable compromise that will not unduly prejudice Venetec and will allow time for the Court to rule on the Motion to Stay.

      This case was filed on January 29, 2007. Discovery began on April 16, 2007, and is currently scheduled to be completed by February 15, 2008. On June 25, 2007, Nexus filed a Request for Reexamination of the '485 patent by the United States Patent and Trademark Office ("PTO"). On the same day, Nexus filed a motion with this Court to stay the entire case pending the reexamination. The Motion to Stay is currently pending before this Court. Nexus intends within the next two weeks to further file a Request for Reexamination of U.S. Patent No. 6,213,979, which is the remaining Patent-in-Suit.

The Honorable Mary Pat Thynge
July 5, 2007
Page 2

        The Request for Reexamination identifies four prior art references that anticipate or render obvious the claims of the '485 patent. One of the references was never considered by the PTO during its original examination of the '485 patent. As explained in greater detail in the Motion to Stay Pending Reexamination, the PTO cancels all claims of a patent in reexamination 12% of the time and requires the patent owner to amend its claims 64% of the time. The effect of an amendment in this case is significant because claims altered in reexamination can only be asserted against *future* conduct. *See, e.g., Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Thus, if the PTO grants the Request for Reexamination, there is a high probability that this entire action will be moot. Moreover, the PTO grants such requests approximately 91% of the time. (See PTO's Performance and Accountability Report: Fiscal Year 2006, Tables 13A and 13B; D.I. 41, p. 9, Ex. P).

        The only discovery that had taken place when Nexus first informed Venetec of the Request for Reexamination and asked for its consent to the Motion to Stay was the serving of written discovery and responses. Now, within the past two weeks and only after Nexus put Venetec on notice of the Reexamination has Venetec actively begun discovery. It has, since June 25th, served two deposition notices, nine subpoenas *ducus tecum* of third-party distributors for Nexus, additional written discovery, including Requests for Admission and Document Requests, and over thirty thousand pages of documents. It is understandable that the Request for Reexamination puts considerable pressure on Venetec because of the very probable expectation that the claims of the Patents-in-Suit will be cancelled or drastically amended. However, now Nexus is prejudiced by Venetec's sudden interest in active discovery.

        It is inconceivable that Nexus will not be harmed by having to continue discovery. Nexus is a small company with less than eight employees, only three of whom are full-time employees. Nexus anticipates that continuation of discovery during the pendency of its Motion to Stay will likely cost tens of thousands of dollars in attorney time and a significant disruption in the business of this small entity. Moreover, Nexus will now need to deal with each of its third-party distributors who have been served with subpoenas, prepare for depositions, and prepare responses to the second round of written discovery. This will be very expensive and very disruptive to Nexus.

        Nexus views this sudden ramp-up in discovery activity as a cynical attempt by Venetec to interfere with Nexus and its partners in the marketplace. Nexus spent a great deal of attorney time in reviewing hundreds of prior art references and preparing the eighty-eight page Request for Reexamination. The prior art cited in the Request is very strong, and Nexus firmly believes that any discovery that takes place now will be completely mooted by the reexamination. For Venetec to continue litigating patent claims that will likely be ruled unpatentable by the PTO borders on bad faith, especially considering the aggressiveness that Venetec has shown only since Nexus informed Venetec of the Reexamination.

The Honorable Mary Pat Thynge
July 5, 2007
Page 3

There is good cause to postpone discovery in this case because neither the Court nor the parties should expend additional resources when there is a high probability that the asserted patent claims will not survive the reexamination process in their current state. Because the administrative proceedings before the PTO may moot or resolve the issues presented in this case, the law firmly recommends staying this action as a prudential matter pending conclusion of the PTO's review of the '485 patent. *See Pegasus Development Corp., L.L.C. v. DirecTV, Inc.*, No. Civ.A. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003).

Moreover, Fed. R. Civ. P. 26(c) specifically permits the Court to issue an order protecting the parties from "undue burden or expense." FED. R. CIV. P. 26(c); *see also, Crawford – El v. Britton*, 523 U.S. 574, 598 (1998); *Heron v. Potter*, No. CIV A 03-313-JJF, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006); *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D. Ill. May 12, 2006). A temporary stay of discovery at this juncture until the court rules on the Motion to Stay of the proceedings is appropriate.

Nexus requests that the protective order remain in effect only until the Court rules on Nexus's Motion to Stay All Proceedings Pending Reexamination of U.S. Patent No. 6,447,485 by the United States Patent and Trademark Office. Briefing on the Motion to Stay is presently scheduled to be completed by mid-July. Even if the Court ultimately denies the Motion to Stay Pending Reexamination and does so in the normal course, the entry of a protective order until such a decision is made should not delay trial of this case. No trial date or date for a pre-trial conference has been set and no judge has been assigned. Moreover, discovery is not set to close until February 15, 2008, and there is no deadline set for expert discovery. There is no practical need for any discovery prior to the resolution of the Motion to Stay Pending Reexamination.

For the forgoing reasons, Nexus requests the Court order postponement of discovery until the Court has ruled on the pending Motion to Stay.

Respectfully,

*Mary Matterer*
Mary B. Matterer

cc:   Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
      Maximilian A. Grant, Esq. (via electronic filing)
      Jack B. Blumenfeld, Esq. (via electronic filing)