IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC. <br><br> Plaintiff, <br><br> v. <br><br> NEXUS MEDICAL, LLC <br><br> Defendant. | Case No.: 07-CV-0057 *** |

**NEXUS MEDICAL LLC'S OPPOSITION TO VENETEC INTERNATIONAL, INC.'S MOTION FOR AN EXTENSION OF TIME TO REPLY TO NEXUS' MOTION TO STAY ALL PROCEEDINGS PENDING REEXAMINATION OF U.S. PATENT NO. 6,447,485 BY THE UNITED STATES PATENT AND TRADEMARK OFFICE**

I.  INTRODUCTION

Venetec seeks an extension of time from July 10, 2007, until August 3, 2007, to reply to Nexus's Motion to Stay All Proceedings. When Venetec requested from Nexus whether it consented to the extension of time, Nexus offered to agree to the extension if Venetec would agree to a temporary suspension of discovery until the Court ruled on the Motion to Stay. When Venetec refused to agree to this condition, Nexus still offered, without any conditions, a one-week extension. Nexus believes its actions are reasonable and fair, especially considering Venetec's sudden ramp-up of discovery since being advised of the Reexamination and the prior art that invalidates the Patents-in-Suit.

Nexus's requested compromise of a temporary suspension of discovery is proportionate given that the Court's ruling on the Motion to Stay is postponed by Venetec's request for an extension of time. Because Nexus believes that Venetec is doing all that it can to increase the burden of the lawsuit on Nexus until the Court rules on the Motion to Stay, and consequently

impair or completely hamper Nexus's ability to compete in the marketplace, Nexus vigorously opposes the extension of time.

## II. ARGUMENT

Venetec offers several reasons why it should be granted the extension of time, none of which are persuasive. Venetec first argues that it cannot reply to the Motion to Stay because of personal and professional commitments extending through July. Nexus, of course, recognizes and respects previous commitments but questions why Venetec needs the extension of time but otherwise refuses a suspension of discovery during the extended time. Venetec submitted no supporting declaration nor was it specific in its moving papers regarding which counsel for Venetec has the time conflict.

Venetec's counsel is one of the world's largest law firms, and six attorneys are listed as counsel on the case. Venetec's main argument is that of six attorneys, apparently none has the time to prepare a reply to the Motion to Stay. Most significantly, Venetec does not state that its lead counsel has this conflict.

In response to Venetec's alleged time constraints, Nexus notes that since the time that Nexus filed its Motion to Stay on June 25, 2007, Venetec has propounded the following discovery:

  (1) A First Set of Requests for Admission Served June 28, 2007 (D.I. 43);

  (2) A Second Set of Requests for Production of Documents and Things Served June 28, 2007 (D.I. 43);

  (3) Eight Subpoenas *Duces Tecum* Served July 2, 2007 (D.I. 45-52);

  (4) A Ninth Subpoena *Duces Tecum* Served July 3, 2007 (D.I. 53); and

>   (5)   A Third Set of Requests for Production of Documents and Things Served July 6, 2007 (D.I. 55).

This discovery obviously took attorney time to prepare. Moreover, Venetec has noticed two depositions for July 18 and 19 (D.I. 38-39), which will also take considerable attorney time to prepare for and take. It is difficult to believe that Venetec's counsel has time to prepare discovery and participate in depositions throughout July, but Venetec does not have time to prepare a reply to the Motion to Stay within the same time. Nexus again views the Motion for Extension of Time as a dilatory measure taken to extend discovery for as long as possible so as to increase the burden of this lawsuit on Nexus. This is even more evident given Nexus's suggested compromise of a temporary suspension of discovery and Venetec's refusal of such.

Venetec is wrong when it argues that there is no prejudice to Nexus from the requested extension. Venetec wants to continue discovery throughout July, including two depositions. Discovery costs attorney time, employee time, and money, each of which is a waste to Nexus. Venetec refuses to suspend discovery for a short time until the Court rules on the Motion to Stay, even given the very high probability that such discovery will be meaningless once the Patents-in-Suit are reexamined.

Venetec's argument that there is no prejudice because Nexus waited five months to file its Request for Reexamination is meritless. First, Nexus spent considerable attorney time preparing the Request. Nexus's counsel reviewed over one hundred thirty prior art references and prepared an eighty-eight page Request for Reexamination of the '485 patent. This took many tens of hours of attorney time to accomplish. Second, Venetec only began active discovery in the past three weeks and only after Nexus informed Venetec of its intent to file the Request for Reexamination. Venetec's argument that Nexus is not prejudiced by the extension

of time is equally applicable to Venetec – Venetec is also not prejudiced by a short suspension of discovery given that it only started active discovery in the past three weeks. Venetec argues that there is no basis to rush briefing, but it can also be said that there is no basis to rush discovery. There is no assigned judge and fact discovery does not end until February 15, 2008.

Venetec also repeatedly complains that Nexus never informed Venetec or the Court of its intent to file the Request for Reexamination. The decision to file a Request for Reexamination required a great deal of investigation and Nexus was under no obligation to inform Venetec that it was contemplating such a request. Certainly Venetec has not shared its own litigation strategy with Nexus or the Court.

Finally, Venetec cites two cases for the proposition that a stay pending reexamination is not the *de facto* standard. On its face, such is a true statement. However, the great weight of authority cited in Nexus's Motion to Stay is contrary and an examination of both of the cases shows that neither is applicable to the facts of the present case. In *Centillion Data Systems, LLC v. Avolent, Inc.*, No. C.A. 05-712-JJF (D. Del. April 24, 2006), the refusal to grant a stay was because the Request for Reexamination was filed by a third-party in a separate lawsuit involving the plaintiff, and in that separate lawsuit, the Court had found that the Request was filed as "yet another dilatory tactic by [the third-party]." Such is not the case here.

In the second case cited, *ArthoCare Corp. v. Smith & Nephew, Inc.*, No. C.A. 01-504-SLR (D. Del. Nov. 27, 2002), none of the Court's reasons for denying the stay are applicable in the present case. Within the next two weeks, Nexus intends to file a second Request for Reexamination on the other Patent-in-Suit, the '979 patent, thus making both Patents-in-Suit the subject of reexamination. Second, securement devices for catheters is not an "evolving and highly competitive market." Such securement devices have been around for at least twenty

years, as evidenced by the anticipatory references cited in the Request for Reexamination. Third, Nexus requested in its Request for Reexamination that the U.S. Patent Office conduct the reexamination with special dispatch, and there is no indication that the U.S. Patent Office is doing otherwise.

### III.  CONCLUSION

For the forgoing reasons, Nexus respectfully requests that Venetec's Motion for an Extension of Time be denied.

Date:  July 9, 2007

*/s/ Mary Matterer*
_____
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone:  302-888-6800
Facsimile:  302-571-1750
mmatterer@morrisjames.com

Of Counsel:
Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T:  816-474-9050
F:  816-474-9057

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM-PLAINTIFF NEXUS MEDICAL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2007, I electronically filed the following document, **NEXUS MEDICAL LLC'S OPPOSITION TO VENETEC INTERNATIONAL, INC.'S MOTION FOR AN EXTENSION OF TIME TO REPLY TO NEXUS' MOTION TO STAY ALL PROCEEDINGS PENDING REEXAMINATION OF U.S. PATENT NO. 6,447,485 BY THE UNITED STATES PATENT AND TRADEMARK OFFICE**, with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Jack B. Blumenfeld (#1014)
> Maryellen Noreika (#3208)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> Wilmington, DE 19899-1347

Additionally, I hereby certify that on the same date, the foregoing document was served via email and hand delivery on the above counsel and also via email and Federal Express on the following non-registered participants:

| | |
|---|---|
| Steven C. Cherny | Maximilian A. Grant |
| LATHAM & WATKINS LLP | LATHAM & WATKINS LLP |
| 885 Third Avenue, Suite 1000 | 555 Eleventh Street, Suite 1000 |
| New York, NY 10022-4834 | Washington, DC 20004 |
| (212) 906-1200 | (202) 637-2200 |

 

                                        /s/ Mary B. Matterer
                                      Mary B. Matterer
                                      MORRIS JAMES LLP
                                      500 Delaware Avenue, Suite 1500
                                      Wilmington, Delaware 19801-1494
                                      Telephone: 302-888-6800
                                      mmatterer@morrisjames.com

# ATTACHMENT

Pullan, Theresa

| | |
|---|---|
| **From:** | Matterer, Mary B. |
| **Sent:** | Wednesday, June 27, 2007 6:47 PM |
| **To:** | 'Blumenfeld, Jack' |
| **Cc:** | 'Scott Brown' |
| **Subject:** | RE: Venetec v. Nexus |
| **TimeMattersID:** | M982F99769A3C870 |
| **TM Matter No:** | 112206-0001 |
| **TM Matter Reference:** | Venetec v. Nexus Medical (vacant judgeship) |

Jack:

I am authorized to agree to an extension of one week - until July 17, 2007, for Venetec to respond to the motion to stay filed by Nexus. If Venetec is willing to reciprocate the courtesy by agreeing to stay discovery until the motion to stay has been decided we would be willing to consider an additional extension of the briefing schedule, but I understood you to tell me that Nexus would not agree to such reciprocity. Under those circumstances, Nexus would be unduly prejudiced by a delay in briefing because of the burden discovery imposes which may be avoided if the case is stayed. We are nonetheless willing to agree to the one-week extension as a professional courtesy.

Mary

---

# Morris James LLP

**Mary B. Matterer**
Attorney at Law
mmatterer@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494
Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306
T 302.888.6960     F 302.571.1750

www.morrisjames.com

---

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
**From:** Blumenfeld, Jack [mailto:JBlumenfeld@MNAT.com]
**Sent:** Tuesday, June 26, 2007 11:41 AM
**To:** Matterer, Mary B.
**Subject:** Venetec v. Nexus

Mary -- Can we get an extension until August 3 to respond to Venus' stay motion? If you want to discuss, please give me a call.

Jack

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.