# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

July 10, 2007

The Honorable Mary Pat Thynge                                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 18901

    Re:    *Venetec International, Inc. v. Nexus Medical, LLC*
           C.A. No. 07-57 (\*\*\*)

Dear Judge Thynge:

        Plaintiff Venetec International, Inc. ("Venetec") opposes defendant Nexus's July 5, 2007 request to stay discovery pending the Court's consideration of its motion to stay all proceedings. (D.I. 40). Nexus seeks, six months into the case, to stop it dead in its tracks by filing a motion to stay that has yet to be fully briefed, much less decided in Nexus' favor.[1] Nexus does so based on its assertions that the "prior art cited in the [reexamination] Request is very strong" and the patent claims "will likely be ruled unpatentable" – *even though*: (1) Nexus only sought reexamination of one of the two patents in suit; (2) three of the four prior art references already were considered by the PTO; and (3) the PTO has not decided whether to grant Nexus' request. Nexus also contends that participating in discovery is too expensive and burdensome – *even though* it has yet to produce a single document in this case. If all that were necessary to stay discovery in a patent litigation was a mere request for reexamination of one asserted patent and an assertion that patent litigation is expensive, very few patent litigations would go forward. Nexus' request should be denied.

        Nexus cites no decision staying discovery *pending* the briefing and consideration of a motion to stay.[2] There is no reason for this Court to change the mutually agreed-upon

---

[1]    Nexus has agreed that Venetec may have until July 17, 2007 to respond to its motion to stay. On June 29, 2007, Venetec filed a motion for an additional extension until August 3 to respond to Nexus' motion to accommodate the schedules of Venetec's counsel.

[2]    The cases cited by Nexus are all inapposite. *See Crawford – El v. Britton*, 523 U.S. 574, 598 (1998) (addressing limiting discovery required by a public official with a qualified immunity defense); *Heron v. Potter*, C.A. No. 03-313-JJF, 2006 WL 3703693, at *1 (D. Del. October 23, 2006) (granting protective order because topics noticed for Rule 30(b)(6) deposition were not set forth with "reasonable particularity" and sought legal conclusions); *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D. Ill. May 12, 2006) (denying request to modify protective order on confidentiality).

The Honorable Mary Pat Thynge
July 10, 2007
Page 2

Scheduling Order, (D.I. 23), which may only be done "upon a showing of good cause." FED. R. CIV .P. 16(a). Nexus has failed to establish "good cause" necessary to change the schedule.

First, Nexus has only requested reexamination of one of the two patents-in-suit, the '485 patent. The PTO has not yet decided, much less granted, that request. Even *if* the PTO grants Nexus' request, it is not a *fait accompli* that all claims will be cancelled. Indeed, three of the four prior art references *already were considered by the* PTO. Moreover, stays pending reexaminations are not the standard in this district – they are the exception. *See, e.g., Centillion Data Sys., LLC v. Avolent, Inc.*, C.A. 05-712-JJF (D. Del. Apr. 24, 2006); *ArthroCare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR (D. Del. Nov. 27, 2002).

Second, although Nexus says it "intends" to file a request for reexamination of the second patent-in-suit (the '697 patent), it has not done so. Nexus fails to explain its decision to separately seek reexamination on the '697 patent, weeks *after* moving for a stay. That unmade request thus appears more like an after-the-fact tactical decision intended to bolster Nexus' effort to stop this case from moving forward rather than an effort to have the PTO consider Nexus' invalidity contentions on the merits.

Third, Venetec recently has received a Notice of Allowance of a new patent, a continuation of the '697 patent. Venetec was informed that the new patent will issue on July 24, 2007, as U.S. Patent No. 7,247,150. (*See* Ex. A, Issue Notification.) Shortly thereafter, Venetec will amend its Complaint to assert infringement of the '150 patent here. **All four of the prior art references Nexus cites in its reexamination request have been considered by the PTO in the related '150 patent.** The '150 patent action will go forward and the most efficient and cost effective way to proceed is for discovery relating to that patent and the related patents to go forward together.

Strangely, Nexus argues that Venetec's desire to proceed in accordance with the agreed-on schedule entered by the Court "borders on bad faith ..." and that Venetec's discovery efforts are a "cynical attempt ... to interfere with Nexus and its partners in the marketplace." Nexus' *ad hominem* arguments aside, it is Nexus' course of conduct that seems "cynical." For five months, Nexus participated in this case, including by asserting counterclaims, without raising the specter of reexamination. It agreed to a schedule for discovery and served its own written discovery, including contention interrogatories and document requests. Discovery is now moving, in the normal course, into preliminary depositions and document subpoenas to third parties and all of the sudden Nexus has declared that it has discovered prior art (much of which already was before the PTO) that requires this Court to stay discovery and all proceedings because it belatedly seeks a reexamination. Nexus is in no position to question Venetec's good faith.

The credibility of Nexus' claim of poverty is belied by the facts. Despite its alleged lack of resources to litigate this case, it had sufficient resources to conduct prior art searches, to engage lawyers to prepare requests for reexamination and to participate in proceedings before the PTO that are likely to continue for the next two years or longer. Nexus's plea that the Court should act without full briefing because discovery is becoming "very expensive and very disruptive to Nexus" also rings hollow. Contrary to Nexus' assertion of

The Honorable Mary Pat Thynge
July 10, 2007
Page 3

burden, to date Venetec has served narrow and focused discovery requests. To date, Venetec has served: sixteen interrogatories; two requests for admission; two deposition notices; and sixty-eight document requests. This hardly constitutes "unduly burdensome" discovery in a patent infringement case.

The question of why Nexus would wait five months is perhaps answered by the final concern raised by its request for reexamination. The Protective Order entered by the Court (D.I. 32) explicitly precludes litigation counsel participating in patent prosecution until two years after entry of final judgment because such counsel have access to their opponent's confidential information.[3] Such provisions are often termed a "prosecution bar" and, in this case, the terms of the prosecution bar were carefully negotiated by the parties. Venetec has provided confidential information to Nexus in the form of "Confidential" interrogatory responses and "Highly Confidential" documents. Nevertheless, Nexus' reexamination request for the '485 patent was filed in the names of two of the three Nexus' lawyers *who are barred by this Court's Order* from participating in such activities. The prosecution bar is intended to prevent, for example, a party from forming invalidity contentions (which, in turn, forms the basis for a request for reexamination) while at the same time considering confidential infringement contentions (or other confidential information) produced in a litigation. Nevertheless, that is what appears to have occurred.[4]

Nexus' request for the unusual relief of an emergency stay pending consideration of its motion for a stay should be denied.

Respectfully,

/s/ Maryellen Noreika

Maryellen Noreika (#3208)

MN/dlb
Enclosures
cc:  Clerk of Court (Via Hand Delivery; w/ encl.)
     Mary B. Matterer, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
     Scott R. Brown, Esquire (Via Electronic Mail; w/ encl.)
     Jennifer C. Bailey, Esquire (Via Electronic Mail; w/ encl.)

---

[3] Participation in a reexamination is patent prosecution. *See, e.g., Grayzel v. St. Jude Med., Inc.*, 2005 U.S. App. LEXIS 28690 (Fed. Cir. 2005) (upholding an injunction to enforce a protective order where a party requested patent reexamination) (unpub.); *Visto Corp. v. Seven Networks, Inc.*, 2006 U.S. Dist. LEXIS 91453, *21 (E.D. Tex. 2006) (rejecting "Visto's primary argument is that a reexamination proceeding is not a new or currently pending patent application and is therefore not covered by the prosecution bar based on "prosecution bar contained in a Protective Order"); *MercExchange, LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 622 (E.D. Va. 2006) ("[T]he court also concludes that the spirit of the protective order suggests that experts who accessed eBay's confidential information should not be participating in the PTO reexamination of the very patents that constituted the core of the litigation such experts were involved.").

[4] Venetec has asked Nexus to resolve the issue. (*See* Ex. B, Grant 7/9/07 ltr. to Brown.) If Nexus does not do so, Venetec will raise it with the Court. (*Id.* at 2).

# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/204,586 | 07/24/2007 | 7247150 | VINTL.26FCPD1CC | 3904 |

20995           7590           07/04/2007
KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Steven F. Bierman, Del Mar, CA;

IR103 (Rev. 11/05)

# EXHIBIT B

Maximilian Grant
Direct Dial: 202-637-2267
max.grant@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +202.637.2200 Fax: +202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

July 9, 2007

**BY FACSIMILE AND OVERNIGHT MAIL**

Scott R. Brown
HOVEY WILLIAMS LLP
2405 Grand Boulevard
Suite 400
Kansas City, MO 64108

File No. 038589-0008

Re: *Venetec v. Nexus*, No. 07-CV-0057***

Mr. Brown:

I write regarding the Stipulated Protective Order issued by the Court on May 21, 2007 in our case, and Nexus Medical LLC's ("Nexus") subsequent Request for *Inter Partes* Reexamination of the '485 patent. After we carefully and explicitly discussed Venetec's concerns about the improper use of confidential information by attorneys involved in patent prosecution, negotiated those provisions and had the Court enter such provisions into a binding Order, you have violated them.

The Protective Order strictly bars "Litigation Staff" (identified as you, Ms. Bailey and Mr. Walters) from participating in patent prosecution activities. Specifically,

> Such listed Litigation Staff identified in Paragraph 5(b) must sign a declaration stating that they will not participate, directly or indirectly, in any subsequent patent prosecution for any part for at least two (2) years from entry of final judgment in this action, with a copy of such declaration to be provided to opposing counsel within ten (10) days of entry of this protective order.

Stip. Protective Order at ¶ 5(b).

Notwithstanding this express prohibition, you and Ms. Bailey have violated the Order by apparently drafting and filing Nexus' Request for *Inter Partes* Reexamination of the '485 patent.[1] A request for reexamination constitutes engaging in patent prosecution. *See, e.g., Grayzel v. St. Jude Med., Inc.*, 2005 U.S. App. LEXIS 28690 (Fed. Cir. 2005) (upholding an

---

[1] All three listed attorneys have further violated the Protective Order by failing to provide the necessary declarations within the time period called for by the Order.

injunction to enforce a protective order where a party requested patent reexamination). In fact, courts regularly find such conduct to violate protective orders with prosecution bars, like the Order in this case:

> Visto's primary argument is that a reexamination proceeding is not a new or currently pending patent application and is therefore not covered by the prosecution bar... . This court has squarely rejected arguments to the contrary, made in the context of a prosecution bar contained in a Protective Order.

*Visto Corp. v. Seven Networks, Inc.*, 2006 U.S. Dist. LEXIS 91453 at *21 (E.D. Tex. 2006) (citations omitted); *see also MercExchange, LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 622 (E.D. Va. 2006) ("[T]he court also concludes that the spirit of the protective order suggests that experts who accessed eBay's confidential information should not be participating in the PTO reexamination of the very patents that constituted the core of the litigation such experts were involved.").

Both yourself and Ms. Bailey have been provided confidential Venetec information. Specifically, Venetec's preliminary claim construction positions and infringement contentions are prominently marked as "Confidential" pursuant to the Protective Order. In addition, we have produced numerous sensitive documents designated as "Highly Confidential" under the Protective Order in response to Nexus' document requests. It is precisely such information that the prosecution bar is intended to pertain to, and Nexus is not permitted to use or consider such confidential information in, for example, forming the invalidity contentions set forth in its Request for *Inter Partes* Reexamination of the '485 patent.

*First*, we require that you confirm whether Mr. Walters participated, "directly or indirectly" in Nexus' submission of its Request for *Inter Partes* Reexamination of the '485 patent. *Second*, we require that yourself and Ms. Bailey (as well as Mr. Walters, if appropriate) withdraw as counsel of record in *both* Nexus' Reexamination request and this litigation by filing appropriate papers with the PTO and the Court no later than July 13, 2007.

If we do not receive confirmation of such withdrawals being filed by 5:00 p.m. on that date, we will move for disqualification based on your violation of the express provisions of Paragraph 5(b) of the Protective Order.

Truly yours,

Maximilian A. Grant
LATHAM & WATKINS LLP
Attorneys for Plaintiffs

cc:   Service List