**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

VENETEC INTERNATIONAL, INC.

Plaintiff,

v.

NEXUS MEDICAL, LLC

Defendant.

C.A. No.: 07-CV-0057 ***

**NEXUS MEDICAL LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CLARIFY OR AMEND THE STIPULATED PROTECTIVE ORDER**

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: 302-888-6800
Facsimile: 302-571-1750
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T: 816-474-9050
F: 816-474-9057

*ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIM-PLAINTIFF
NEXUS MEDICAL, LLC*

## TABLE OF CONTENTS


I. INTRODUCTION . . . . . . . . . . 1

II. FACTS . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . 4

A. Litigation Counsel Is Not Prosecuting a Patent by Seeking Invalidation of the Claims of Venetec's '485 Patent . . . . . . . . . . 4

B. Venetec's Position Conflicts with the Directives of Congress and Allows for Venetec to Forward Inconsistent Theories in Front of the Patent Office and this Court . . . . . . . . . . 6

C. Venetec's Claimed Confidential Information Was Not Used in the *Inter Partes* Reexamination Request . . . . . . . . . . 7

D. Venetec's Threat of Disqualification Is Out of Proportion with the Alleged Harm . . . . . . . . . . 8

IV. CONCLUSION . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## Statutes

35. U.S.C. § 315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Cases

*Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 WL 16189689 (D. Del. Dec. 19, 1994) . . . . . . 5

*Visto Corp. v. Seven Networks, Inc.*, 2006 WL 3741891 (E.D. Tex. Dec. 19, 2006) . . . . . . . . . . 6

## Treatises

3 JOHN GLADSTONE MILLS III, ET AL., PATENT LAW FUNDAMENTALS § 15.1 . . . . . . . . . . . . . . . . 4

DONALD S. CHISUM AND MICHAEL A. JACOBS, UNDERSTANDING INTELLECTUAL PROPERTY LAW § 2D . . . . . . . . . . . . . . . . 4

DONALD S. CHISUM, ET AL., PRINCIPLES OF PATENT LAW 73 . . . . . . . . . . . . . . . . 4

ROGER E. SCHECHTER AND JOHN R. THOMAS, INTELLECTUAL PROPERTY - THE LAW OF COPYRIGHTS, PATENTS AND TRADEMARKS 422 . . . . . . . . . . . . . . . . 4

# I. INTRODUCTION

In a letter dated July 9, 2007, Plaintiff Venetec International, Inc. ("Venetec") requests the immediate withdrawal of lead counsel for Nexus Medical LLC ("Nexus"), Scott R. Brown and Jennifer C. Bailey of Hovey Williams LLP (collectively "Litigation Counsel"), for alleged violations of the Stipulated Protective Order entered by this Court on May 21, 2007 (D.I. 32). Venetec asserts that Litigation Counsel's preparation of the Request for Reexamination of the '485 patent violates the prosecution bar set forth in the Protective Order. Paragraph 5 of the Order requires that any Litigation Staff for Nexus "will not participate, directly or indirectly, in any subsequent patent prosecution for any party . . . ."

Venetec argues in its letter that Litigation Counsel's preparation of the Request for Reexamination of Venetec's '485 patent is prosecution for Nexus, even though Litigation Counsel's participation in the reexamination is to **invalidate** the claims of Venetec's patent, not procure claims for Nexus. It is commonly understood among the patent bar that "prosecution" of an application means procurement of patent claims. This is exactly the opposite of what Nexus and its Litigation Counsel is attempting to do in the '485 patent reexamination. Needless to say, Venetec's assertion that Litigation Counsel is prosecuting the '485 patent by trying to invalidate its claims is so out of line with the common understanding of "prosecution" as to be absurd. In fact, Nexus has undertaken extensive research and has found no case that supports Venetec's argument that a third-party's participation in a reexamination of a patent constitutes prosecution of the patent by the third party. In all cases where there is a prosecution bar in a protective order, the bar is directed to prosecution of a party's own patents. Nonetheless, because Venetec's letter states that it will move to immediately disqualify Litigation Counsel, Nexus seeks a clarification, and if necessary a

modification, of the Protective Order by this Court that the prosecution bar set forth in Paragraph 5 of the Protective Order does not bar a party's litigation counsel from participating in the reexamination of its opponent's patents.

## II. FACTS

The Court entered a Stipulated Protective Order in this case on May 21, 2007. The Protective Order was negotiated by counsel for both parties and includes what is commonly referred to as a "prosecution bar." Venetec's counsel requested the bar to insure that the Nexus counsel who prosecuted Nexus's patent applications would not have access to Venetec's confidential information produced during the present litigation. The relevant portion of the Protective Order is as follows:

> Such listed Litigation Staff identified in Paragraph 5(b) must sign a declaration stating that they will not participate, directly or indirectly, in any subsequent patent prosecution for any party for at least two (2) years from the entry of final judgment in this action . . . .

(D.I. 32, ¶ 5(b), P. 6). The e-mails exchanged between counsel during negotiations of the prosecution bar set forth at least some of Venetec's rationales for insisting on the prosecution bar. (*See* Declaration of Scott R. Brown in Support of Motion to Clarify ("Brown Dec."), Ex. A, E-Mails Between Maximilian A. Grant and Scott R. Brown Dated May 15, 2007 – May 17, 2007).

In one e-mail regarding the scope of the prosecution bar, Mr. Grant, lead counsel for Venetec, stated "I can envision no reason why a prosecutor *should* be permitted access to any Bard non-public/confidential information. Please promptly provide the basis in writing why **any person prosecuting patents for Nexus** should have access to any Bard nonpublic/proprietary/confidential information[1]." (Emphasis in italics in original; emphasis in bold added). Under no circumstances

---

[1] The reference to "Bard" is a reference to Venetec's parent company, C.R. Bard. (See D.I. 3). Apparently, Mr. Grant views Venetec and Bard as the same company.

did Mr. Brown, Nexus's counsel, ever understand the language of the Protective Order or Mr. Grant's above-quoted comment to prohibit Ms. Bailey and him from preparing the Request for Reexamination. (Brown Dec., ¶ 3). Because Nexus agreed with the premise that a party should not be able to use its opponent's confidential information in procuring patent claims for itself, Nexus agreed to the prosecution bar language in the substantially identical form originally presented by Venetec. (Brown Dec., Ex. B, Draft Protective Order Dated May 15, 2007). Nexus's counsel at the firm of Hovey Williams LLP subsequently set up an ethical wall between its prosecution counsel, who prosecute patent applications for Nexus, and its litigation counsel involved in the present litigation, pursuant to the requirements of Paragraphs 5(c)-(e) of the Protective Order. (Brown Dec., ¶ 4).

As the Court is aware via the pending Motion to Stay All Proceedings, Nexus filed the Request for Reexamination of Venetec's '485 patent on June 25th[2]. (*See* D.I. 41). Nexus's lead counsel prepared the Request. (Brown Dec., ¶ 5). The Request was filed in response to the present litigation and for the purpose of invalidating the claims of the '485 patent via the *inter partes* reexamination procedure of the Patent Office. Venetec even understands such, as its July 9th letter threatening disqualification refers to "the invalidity contentions set forth in [Nexus's] Request for *Inter Partes* Reexamination of the '485 Patent." (Brown Dec., Ex. C, July 9, 2007, Letter from Maximilian A. Grant to Scott R. Brown). There is therefore no dispute that Litigation Counsel's

[2] Nexus indicated in previous correspondence to the Court (D.I. 57) that it intended to file a Request for Reexamination of the other Patent-in-Suit, the '979 patent. The Request, which is almost complete, has been prepared by Litigation Counsel. Because of the present dispute over the Protective Order, Nexus does not believe that it would be prudent to file the Request for Reexamination of the '979 patent until the Court clarifies the prosecution bar of the Protective Order.

participation in the reexamination of the '485 patent is for purposes of invalidating the claims of the Venetec patent and not for purposes of procurement of claims on behalf of Venetec or Nexus.

## III. ARGUMENT

### A. Litigation Counsel Is Not Prosecuting a Patent by Seeking Invalidation of the Claims of Venetec's '485 Patent

The prosecution bar in the present Protective Order bars Litigation Staff, such as Litigation Counsel, from participating in "patent prosecution for any party." (D.I. 32, ¶ 5(b)). "Prosecution" of a patent is commonly understood by the patent bar to entail the act of procuring claims in front of the Patent Office. *See generally* DONALD S. CHISUM AND MICHAEL A. JACOBS, UNDERSTANDING INTELLECTUAL PROPERTY LAW § 2D[1] 2-105 (1999) ("Applicant-PTO examiner dialogue is referred to as 'prosecution.'") (Brown Dec., Ex. D); 3 JOHN GLADSTONE MILLS III, ET AL., PATENT LAW FUNDAMENTALS § 15.1 (2d ed. 2007) ("The granting of patents occurs after an administrative procedure commonly called 'prosecution' before the Patent and Trademark Office . . . .") (Brown Dec., Ex. E); ROGER E. SCHECHTER AND JOHN R. THOMAS, INTELLECTUAL PROPERTY – THE LAW OF COPYRIGHTS, PATENTS AND TRADEMARKS 422 (2003) ("The administrative process through which an inventor acquires a patent from the PTO is known as prosecution.") (Brown Dec., Ex. F); DONALD S. CHISUM, ET AL., PRINCIPLES OF PATENT LAW 73 (3rd ed. 2004) ("The process of obtaining a patent is called *patent prosecution*.") (emphasis in original) (Brown Dec., Ex. G).

Nexus does not dispute that participation ***by a patent owner*** in a reexamination is prosecution of that owner's patent, because the patent owner is attempting to procure claims in front of the Patent Office. What Nexus does dispute is that a third-party requester in a reexamination is "prosecuting" the patent, even though the requester is seeking invalidity of the claims. Venetec's only argument

for supporting its disqualification of Litigation Counsel is that Counsel is prosecuting the Venetec '485 patent by seeking to invalidate the patent's claims via the Request for Reexamination. This argument is unsupported by the cases cited by Venetec in its July 9th letter, by the common understanding of "prosecution of a patent" among the patent bar, and by the spirit of the Protective Order.

Venetec's threat of disqualification is based on a perversion of the usual set of facts for a prosecution bar. The common scenario for a prosecution bar is to prohibit a litigating attorney who receives confidential information during a patent infringement lawsuit from prosecuting the patents of the attorney's own client, and therefore using the confidential information to procure patent claims for the attorney's client, when such patents relate to the same subject matter as the patents involved in the lawsuit. This is not the case here. Instead, Venetec twists the spirit of the prosecution bar by applying it to a scenario where the litigating attorney is not attempting to procure claims for its own client. Nexus's counsel performed extensive research to find a case that has the set of facts presented here. No such case was found, probably for the reason that interpreting "prosecution of any patent" to encompass attempting to invalidate claims is illogical and incongruous.

The cases Nexus did find are all in the vein of the common scenario, where the litigating attorney is also attempting to procure claims for its client. For example, in *Motorola, Inc. v. Interdigital Tech. Corp.*, No. Civ.A. 93-488-LON, 1994 WL 16189689, at * 3 (D. Del. Dec. 19, 1994) (Brown Dec., Ex. H), this Court amended a protective order to prohibit defendant's attorneys who had received confidential information from the plaintiff from prosecuting any of defendant's patent applications relating to the same subject matter. Importantly, the prohibition prevented defendant's counsel from prosecuting ***defendant's*** own patent applications. *Id.* at * 3, 7.

In its July 9th letter, Venetec cites *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006) (Brown Dec., Ex. I), as allegedly supporting its position that Litigation Counsel's preparation of the Request for Reexamination of the '485 patent is prosecution of the patent. The case, however, is distinguishable on the very significant fact that the attorney in that case was participating in the reexamination of ***his client's own patent***. *Id.* For this fact alone, the case is inapposite.

It is notable that in the two other places of the Protective Order that discuss prosecution, both refer to an attorney's prosecution of patents for its client. For example, the first paragraph of Paragraph 5 of the Order states that "[t]o the extent that an outside law firm representing a party in this litigation has also prosecuted patent(s) for that party, . . . the following restrictions will be observed . . . ." This statement clearly refers to an attorney's prosecution of patents for its client, i.e., "that party." (*See also* D.I. 32, ¶ 4(e)).

**B. Venetec's Position Conflicts with the Directives of Congress and Allows for Venetec to Forward Inconsistent Theories in Front of the Patent Office and this Court**

Venetec's assertion that litigation counsel cannot prepare and participate in a Request for Reexamination of an opponent's patent and otherwise participate in parallel litigation regarding the patent violates the public policy of an *inter partes* reexamination. Congress sanctioned an *inter partes* reexamination as a means for an adverse party, such as Nexus, to invalidate a patent, as opposed to litigation in the courts:

> Title V reduces expensive patent litigation in U.S. district courts by allowing third-party requesters to participate minimally in reexamination proceedings in the PTO. Congress enacted legislation to authorize reexamination of patents in the PTO in 1980, but reexamination has been used infrequently since a third party who requests reexamination cannot participate at all in the proceedings. Numerous witnesses have

> suggested that the volume of lawsuits in district courts will be reduced if third parties are given an opportunity to make their case for patent invalidity in the PTO. Title V encourages third parties to rely on reexamination proceedings.

H.R. No. 106-287(I), 106th Cong., 1st Sess. (1999). It therefore follows that Congress expects and desires defendants accused of infringement to take advantage of an *inter partes* reexamination as a means for invalidating claims instead of seeking such in the courtroom. Congress even implemented by statute a provision estopping an accused infringer from asserting arguments for invalidity in a civil suit that it could have raised in an *inter partes* reexamination. 35 U.S.C. § 315(c). Congress thus sanctioned a defendant to choose its forum – either the Patent Office or the courts – for invalidating a patent.

Venetec's threat of disqualification conflicts with the directives of Congress and presents the possibility that prosecution counsel and litigation counsel for the same client would forward different theories and arguments of invalidity in the respective Patent Office and the courts. It cannot be that Congress, by implementing the estoppel provision of § 315(c), contemplated that litigation counsel for a defendant would be restricted from putting forth its best argument in the courts because it was prohibited from otherwise preparing and participating in an *inter partes* reexamination in the Patent Office that sought invalidity of the litigated claims.

### C. Venetec's Claimed Confidential Information Was Not Used in the *Inter Partes* Reexamination Request

Venetec complains in its July 9th letter that it disclosed claim constructions and infringement contentions marked "Confidential" and documents marked "Highly Confidential," and that such confidential information cannot be used by Nexus in forming the invalidity contentions set forth in

the Request for Reexamination[3]. As a preliminary matter, Nexus notes that Venetec is not accusing Nexus of actually using any confidential information in the preparation of the Request for Reexamination because Nexus has not, and Venetec could not point to such. (Brown Dec., ¶ 6). Nexus also notes that it never requested Venetec's claim constructions, and Venetec has not provided such. Therefore, Venetec's blithe assertion that it provided confidential claim constructions is incorrect. Additionally, the "infringement contentions" that Venetec did provide are merely a juxtaposition of the claim language (public information) with pictures of the accused product (public information). In addition to failing to adequately respond to the interrogatory, Venetec cannot actually assert that such opaque responses could be helpful to Nexus in preparing its Request for Reexamination.

More importantly, however, Venetec's threats of disqualification raise the interesting issue of what does Venetec actually believe it can accomplish by marking its "infringement contentions" and alleged claim constructions "Confidential" and raising this issue? Unless Venetec intends to take positions in this litigation that are inconsistent with those taken during the reexamination, there is no need to have designated its alleged claim constructions "Confidential." If it truly has nothing to hide from the Patent Office, then the entire supposed premise of a motion to disqualify seeks a draconian remedy for a harm that cannot by definition occur.

**D. Venetec's Threat of Disqualification Is Out of Proportion with the Alleged Harm**

Venetec's letter threatens disqualification of Nexus's litigation counsel for preparing and filing the Request for Reexamination. This is a severe sanction in response to an action for which

[3] The Protective Order (D.I. 32, ¶ 1(d)) delineates the types of information that can be marked "Confidential," none of which include claim constructions or infringement contentions.

Venetec cannot show any harm. Venetec does not assert any confidential information was used in the preparation of the Request for Reexamination, and as such, what harm has Venetec incurred and is the proportional response really that Nexus's litigation counsel is disqualified? Venetec's threats of disqualification ring of harassment and otherwise divert Nexus from the merits of this lawsuit and unnecessarily increase the cost of this lawsuit to Nexus. At worst, if everything Venetec alleged were true, Litigation Counsel should simply withdraw from participation in the reexamination.

## IV. CONCLUSION

For the foregoing reasons, Nexus respectfully requests that the Court order that the prosecution bar set forth in Paragraph 5 of the Protective Order does not bar a party's litigation counsel from participating in the reexamination of its opponent's patents.

Date: July 13, 2007

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: 302-888-6800
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T: 816-474-9050
F: 816-474-9057

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM-PLAINTIFF NEXUS MEDICAL, LLC*