IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEXUS MEDICAL, LLC,<br><br>Defendant. | Civil Action No. 07-CV-0057 *** |



### NEXUS MEDICAL, LLC'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Nexus Medical, LLC ("Nexus"), for its Answer to the Complaint, hereby states as follows, with each numbered answer corresponding to the numbered paragraph of the Complaint:

#### Parties

1. Nexus lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

2. Admitted.

#### Jurisdiction and Venue

3. Nexus admits this paragraph identifies the title and section of the United States Code under which Plaintiff's claims are based and that this Court has subject matter jurisdiction. To the extent that any further response is required, Nexus denies that it has infringed any valid claim of the asserted patents.

4. Nexus denies that it sells products within this judicial district, but admits that this paragraph accurately states the statutes on which Plaintiff's venue allegations are based and that venue is proper.

## Count 1
### Patent Infringement – U.S. Patent No. 6,213,979

5.  Nexus incorporates by reference its responses to paragraphs 1 through 4 above as if fully set forth herein.

6.  Nexus admits that the face of U.S. Patent No. 6,213,979 (the "'979 Patent") indicates the '979 Patent is entitled "Medical Line Anchoring System," indicates it was issued on April 10, 2001, and that a copy of the '979 Patent is attached to the Complaint as Exhibit A. Nexus denies the '979 Patent was duly and legally issued and Nexus lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

7.  Denied.

8.  Denied.

9.  Denied.

## Count II
### Patent Infringement – U.S. Patent No. 6,447,485

10. Nexus incorporates by reference its responses to paragraphs 1 through 9 above as if fully set forth herein.

11. Nexus admits that the face of U.S. Patent No. 6,447,485 (the "'485 Patent") indicates the '485 Patent is entitled "Medical Line Anchoring System," indicates it was issued on September 10, 2002, and that a copy of the '485 Patent is attached to the Complaint as Exhibit B. Nexus denies the '485 Patent was duly and legally issued and Nexus lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

12. Denied.

2

13. Denied.

14. Denied.

### Affirmative Defenses

1. Plaintiff's complaint fails to state a claim for which relief may be granted.

2. One or more of the asserted claims of the patents-in-suit is invalid and void under 35 U.S.C. §§ 102, 103, and/or 112.

3. Nexus has not infringed any valid claim of the patent-in-suit.

WHEREFORE, Nexus prays that Plaintiff take nothing by way of its Complaint, that Plaintiff's claims be dismissed with prejudice, that Nexus be awarded its costs, expenses and attorneys' fees in defending the matter, and such other and further relief as the court deems just and proper.

### Counter Claim

COMES NOW Nexus Medical, LLC ("Nexus"), and for its Counterclaim against Plaintiff, alleges as follows:

### Parties

1. Nexus is a Delaware limited liability company with its principal place of business at 11315 Strang Line Road, Lenexa, Kansas 66215.

2. Upon information and belief, Venetec International, Inc. ("Venetec") is a Delaware corporation with its principal place of business in San Diego, California, 66215.

### Jurisdiction and Venue

3. This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 seeking adjudication that U.S. Patent No. 6,213,979 (the " '979 patent"), and U.S. Patent No.

3

6,447,485 (the " '485 Patent") (collectively the "patents-in-suit") are not infringed and are invalid and void.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b).

### Count 1

6. Nexus incorporates by reference and re-alleges paragraphs 1 through 5 of its counterclaim as if fully set forth herein.

7. Venetec has alleged that it is the owner of the patents-in-suit.

8. Venetec has charged Nexus with infringement of the patents-in-suit and Nexus has denied that allegation.

9. There is a substantial, justiciable, and continuing controversy between Nexus and Venetec as to Venetec's suit for infringement of the patents-in-suit, the validity and scope of the patents-in-suit, and whether Nexus has infringed or is infringing any valid claim of the patents-in-suit.

10. Upon information and belief, one or more of the claims of the patents-in-suit are invalid and void under 35 U.S.C. §§ 102, 103, and/or 112.

11. Nexus has not infringed any valid claim of the patents-in-suit.

12. Nexus will be damaged in its business by the charges of infringement by Venetec in its Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

13.     As a result, Nexus seeks a declaration that the patents-in-suit are invalid, void, and not infringed by Nexus.

WHEREFORE, Nexus prays for the following relief:

1.      That the patents-in-suit be declared invalid and void;

2.      That the patents-in-suit be declared not infringed by Nexus;

3.      That judgment on Plaintiff's Complaint be rendered for Nexus, with costs of litigation awarded to Nexus;

4.      That the Court find this case to be exceptional and award Nexus its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

5.      That the Court grant to Nexus such other, further, and different relief as the Court may deem just and proper.

Dated: July 13, 2007            /s/ Richard K. Herrmann
                                Richard K. Herrmann #405
                                MORRIS JAMES LLP
                                500 Delaware Avenue, Suite 1500
                                Wilmington, Delaware 19801-1494
                                T: (302) 888-6800
                                F: (302) 571-1750
                                rherrmann@morrisjames.com

                                Of Counsel:

                                Scott R. Brown
                                Andrew G. Colombo
                                HOVEY WILLIAMS LLP
                                2405 Grand Boulevard, Suite 400
                                Kansas City, Missouri 64108
                                T: 816-474-9050
                                F: 816-474-9057

                                *Attorneys for Defendant and
                                Counterclaimant
                                Nexus Medical, LLC*