**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **C.A. No. 07-57-*** |
| v. | ) | |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**VENETEC'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
CLARIFY OR AMEND THE STIPULATED PROTECTIVE ORDER**

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

Of Counsel:

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200 (phone)
(212) 751-4864 (fax)

Maximilian A. Grant
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200 (phone)
(202) 637-2201 (fax)

Date:  August 3, 2007

ATTORNEYS FOR PLAINTIFF
VENETEC INTERNATIONAL, INC.

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS ......................................................................................2

III.    ARGUMENT ..........................................................................................................3

    A.    The Protective Order is Unambiguous:  Nexus' Attempts to Re-Write It
        Are Without Merit and Should Be Rejected .........................................................4

        1.    By Seeking *Inter Partes* Reexamination, Nexus' Litigation
            Counsel Engaged In Patent Prosecution In Violation Of the
            Prosecution Bar .......................................................................................4

        2.    The Protective Order Bars The Use of Protected Information, and
            the Participation of Nexus' Litigation Counsel, In A
            Reexamination Proceeding .......................................................................7

        3.    Congressional Intent Is Irrelevant To Whether Mr. Brown and Ms.
            Bailey Should Be Allowed to Prosecute Nexus' Request For
            Reexamination and Retain Access to Venetec's Confidential
            Information as Nexus' Litigation Counsel ..............................................10

    B.    Nexus' Reexamination Counsel Should Be Disqualified ....................................11

IV.    CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chan v. Intuit, Inc.*,
    218 F.R.D. 659 (N.D. Cal. 2003).................................................................................10

*Commissariat a L'Energie Atomique v. Samsung Electrics Co.*,
    2004 U.S. Dist. LEXIS 12782 (D. Del. May 25, 2004)...........................4, 7, 9, 10, 11

*Cummings-Allison Corp. v. Glory Ltd.*,
    2003 U.S. Dist. LEXIS 23653 (N.D. Ill. Dec. 31, 2003)...........................................10

*Grayzel v. St. Jude Medical, Inc.*,
    162 Fed. App. 954, 966 (Fed. Cir. 2005).....................................................................8

*Interactive Coupon Marketing Group, Inc. v. H. 0. TI Coupons, LLC*,
    1999 U.S. Dist. LEXIS 12437 (N.D. Ill. Aug. 9, 1999) .............................................11

*MercExchange LLC v. eBay, Inc.*,
    467 F. Supp. 2d 608 (E.D. Va. 2006) ...........................................................................9

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    1998 U.S. Dist. LEXIS 22251 (D. Nev. Apr. 15, 1998)...............................................8

*Motorola, Inc. v, Interdigital Techology Corp.*,
    1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994).........................................7, 10

*In Re Papst Licensing*,
    2000 U.S. Dist. LEXIS 6374 (E.D. La. May 4, 2000)................................................11

*Safe Flight Instruments Corp. v. Sundstrand Data Control, Inc.*,
    682 F. Supp. 20 (D. Del. 1988).....................................................................................3

*U.S. Steel Corp. v. U.S.*,
    730 F.2d 1465 (Fed. Cir. 1984)...............................................................................9, 10

*United States v. Miller*,
    624 F.2d 1198 (3d Cir. 1980).......................................................................................12

*Visto Corp. v. Seven Networks, Inc.*
    2006 U.S. Dist. LEXIS 91453 (E.D. Tex. Dec. 19, 2006)............................................7

## FEDERAL STATUTES

35 U.S.C. § 121 .................................................................................................................1

35 U.S.C. § 312 ...............................................................................................................5

35 U.S.C. § 314(b)(2) ....................................................................................................5, 6

## OTHER AUTHORITIES

Donald S. Chisum, Chisum on Patents § 11.03[4] (2005) ..................................................5

Manual of Patent Examining Procedure § 2601 (8th ed. 2006) .......................................5, 6

Manual of Patent Examining Procedure § 2654 (8th ed. 2006) .........................................5

## I.    INTRODUCTION

On May 21, 2007, the Court entered the proposed Stipulated Protective Order submitted by the parties.   (D.I. 32, hereafter "PO.")   Plaintiff Venetec International Inc. ("Venetec") only agreed to the stipulated Order because it included a carefully negotiated "prosecution bar" to protect Venetec's confidential information from being used in any patent prosecution.   The stipulated prosecution bar prohibited either parties' litigation counsel from participating "*directly or indirectly, in any subsequent patent prosecution for any party for at least two (2) years from the entry of final judgment in this action* … ."   (D.I. 32 at 6.)[1]

Two months later, litigation counsel for Defendant Nexus Medical, LLC ("Nexus") signed and submitted a Request for *Inter Partes* Reexamination to the U.S. Patent and Trademark Office ("PTO").   Nexus admits that the purpose of its submission to the PTO is to "invalidate *or substantially alter the claims of Venetec's '485 patent.*"   (D.I. 41, Nexus' Mot. for Stay, at 1.)   Nexus represents that "*any change in the scope of the claims of the '485 patent during reexamination will materially alter and affect the scope of the claims of the '979 patent*."[2]   (*Id*. at 6.)

Nexus' counsel's involvement in a proceeding before the PTO intended to "alter and affect" the scope of the claims of a patent is, by definition, patent prosecution.   Nevertheless, Nexus has moved the Court to re-write the parties' agreed prosecution bar so that Nexus' counsel can both retain access to Venetec's confidential information produced in this litigation, while at the same time seeking to "materially alter" the claims of the patent-in-suit: in direct violation of the PO's express two-year restriction prohibiting Nexus' litigation counsel from participating

---

[1]    All emphasis is added, unless otherwise noted.

[2]    It is unclear why a change in the scope of a claim in one patent would necessarily impact the scope of a claim in a different patent, given the statutory presumption that each claim is understood to be an independent invention.   This is particularly so here, because the '485 patent is a divisional application from the '979 patent.   *See* 35 U.S.C. § 121.

1

"*directly or indirectly, in any subsequent patent prosecution for **any party**.*"    (D.I. 32 at 6.) Consequently, the Court should require Nexus' litigation counsel to stop prosecuting its reexamination of any of the asserted patents[3] or disqualify Nexus' counsel from representing it in this litigation.  To do otherwise would unfairly prejudice Venetec by permitting Nexus' litigation counsel to both litigate this suit *and* participate in the reexamination proceeding while Venetec's counsel would be prohibited from having that same "dual-role."

## II.    STATEMENT OF FACTS

Because the parties contemplated that certain highly confidential and proprietary information would be subject to discovery in this litigation, they carefully negotiated a Stipulated Protective Order.  To cabin each side's confidential data, they agreed on a "prosecution bar," which (1) bars anyone involved in the prosecution of patents from "receiv[ing] nor us[ing] any information gained from this litigation in any subsequent patent prosecution for any party;" and (2) precludes anyone involved in the litigation of this case from participating "directly or indirectly, in any subsequent patent prosecution for any party for at least two (2) years from the entry of final judgment in this action … ."  (D.I. 32 at 5-6.)  This Court entered the Order on May 21, 2007.  (D.I. 32.)

Because Hovey Williams LLP ("Hovey") serves as both patent prosecution and litigation counsel for Nexus, the PO implements an ethical wall intended to safeguard Venetec's confidential information from Nexus' patent prosecutors.  (D..I. 32 at 5-7.)  The PO identifies by name Hovey attorneys Andrew Columbo and Randy Schwartz as individuals who prosecute patents for Nexus (and are therefore prohibited from receiving confidential information), and further lists Scott Brown, Jennifer Bailey and Matthew Walters as litigation counsel (who are

---

[3]    Nexus has indicated that it has prepared a request for reexamination for at least one of the other patents-in-suit, but has not filed it.

therefore prohibited from participating, directly or indirectly, in any subsequent patent prosecution for any party). (D.I. 32 at 5.)[4] The PO further requires that confidential information disclosed pursuant to its terms may not be used outside the scope of this litigation for any other purpose. (D.I. 32 at ¶¶ 2,16.) This would include use in a reexamination.

Despite this stricture, on June 25, 2007, Mr. Brown and Ms. Bailey (two of the attorneys explicitly barred from prosecuting patents under the PO) filed a Request for Reexamination of U.S. Patent No. 6,447,485, one of the three patents-in-suit in this case ("the '485 patent"). (D.I. 42, Ex. A.) The petition for reexamination was submitted, and presumably researched and prepared, by Mr. Brown and Ms. Bailey.[5] That same day, Nexus filed a motion to stay all proceedings in this Court. (D.I. 40; D.I. 41.) Nexus never informed Venetec or the Court of its intent to file a reexamination request nor disclosed its intention to have its litigation counsel seek reexamination of the patent-in-suit to the PTO. (D.I. 56 at 4.)

On July 9, 2007, Venetec advised Nexus that Mr. Brown and Ms. Bailey's actions had violated the PO. (D.I. 62, Ex. C, at 2.) In response, Nexus filed the present motion.

## III.    ARGUMENT

"In a patent case, maintaining the integrity of the protective order is an especially serious concern." *Safe Flight Instr. Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) ("Courts dress technical information with a heavy cloak of judicial protection

---

[4]   The Protective Order also required the listed attorneys to sign a declaration affirming their restrictions and provide it to "opposing counsel within ten (10) days of entry of this protective order." (D.I. 32 at 6.) The PO was entered May 21 and the declarations were thus due no later than June 4. Nexus provided them five weeks late, in violation of the PO's express requirements. (*See* Ex. A, Brown 7/10/07 ltr. to Grant.) Regardless, as they pertain to Nexus' reexamination counsel (Mr. Brown and Ms. Bailey), the affirmations contained therein ("I will not participate, directly or indirectly, in any patent prosecution for any party …") are false.

[5]   Mr. Brown and Ms. Bailey are registered to practice before the PTO.

because of the threat of serious economic injury to the discloser of scientific information."). "This Court has routinely recognized the importance of protecting technical information, particularly in patent cases." *Commissariat a L'Energie Atomique v. Samsung Elecs. Co.*, 2004 U.S. Dist. LEXIS 12782, *6 (D. Del. May 25, 2004) (applying prosecution bar).

Nexus' actions to date undermine the integrity of the Court's PO. Its *post hoc* motion seeking to rewrite the PO should be denied. Nexus' reexamination counsel should be barred from access to Venetec's confidential information and disqualified from this lawsuit, or prohibited from prosecuting Nexus' reexamination of any of the asserted patents.

A.    **The Protective Order is Unambiguous:  Nexus' Attempts to Re-Write It Are Without Merit and Should Be Rejected**

Nexus contends that even though the PO expressly bars its litigation counsel *by name* from participating "directly or indirectly, in *any* subsequent patent prosecution for *any* party," they should nonetheless be permitted to proceed before the PTO to "invalidate or substantially alter the claims of Venetec's [patents]."  Nexus offers three unavailing arguments in support of its position.  First, Nexus contends that the *inter partes* reexamination it filed to "alter the scope" of Venetec's patents is not "patent prosecution."  (D.I. 61 at 4.)  Second, Nexus strangely argues that the "*spirit* of the Protective Order" should allow its litigation counsel to participate in a request for reexamination.  Finally, Nexus resorts to arguing that interpreting the unambiguous PO as it is written is contrary to Congressional intent because Congress "sanctioned an *inter partes* reexamination as a means for an adverse party, such as Nexus, to invalidate a patent, as opposed to litigation in the courts."   (D.I. 61 at 6.)  Nexus' arguments are all meritless.

1.    **By Seeking *Inter Partes* Reexamination, Nexus' Litigation Counsel Engaged In Patent Prosecution In Violation Of the Prosecution Bar**

Nexus argues that its litigation counsel's actions before the PTO are not "patent prosecution" for purposes of the prosecution bar in the Protective Order because patent

prosecution allegedly relates only to the procurement of claims and not a request for *inter partes* reexamination by a third-party. (D.I. 61 at 4-5.) Nexus is wrong. Its argument ignores the reality of the *inter partes* reexamination process as well as its own admissions about the objective of its Request for *Inter Partes* Reexamination to the PTO.

Engaging in an *inter partes* reexamination proceeding ***is*** patent prosecution. Unlike in *ex parte* reexaminations, in *inter partes* reexamination proceedings the third-party requester (here, Nexus) is intimately involved in the entire proceeding and has substantial input into the scope and patentability of the reexamined claims. 35 U.S.C. § 312 (reexamination only appropriate if the Director of the PTO determines "a substantial new question of patentability is raised" by the request). Indeed, permitting such direct participation in the PTO's process for determining the patentability and scope of reexamined claims is the central purpose of the optional *inter partes* procedure. MANUAL OF PATENT EXAMINING PROCEDURE § 2601 (8th ed. 2006) ("MPEP") ("the optional *inter partes* alternative provides requesters with a greater opportunity to participate in reexamination proceedings … [and] also provides third party requesters with appeal rights to appeal to the Board of Patent Appeals and Interferences (Board) and to participate in the patent owner's appeal to the Board.").[6]

In *inter partes* reexaminations, not only does the requester frame the issues for the PTO in the initial reexamination request, but each time the patentee files a response to an Office action from the PTO, the requester can file "written comments addressing issues raised by the action of the [PTO] or the patent owner's response thereto… ." 35 U.S.C. § 314(b)(2) (2007);

---

[6]    Nexus' citation to various treatises stating, for example, that "[t]he process of obtaining a patent is called *patent prosecution*," (D.I. 62 at 4 (citing CHISUM), proves that Venetec is right and that Nexus' counsel should be disqualified. To the extent that Nexus' Request for *Inter Partes* Reexamination is granted, Nexus' lawyers will ***directly*** participate in the process of Venetec obtaining its reexamined claims using the same procedures as an initial *ex parte* examination. DONALD S. CHISUM, CHISUM ON PATENTS § 11.03[4] (2005) ("If the Commissioner determines that such a new question [of patentability] exists, *the claim or claims in question are reexamined **according to the procedures for initial examination**.*").

*see also* MPEP § 2654 ("Each time the patent owner responds to an Office action, the third party requester may comment on the Office action and the patent owner response, *and thereby participate in the proceeding*.").  Nexus's lawyers will directly participate in prosecution of the reexamined claims by making its arguments to "***materially alter and affect the scope of the claims***" to the PTO.  There is no substantive difference between the roles that Venetec's patent prosecution counsel and Nexus' reexamination counsel will play in the PTO's reexamination of the subject claims.  Each set of lawyers will participate in the reexamination proceedings and will be entitled, for example, to:

> ➢ submit "written comments addressing issues raised by" the PTO, (*see, e.g.,* 35 U.S.C. § 314(b)(2));
>
> ➢  appeal to the Board of Patent Appeals and Interferences or participate in the opposing party's appeal, (*see, e.g.,* MPEP § 2601); and
>
> ➢ appeal to the Federal Circuit or participate in the opposing party's appeal. (*See, e.g., id.*).

Thus, if its request is granted, Nexus will "thereby participate in the proceeding" reexamining Venetec's claims as part of its stated effort to "materially alter and affect the scope of the claims."  Nexus will have the opportunity to argue *directly* to PTO what the proper meaning and scope of every reexamined claim should be.  Nexus' assertion – that such activities somehow fall outside the PO's prohibition against Nexus' litigation counsel participating "directly or indirectly, in [the] subsequent patent prosecution" of Venetec's patents – is baseless. (D.I. 32 at 5-6.)  That is precisely Nexus' stated objective.

Nexus tries to distinguish the abundance of caselaw that finds reexamination proceedings to be patent prosecution by arguing that in those cases, it was the patentee who had put the patent into reexamination, not a third-party.  (D.I. 62 at 5-6.)  But that is a distinction that the Stipulated PO does not recognize.  Nexus knew it would file a reexam, yet it did not tell Venetec nor did it say that it desired to carve a reexamination exception out of the prosecution

6

bar. It knew that Venetec would never agree to such a carve out so it went forward and negotiated a standard broad prosecution bar and then proceeded to ignore that bar based on contrived rationalizations.

As it pertains to Nexus' Request for *Inter Partes* Reexamination, however, Nexus' alleged distinction makes no difference. Accordingly, the situation here is no different from the bevy of cases holding that reexamination is patent prosecution. For example, the court in *Visto Corp. v. Seven Networks, Inc.* rejected the argument that a "reexamination proceeding is different than prosecution of a new application." 2006 U.S. Dist. LEXIS 91453, at *21-22 (E.D. Tex. Dec. 19, 2006). On learning that litigation counsel had also participated in reexamination of a patent-in-suit, the Court found its protective order was violated because:

> The purpose of the prosecution bar is to prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit (e.g. drafting claims during patent prosecution). This is true even if the result of the reexamination is narrower claim language.

*Id.* at *22-23. The same danger is present here, namely the Hovey lawyers using confidential information "for purposes outside the lawsuit," particularly for their stated purpose of "alter[ing] and affect[ing] the scope of [Venetec's] claims." *See also Commissariat a L'Energie Atomique*, 2004 U.S. Dist. LEXIS 12782, *7-8 (applying prosecution bar); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994) (same).

**2.    The Protective Order Bars The Use of Protected Information, and the Participation of Nexus' Litigation Counsel, In A Reexamination Proceeding**

Brushing aside its violation of the express provisions of the PO, Nexus argues that the "spirit of the Protective Order" allows Nexus' litigation counsel to participate in the reexamination of the '485 patent. (D.I. 61 at 5.) Nexus is wrong. First, the two lawyers who filed for reexamination are forbidden – by name – from participating, directly or indirectly, from

any patent prosecution for any party.  This prohibition was the *quid pro quo* for gaining access to Venetec's confidential information.   Second, the "spirit" Nexus divines is refuted by the unambiguous language in the PO which prohibits Nexus from using confidential information obtained in this action for *any purpose* other than prosecuting or defending this lawsuit:

> No person shall use any Protected Information, or information derived therefrom, for purposes **other than the prosecution or defense of this action**.
>
> [A]ny Protected Information produced by either party in connection with this litigation, and any information contained therein, **may not be used by a Discovering Party for any reason other than the prosecution or defense of this litigation**, without the prior, express written consent of the Designating Party."

(D.I. 32 at ¶¶ 2,16 (emphasis added).)

The parties' language is as unambiguous as it is unequivocal.  Unsurprisingly, courts regularly uphold orders prohibiting the use of confidential information obtained in the course of a patent litigation in reexaminations.  For example, in *Grayzel v. St. Jude Med., Inc.*, the appellant objected to an injunction enforcing a protective order containing a prosecution bar that limited the use of confidential information to "purposes in connection with this litigation." 162 Fed. App'x 954, 966 (Fed. Cir. 2005).  Though the appellant argued that the protective order "does not specifically list a reexamination proceeding" as a prohibited use of confidential information, the Federal Circuit held that counsel "is plainly precluded from using any of the Confidential Information he acquired through this litigation in any proceeding outside of the litigation, such as the ongoing reexamination proceeding."  *Id.; see also Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 1998 U.S. Dist. LEXIS 22251 (D. Nev. Apr. 15, 1998) (denying litigation counsel access to confidential documents because lawyers from same firm prosecuted patents on behalf of party).

Indeed, Nexus does not dispute that, if it has its way, its reexamination counsel will have full and unfettered access to Venetec's confidential information. (*See* D.I. 62, *at passim*.) Nexus provides no rationale why its reexamination counsel should have the benefit of Venetec's confidential information in making its arguments to the PTO. *See MercExchange LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 622 (E.D. Va. 2006) (concluding that "***the spirit*** of the protective order suggests that experts who accessed eBay's confidential information should not be participating in the PTO reexamination of the very patents that constituted the core of the litigation [in which] such experts were involved.").

Nexus' counsel's representation – that they allegedly did not actually use Protected Information during the preparation of the request for reexamination of the '485 patent, (D.I. 62 at 1) – is irrelevant. "Access to confidential information 'should be denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented … ." *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). "'The critical inquiry is whether the attorney in question is in a position that creates a high risk of inadvertent disclosure' of confidential information." *Commissariat a L'Energie Atomique*, 2004 U.S. Dist. LEXIS 12782, at *7 (quoting *Motorola, Inc.*, 1994 U.S. Dist. LEXIS 20714, at *10).

> Inadvertence, like the thief-in-the-night, is no respecter of its victims. Inadvertent or accidental disclosure may or may not be predictable. To the extent that it may be predicted, and cannot be adequately forestalled in the design of a protective order, it may be a factor in the access decision.

*U.S. Steel Corp.*, 730 F.2d at 1468.

There is no credible way for Nexus' litigation counsel to prevent inadvertent disclosure to its reexamination counsel – they are the same lawyers. In this case, as with *Commissariat* and *Motorola*, there can be no question that asking the same lawyers to "distill and compartmentalize the confidential knowledge they have gained … creates a high risk of

inadvertent disclosure." *Commissariat*, 2004 U.S. Dist. LEXIS 12782, at *8 (citing *Motorola, Inc.*, 1994 U.S. Dist. LEXIS 20714, at *13). Here, like *Commissariat* and *Motorola*, the Court should find that "there is substantial risk of inadvertent disclosure of such information," and should bar Nexus' lawyers from serving both as patent litigation counsel and as patent reexamination counsel. *Id.* at *9.[7]

> ### 3. Congressional Intent Is Irrelevant To Whether Mr. Brown and Ms. Bailey Should Be Allowed to Prosecute Nexus' Request For Reexamination and Retain Access to Venetec's Confidential Information as Nexus' Litigation Counsel

Nexus last contends that precluding its litigation counsel from also prosecuting reexamination of Venetec's patents "violates the public policy of an *inter partes* reexamination" and is somehow contrary to Congressional intent. (D.I. 61 at 6.) Nexus' final argument confuses its own interests with the public interest.

Venetec does not contend that Nexus is barred from filing a request for reexamination of Venetec's patents, whether *ex parte* or *inter parte*. Venetec asserts only that those Nexus' counsel granted access to Venetec's confidential information under the PO should be precluded from simultaneously participating in proceedings before the PTO to "invalidate *or substantially alter the claims of Venetec's '485 patent*," or any other Venetec patent. (D.I. 41 at 1.) There is no derogation of Congressional intent when a court endorses a protective order with a patent prosecution bar, particularly when its limitations were stipulated to by both parties. *See, e.g., Commissariat a L'Energie Atomique*, 2004 U.S. Dist. LEXIS 12782, *7 (upholding prosecution bar); *Motorola, Inc.*, 1994 U.S. Dist. LEXIS 20714, at *10 (same); *Cummings-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, *39 (N.D. Ill. Dec. 31, 2003) (same);

---

[7]  Indeed, the PO lists two Hovey lawyers, including one partner, as prosecution counsel. Nexus has presented no reason why the lawyers it listed as being its prosecution counsel cannot handle the reexamination proceeding, instead of the lawyers who have accessed Venetec's confidential information

*Chan v. Intuit, Inc.*, 218 F.R.D. 659, 662 (N.D. Cal. 2003) (same); *In Re Papst Licensing*, 2000 U.S. Dist. LEXIS 6374, * 12 (E.D. La. May 4, 2000) (same); *Interactive Coupon Marketing Group, Inc. v. H. 0. TI Coupons, LLC*, 1999 U.S. Dist. LEXIS 12437, *11 (N.D. Ill. Aug. 9, 1999) (same).

Nexus is free to pursue reexamination of Venetec's patents, consistent with the intent of Congress. What Nexus is not permitted to do is expose Venetec to a "substantial risk of inadvertent disclosure" of Venetec's confidential information to the lawyers prosecuting such reexamination before the PTO. The procedure Nexus proposes – permitting litigation counsel to also prosecute reexamination of Venetec's patents – not only exposes Venetec to a "substantial risk of inadvertent disclosure" … it ensures it.

**B.    Nexus' Reexamination Counsel Should Be Disqualified**

Realizing the inconsistency of its arguments with the plain language of the PO and the relevant case law, Nexus states: "At worst, if everything Venetec alleged were true, [Nexus'] Litigation Counsel should simply withdraw from participation in the reexamination." (D.I. 61 at 9.) [8] Venetec disagrees. The Nexus' current litigation counsel who have elected to act as Nexus' reexamination counsel, *i.e.*, Mr. Brown and Ms. Bailey, s should be ordered by the Court to stop prosecuting its reexamination of any of the asserted patents or disqualified from representing it in this litigation,or both.

As noted, it is the objective of Nexus' patent reexamination counsel to "materially alter and affect the scope of the claims" of Venetec's patents. Nexus' litigation counsel will

---

[8] As noted (*see* note 3, *supra*), Nexus informed the Court that it has *already* prepared a reexamination request for at least one of the two other patents-in-suit. Rather than wait for the Court's ruling on its own motion to learn whether it was permitted to prepare such an additional request, Nexus' litigation counsel just went ahead and drafted it. Given that Nexus' litigation counsel has already done all the work of preparing its reexamination requests, their fall back position of offering to "withdraw from participation in the reexamination" is, at best, disingenuous.

have access to highly confidential information concerning, for example, (i) Venetec's patents, (ii) Venetec's understanding of the market for each parties' products, and (iii) Venetec's plans about which parts of the market to exploit and which features have the most commercial value. This is information that defines, at a minimum, the scope and emphasis of each parties' research and/or product development efforts. The process of reexamining the claims of Venetec's patents-in-suit involves, as Nexus concedes, decisions about patent scope. Nexus' ability to influence the PTO in considering the scope of Venetec's patent claims gives Nexus the ability to make the reexamined claims read on products that have no commercial relevance, and away from new products and new directions where Nexus' projects commercial sales to be most valuable.

Far from being "harassment," Venetec's disqualification request seeks to reestablish the basic fairness Nexus originally agreed to when it carefully reviewed and signed off on the prosecution bar in the PO. It cannot be the case that the prosecution bar which Venetec insisted on and carefully negotiated may now be re-written to permit Nexus' litigation counsel (having access to Venetec's confidential information) to participate in proceedings before the PTO that are intended to "materially alter and affect the scope" of Venetec's patent claims, while precluding Venetec's own litigation counsel from defending against those efforts. The Court has the power to disqualify attorneys appearing before it. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). Venetec respectfully submits that enforcement of the PO entered in this case requires Nexus' reexamination counsel to be barred from having access to Venetec's confidential information and participating in this litigation. Nexus' reexamination counsel should be disqualified. In the alternative, those lawyers should be ordered by the Court to stop prosecuting Nexus' reexamination of any of the asserted patents.

IV.    CONCLUSION

For the foregoing reasons Venetec respectfully requests that (i) Nexus' Motion to Clarify or Amend the Stipulated Protective Order be denied, (ii) Nexus' reexamination counsel (including at least Mr. Brown and Ms. Bailey) be disqualified from participating in this litigation and barred from further access to Venetec's confidential information or ordered to stop prosecuting reexamination of any of the asserted patents; and (iii) this Court grant any further relief it deems just.

MORRIS, NICHOLS, ARSHT & TUNNELL LP

*/s/ Maryellen Noreika (#3208)*
_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for Plaintiff*

OF COUNSEL:

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200 (phone)
(212) 751-4864 (fax)

Maximilian A. Grant
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200 (phone)
(202) 637-2201 (fax)

Date: August 3, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Maryellen Noreika, hereby certify that on August 3, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard Hermann, Esq.
Mary Matterer, Esq.
MORRIS JAMES

I also certify that copies were caused to be served on August 3, 2007 upon the following in the manner indicated:

### <u>BY ELECTRONIC MAIL</u> <u>and HAND DELIVERY:</u>

Richard Hermann, Esquire
Mary Matterer, Esquire
Morris, James, Hitchens & Williams
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

### <u>BY ELECTRONIC MAIL</u> <u>and FEDERAL EXPRESS:</u>

Scott R. Brown, Esquire
Jennifer C. Bailey, Esquire
Hovey Williams LLP
2405 Grand Boulevard
Suite 400
Kansas City, MO  64108

*/s/ Maryellen Noreika (#3208)*
_____
Maryellen Noreika (# 3208)
mnoreika@mnat.com

# Exhibit A

LAW OFFICES

# HOVEY WILLIAMS LLP

A LIMITED LIABILITY PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ESTABLISHED 1929

INTELLECTUAL PROPERTY LAW
U.S. & FOREIGN PATENTS, TRADEMARKS, COPYRIGHTS
& UNFAIR COMPETITION CAUSES

Scott R. Brown
E-mail: srb@hoveywilliams.com

July 10, 2007

***Via Federal Express (Tracking No. 7913 4038 6558)***
Maximilian A. Grant
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304

     RE:   *Venetec International Inc. v. Nexus Medical LLC*
           Case No. 1:07-cv-0057

Dear Max:

    Enclosed please find the following executed Declarations as required by Section 5 of the Protective Order:

1. Declaration of Andrew G. Colombo
2. Declaration of Randy Schwartz
3. Declaration of Carrie Windsor
4. Declaration of Scott R. Brown
5. Declaration of Jennifer C. Bailey
6. Declaration of Matthew B. Walters
7. Declaration of Katie Bray
8. Declaration of Susan Goulden

    We will be forwarding to you under separate cover the Declaration of Stephanie Hall, legal assistant to Jennifer C. Bailey. Ms. Hall is out of the office, and we will forward her executed Declaration upon her return.

                    Sincerely,

                    HOVEY WILLIAMS LLP

                    By
                    Scott R. Brown

SRB:sg
Enclosures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VENETEC INTERNATIONAL, INC.     )

            Plaintiff,            )

       v.                    )    Case No.: 07-CV-0057

NEXUS MEDICAL, LLC         )

            Defendant.        )

_____ )

## DECLARATION OF ANDREW G. COLOMBO

I, Andrew G. Colombo, declare and state under penalty of perjury that:

1.       I am a member in good standing of the bar of the state of Missouri and am a partner in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.       All statements made herein are with regard to only the above-captioned litigation ("the Litigation").

3.       I will not access any materials designated in the Litigation as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

4.       I will neither receive nor use any information gained from the Litigation in any subsequent patent prosecution for any party.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: _July 9, 2007_                _____

                                             Andrew G. Colombo

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VENETEC INTERNATIONAL, INC.        ) | |
|        Plaintiff,        ) | |
|        ) | |
|     v.        ) | Case No.: 07-CV-0057 |
| NEXUS MEDICAL, LLC        ) | |
|        Defendant.        ) | |

## DECLARATION OF RANDY SCHWARTZ

I, Randy Schwartz, declare and state under penalty of perjury that:

1.    I am a member in good standing of the bar of the state of Missouri and am an associate in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.    All statements made herein are with regard to only the above-captioned litigation ("the Litigation").

3.    I will not access any materials designated in the Litigation as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

4.    I will neither receive nor use any information gained from the Litigation in any subsequent patent prosecution for any party.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: 7/9/2007                                _____
                                               Randy Schwartz

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC. ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 07-CV-0057 |
| NEXUS MEDICAL, LLC ) | |
| Defendant. ) | |

## DECLARATION OF CARRIE WINDSOR

I, Carrie Windsor, declare and state under penalty of perjury that:

1.    I am a legal assistant to Andrew G. Colombo in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.    All statements made herein are with regard to only the above-captioned litigation ("the Litigation").

3.    I will not access any materials designated in the Litigation as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

4.    I will neither receive nor use any information gained from the Litigation in any subsequent patent prosecution for any party.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: _July 4, 2007_          _Carrie Windsor_
                                        Carrie Windsor

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VENETEC INTERNATIONAL, INC. )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-CV-0057 |
| ) | |
| NEXUS MEDICAL, LLC ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF SCOTT R. BROWN

I, Scott R. Brown, declare and state under penalty of perjury that:

1.    I am a member in good standing of the bar of the state of Missouri and am a partner in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter.  I have personal knowledge of the statements made herein.

2.    I will not participate, directly or indirectly, in any patent prosecution for any party for at least two (2) years from the entry of final judgment in the above-captioned litigation ("the Litigation").

3.    I will not discuss any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a) of the Stipulated Protective Order entered on May 21, 2007, in the Litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: July 9, 2007

Scott R. Brown

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| VENETEC INTERNATIONAL, INC. | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No.: 07-CV-0057 |
|  | ) |
| NEXUS MEDICAL, LLC | ) |
| Defendant. | ) |
|  | ) |

## DECLARATION OF JENNIFER C. BAILEY

I, Jennifer C. Bailey, declare and state under penalty of perjury that:

1.      I am a member in good standing of the bar of the state of Missouri and am an associate in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter.  I have personal knowledge of the statements made herein.

2.      I will not participate, directly or indirectly, in any patent prosecution for any party for at least two (2) years from the entry of final judgment in the above-captioned litigation ("the Litigation").

3.      I   will   not   discuss   any   "HIGHLY   CONFIDENTIAL"   or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a) of the Stipulated Protective Order entered on May 21, 207, in the Litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: *July 9, 2007*

*Jennifer C. Bailey*
Jennifer C. Bailey

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VENETEC INTERNATIONAL, INC. )
)
          Plaintiff, )
)
    v. )    Case No.: 07-CV-0057
)
NEXUS MEDICAL, LLC )
)
          Defendant. )
)

## DECLARATION OF MATTHEW B. WALTERS

I, Matthew B. Walters, declare and state under penalty of perjury that:

1.     I graduated from the University of Missouri – Kansas City School of Law in May 2007 and am a law clerk in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.     I will not participate, directly or indirectly, in any patent prosecution for any party for at least two (2) years from the entry of final judgment in the above-captioned litigation ("the Litigation").

3.     I will not discuss any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a) of the Stipulated Protective Order entered on May 21, 2007, in the Litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: 7/9/2007

Matthew B. Walters

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VENETEC ~~INTERNATIONAL~~, INC.     )

               Plaintiff,          )

                         )

     v.                       )

                         )    Case No.: 07-CV-0057

NEXUS MEDICAL, LLC         )

              Defendant.      )

                         )

## <u>DECLARATION OF KATIE BRAY</u>

I, Katie Bray, declare and state under penalty of perjury that:

1.     I am a litigation paralegal in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.     I will not participate, directly or indirectly, in any patent prosecution for any party for at least two (2) years from the entry of final judgment in the above-captioned litigation ("the Litigation").

3.     I will not discuss any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a) of the Stipulated Protective Order entered on May 21, 207, in the Litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: 7/9/2007                  _Katie Bray_
                                       Katie Bray

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

VENETEC INTERNATIONAL, INC. )
                         Plaintiff, )
)
      v. )     Case No.: 07-CV-0057
)
NEXUS MEDICAL, LLC )
                       Defendant. )
)

## DECLARATION OF SUSAN GOULDEN

I, Susan Goulden, declare and state under penalty of perjury that:

1.      I am a legal assistant to Scott R. Brown in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC in this matter. I have personal knowledge of the statements made herein.

2.      I will not participate, directly or indirectly, in any patent prosecution for any party for at least two (2) years from the entry of final judgment in the above-captioned litigation ("the Litigation").

3.      I will not discuss any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information with the Prosecution Staff identified in Paragraph 5(a) of the Stipulated Protective Order entered on May 21, 207, in the Litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: _July 9, 2007_               _Susan A. Goulden_
                                             Susan Goulden

1