**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VENETEC INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXUS MEDICAL, LLC, <br><br> Defendant. | Civil Action No. 07-CV-0057 *** |

**NEXUS MEDICAL, LLC 'S ANSWER TO VENETEC INTERNATIONAL, INC.'S
FIRST SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM**

Defendant Nexus Medical, LLC ("Nexus"), for its Answer to Venetec International, Inc.'s ("Venetec") First Supplemental Complaint, hereby states as follows, with each numbered answer corresponding to the numbered paragraph of the Complaint:

**Parties**

1. Nexus lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

2. Admitted.

**Jurisdiction and Venue**

3. Nexus admits this paragraph identifies the title and section of the United States Code under which Plaintiff's claims are based and that this Court has subject matter jurisdiction. To the extent that any further response is required, Nexus denies that it has infringed any valid claim of the asserted patents.

4. Nexus denies that it sells products within this judicial district, but admits that this paragraph accurately states the statutes on which Plaintiff's venue allegations are based and that venue is proper.

1

**Count I**
**Patent Infringement – U.S. Patent No. 6,213,979**

5.     Nexus incorporates by reference its responses to paragraphs 1 through 4 above as if fully set forth herein.

6.     Nexus admits that the face of U.S. Patent No. 6,213,979 (the "'979 Patent") indicates the '979 Patent is entitled "Medical Line Anchoring System," indicates it was issued on April 10, 2001, and that a copy of the '979 Patent is attached to the First Supplemental Complaint as Exhibit A.  Nexus denies the '979 Patent was duly and legally issued and Nexus lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

7.     Denied.

8.     Denied.

9.     Denied.

**Count II**
**Patent Infringement – U.S. Patent No. 6,447,485**

10.    Nexus incorporates by reference its responses to paragraphs 1 through 9 above as if fully set forth herein.

11.    Nexus admits that the face of U.S. Patent No. 6,447,485 (the "'485 Patent") indicates the '485 Patent is entitled "Medical Line Anchoring System," indicates it was issued on September 10, 2002, and that a copy of the '485 Patent is attached to the First Supplemental Complaint as Exhibit B.  Nexus denies the '485 Patent was duly and legally issued and Nexus lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

12.    Denied.

13. Denied.

14. Denied.

## Count III
## Patent Infringement – U.S. Patent No. 7,247,150

15. Nexus incorporates by reference its responses to paragraphs 1 through 14 above as if fully set forth herein.

16. Nexus admits that the face of U.S. Patent No. 7,247,150 (the "'150 Patent") indicates the '150 Patent is entitled "Medical Line Anchoring System," indicates it was issued on July 24, 2007, and that a copy of the '150 Patent is attached to the First Supplemental Complaint as Exhibit C. Nexus denies the '150 Patent was duly and legally issued and Nexus lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

17. Denied.

18. Denied.

19. Denied.

## Affirmative Defenses

1. Plaintiff's First Supplemental Complaint fails to state a claim for which relief may be granted.

2. Nexus has not infringed any valid claim of the Patents-in-Suit.

3. One or more of the asserted claims of each of the Patents-in-Suit is invalid and void under 35 U.S.C. §§ 102, 103, and/or 112.

4. The '150 Patent is unenforceable for inequitable conduct, as more fully set forth in Nexus's Count III of its counterclaim.

WHEREFORE, Nexus prays that Plaintiff take nothing by way of its First Supplemental Complaint, that Plaintiff's claims be dismissed with prejudice, that Nexus be awarded its costs, expenses, and attorneys' fees in defending the matter, and such other and further relief as the Court deems just and proper.

## Counter Claim

COMES NOW Nexus Medical, LLC ("Nexus"), and for its Counterclaim against Plaintiff, alleges as follows:

## Parties

1.    Nexus is a Delaware limited liability company with its principal place of business at 11315 Strang Line Road, Lenexa, Kansas 66215.

2.    Upon information and belief, Venetec International, Inc. ("Venetec") is a Delaware corporation with its principal place of business in San Diego, California, 66215.

## Jurisdiction and Venue

3.    This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 seeking adjudication that U.S. Patent No. 6,213,979 (the "'979 patent"), U.S. Patent No. 6,447,485 (the "'485 Patent"), and U.S. Patent No. 7,247,150 (the "'150 Patent") (collectively the "Patents-in-Suit") are not infringed and are invalid and void, and that the '150 Patent is unenforceable.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b).

## Count I
### Noninfringement of the Patents-in-Suit

6. Nexus incorporates by reference and re-alleges paragraphs 1 through 5 of its counterclaim as if fully set forth herein.

7. Venetec has alleged that it is the owner of the Patents-in-Suit.

8. Venetec has charged Nexus with infringement of the Patents-in-Suit, and Nexus has denied that allegation.

9. Nexus has not infringed any valid claim of the Patents-in-Suit.

10. There is a substantial, justiciable, and continuing controversy between Nexus and Venetec as to Venetec's suit for infringement of the Patents-in-Suit and whether Nexus has infringed or is infringing any valid claim of the Patents-in-Suit.

11. Nexus will be damaged in its business by the charges of infringement by Venetec in its First Supplemental Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

12. As a result, Nexus seeks a declaration that the Patents-in-Suit are not infringed by Nexus.

## Count II
### Invalidity of the Patents-in-Suit

13. Nexus incorporates by reference and re-alleges paragraphs 1 through 12 of its counterclaim as if fully set forth herein.

14. Venetec has alleged that it is the owner of the Patents-in-Suit.

15. Venetec has charged Nexus with infringement of the Patents-in-Suit, and Nexus has denied that allegation.

16. Upon information and belief, one or more of the claims of the Patents-in-Suit are invalid and void under 35 U.S.C. §§ 102, 103, and/or 112.

17. There is a substantial, justiciable, and continuing controversy between Nexus and Venetec as to Venetec's suit for infringement of the Patents-in-Suit and the validity and scope of the Patents-in-Suit.

18. Nexus will be damaged in its business by the charges of infringement by Venetec in its First Supplemental Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

19. As a result, Nexus seeks a declaration that the Patents-in-Suit are invalid and void.

## Count III
## Unenforceability of the '150 Patent

20. Nexus incorporates by reference and re-alleges paragraphs 1 through 19 of its counterclaim as if fully set forth herein.

21. Venetec has alleged that it is the owner of the '150 Patent.

22. Venetec has charged Nexus with infringement of the '150 Patent and Nexus has denied that allegation.

23. The '150 Patent is a continuation of the '485 Patent, and therefore, the '150 Patent is related to and claims priority to the '485 Patent.

24. Nexus filed a Request for Reexamination of the '485 Patent (the "'485 Reexamination") with the U.S. Patent and Trademark Office ("Patent Office") on June 25, 2007, and a copy of the '485 Reexamination was provided to Venetec at or about that time.

25. The '485 Reexamination sets forth four prior art references that invalidate claims 1-3, 5-8, 11-13, 15-18, and 21-22 ("the Reexamined Claims") of the '485 Patent.

26. The '485 Reexamination contains no less than twenty-four arguments for invalidity (the "Reexamination Invalidity Contentions") of the Reexamined Claims that are detailed in no less than twenty-four claim charts.

27. The Reexamination Invalidity Contentions include, but are not limited to, assertions that the Reexamined Claims of the '485 Patent are invalid as anticipated and/or obvious in view of, and in combination with, certain prior art references.

28. Because the '485 Patent is related to the '150 Patent, the Reexamination Invalidity Contentions in the '485 Reexamination are material to patentability of the '150 Patent application.

29. The claim charts and Reexamination Invalidity Contentions set forth in the '485 Reexamination were neither cited by Venetec in the '150 Patent application nor considered by the Patent Office during prosecution of the '150 Patent.

30. In response to Venetec's First Set of Interrogatories in this litigation, Nexus served Venetec with invalidity contentions of the '485 Patent (the "Interrogatory Invalidity Contentions") on May 30, 2007, including invalidity claim charts.

31. Venetec cited the Interrogatory Invalidity Contentions to the Patent Office in an Information Disclosure Statement ("IDS"), attached hereto as Exhibit A, on June 20, 2007.

32. On June 25, 2007, the Patent Office responded to Venetec's filing of the IDS ("PTO Response"), attached hereto as Exhibit B.

33. The PTO Response explains that the Interrogatory Invalidity Contentions cited in the IDS were not considered by the Patent Examiner of the '150 patent in the prosecution of the '150 Patent because the issue fee had already been paid.

34. The PTO Response advises Venetec to file a petition to withdraw the '150 Patent application from issue to have the IDS considered by the Patent Office.

35. Although Venetec had the opportunity to petition the PTO to withdraw the '150 application from issuance and therefore allow consideration of Nexus's Interrogatory Invalidity Contentions, Venetec failed to do so.

36. The PTO did not consider the Interrogatory Invalidity Contentions in determining patentability of the '150 Patent.

37. Upon information and belief, Venetec's failure to cite for consideration by the Patent Office the Reexamination Invalidity Contentions and/or the Interrogatory Invalidity Contentions was with bad faith and an intent to deceive the Patent Office and thus, breached Venetec's duty of candor before the Patent Office, as prescribed in 37 C.F.R. § 1.56, and resulted in inequitable conduct.

38. There is a substantial, justiciable, and continuing controversy between Nexus and Venetec as to Venetec's suit for infringement of the '150 Patent and whether the '150 Patent is unenforceable.

39. Nexus will be damaged in its business by the charges of infringement by Venetec in its First Supplemental Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

40. As a result, Nexus seeks a declaration that the '150 Patent is unenforceable.

**Prayer for Relief**

WHEREFORE, Nexus prays for the following relief:

1. That the Patents-in-Suit be declared not infringed by Nexus;

2. That the Patents-in-Suit be declared invalid and void;

3. That the '150 Patent be declared unenforceable;

4. That judgment on Plaintiff's First Supplemental Complaint be rendered for Nexus, with costs of litigation awarded to Nexus;

5. That the Court find this case to be exceptional and award Nexus its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

6. That the Court grant to Nexus such other, further, and different relief as the Court may deem just and proper.

Dated: August 8, 2007

*/s/ Mary B. Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
T: (302) 888-6800
F: (302) 571-1750
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown
Andrew G. Colombo
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T: 816-474-9050
F: 816-474-9057

*Attorneys for Defendant and Counterclaimant Nexus Medical, LLC*

# Exhibit A
# Venetec's Information Disclosure Statement
# to the U.S. Patent and Trademark Office

# Dated June 20, 2007

# INFORMATION DISCLOSURE STATEMENT

| | | |
|---|---|---|
| Applicant | : | Steve F. Bierman |
| App. No | : | 11/204,586 |
| Filed | : | August 16, 2005 |
| For | : | MEDICAL LINE ANCHORING SYSTEM |
| Examiner | : | Manuel A. Mendoza |
| Art Unit | : | 3763 |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

Enclosed for filing in the above-identified application is a PTO/SB/08 Equivalent listing 3 references. Also enclosed are 3 foreign patent references and/or non-patent literature as listed on the Information Disclosure Statement.

This Information Disclosure Statement is being filed after payment of the issue fee. Please place the references in the file according to 37 C.F.R. §1.97(i).

Ongoing Litigation

In accordance with M.P.E.P. § 2001.06(c), Applicant hereby informs the Patent Office that U.S. Patent No. 6,213,979 (the '979 patent) and U.S. Patent No. 6,447,485 (the '485 patent), from which the present application claims priority, are the subject of ongoing litigation. Venetec International, Inc., which is the owner by assignment of the '979 and '485 patents, and the present application, has filed a lawsuit for patent infringement. Venetec International, Inc. filed suit against Nexus Medical, LLC alleging infringement of the '979 and '485 patents. The suit was filed in the U.S. District Court for Delaware, and was assigned Civil Action No. 07-CV-0057 (***). The lawsuit is currently in the discovery phase.

| | | | |
|---|---|---|---|
| **Appl. No.** | : 11/204,586 | | **Docket No. VINTL.26FCPD1CC** |
| **Filed** | : August 16, 2005 | | **Customer No. 20,995** |

Copies of Nexus Medical, LLC Answer to Complaint and Counterclaim, Venetec International, Inc.'s Reply to Nexus Medical, LLC's Counterclaim, and Nexus Medical, LLC's Objections and Responses to Venetec International, Inc.'s First Set of Interrogatories are included in the IDS.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 20, 2007

By: _____
James F. Herkenhoff
Registration No. 51,241
Attorney of Record
Customer No. 20,995
(619) 235-8550

3899468
061807

-2-

PTO/SB/08 Equivalent

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application No. | 11/204,586 |
|---|---|---|
| | Filing Date | August 16, 2005 |
| | First Named Inventor | Steven F. Bierman |
| | Art Unit | 3763 |
| *(Multiple sheets used when necessary)* | Examiner | Manuel A. Mendez |
| SHEET 1 OF 1 | Attorney Docket No. | VINTL.26FCPD1CC |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number *Number - Kind Code (if known)* Example: 1,234,567 B1 | Publication Date MM-DD-YYYY | Name of Patentee or Applicant | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document *Country Code-Number-Kind Code* Example: JP 1234567 A1 | Publication Date MM-DD-YYYY | Name of Patentee or Applicant | Pages, Columns, Lines Where Relevant Passages or Relevant Figures Appear | T[1] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[1] |
|---|---|---|---|
| | 1 | Venetec International, Inc.'s Reply to Nexus Medical, LLC's Counterclaim, Venetec International, Inc. v. Nexus Medical, LLC, U.S. District Court for Delaware, Case No. 07-CV-0057***, pgs 1 - 4 | |
| | 2 | Nexus Medical, LLC's Answer to Complaint and Counterclaim, Venetec International, Inc. v. Nexus Medical, LLC, U.S. District Court for Delaware, Case No. 07-CV-0057***, pgs 1 - 6 | |
| | 3 | Nexus Medical, LLC's Objections and Responses to Venetec International, Inc's First Set of Interrogatories, Venetec International Inc. v. Nexus Medical, LLC, U.S. District Court for Delaware, Case No. 07-CV-0057***, pgs 1-47. | |
| | | | |
| | | | |

3899380
061807

| Examiner Signature | Date Considered |
|---|---|
| | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

T[1] - Place a check mark in this area when an English language Translation is attached.

# Exhibit B
# The U.S. Patent and Trademark Office Response to Venetec's Information Disclosure Statement

# Dated June 25, 2007



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/204,586 | 08/16/2005 | Steven F. Bierman | VINTL.26FCPD1CC | 3904 |

| 20995  7590  06/25/2007 |
|---|
| KNOBBE MARTENS OLSON & BEAR LLP |
| 2040 MAIN STREET |
| FOURTEENTH FLOOR |
| IRVINE, CA 92614 |

| EXAMINER |
|---|
| MENDEZ, MANUEL A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/25/2007 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jcartee@kmob.com
eOAPilot@kmob.com



UNITED STATES DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 11/204 586 | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER |
|---|---|
| | |

DATE MAILED:

## NOTICE OF NON-COMPLIANT INFORMATION DISCLOSURE STATEMENT

An Information Disclosure Statement (IDS) filed __10/20/07__ in the above-identified application fails to meet the requirements of 37 CFR 1.97(d) for the reason(s) specified below. Accordingly, the IDS will be placed in the file, but the information referred to therein has not been considered.

The IDS is not compliant with 37 CFR 1.97(d) because:

☑ The IDS lacks a statement as specified in 37 CFR 1.97(e).

☐ The IDS lacks the fee set forth in 37 CFR 1.17(p).

☑ The IDS was filed after the issue fee was paid. Applicant may wish to consider filing a petition to withdraw the application from issue under 37 CFR 1.313(c) to have the IDS considered. See MPEP 1308.

initials

PTO-XX (02-05)