IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 07-CV-0057*** |
| | ) |
| NEXUS MEDICAL, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NEXUS MEDICAL LLC'S REPLY TO VENETEC INTERNATIONAL, INC.'S OPPOSITION TO NEXUS MEDICAL LLC'S MOTION TO CLARIFY OR AMEND THE STIPULATED PROTECTIVE ORDER**

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: 302-888-6800
Facsimile: 302-571-1750
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T: 816-474-9050
F: 816-474-9057

*ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIM-PLAINTIFF
NEXUS MEDICAL, LLC*

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................... 1

II.  ARGUMENT ....................................................................... 2

     A.   Reexamination Proceedings Do Not Allow Counsel for the Patent
          Challenger to Prosecute Patents ........................................... 2

     B.   Venetec Has Not Identified How Nexus Could Inadvertently Disclose or Use
          Venetec's Confidential Information During the Reexamination to the
          Detriment of Venetec ..................................................... 4

     C.   Venetec's Theory of "Prosecution" Is Based on Inapposite and Easily Distinguished
          Case Law ................................................................. 7

     D.   Disqualification of Nexus's Litigation Counsel from Either Proceeding Is an
          Overly Harsh Punishment When No Harm to Venetec Can Be Articulated ....... 8

III. CONCLUSION ..................................................................... 11

# TABLE OF AUTHORITIES

## Statutes, Rules, and Regulations

35 U.S.C. § 301 .................................................................. 3

35 U.S.C. § 311 ................................................................ 3, 5

35 U.S.C. § 314 ................................................................ 2, 3

35 U.S.C. § 315 ................................................................. 10

37 C.F.R. § 1.900 ................................................................ 3

MPEP § 2600 .................................................................... 3

## Cases

*Commissariat a L'Energie Atomique v. Dell Computer Corp., et al.,*
   No. Civ.A. 03-484-KAJ, 2004 WL 1196965 (D. Del. May 25, 2004) ............... 4, 7

*EEOC v. Hora, Inc.,*
   No. 05-5393, 2007 WL 1875834 (3rd Cir. June 29, 2007) ......................... 9

*Grayzel v. St. Jude Medical, Inc.,*
   162 Fed. App. 954 (Fed. Cir. 2005) ............................................. 8

*Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, LLC,*
   No. 98 C 7408, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999) ........................ 7

*MercExchange LLC v. eBay, Inc.,*
   467 F. Supp. 2d 608 (E.D. Va. 2006) ........................................... 8

*Motorola, Inc. v. Interdigital Tech. Corp.,*
   No. Civ.A. 93-488-LON, 1994 WL 16189689 (D. Del. Dec. 19, 1994) .......... 4, 5, 7

*Visto Corp v. Seven Networks, Inc.,*
   No. 2:03-CV-333-TJW, 2006 WL 3741891 (E.D. Tex. Dec. 19, 2006) ............. 4, 7

I.  **INTRODUCTION**

Nexus's Litigation Counsel's participation in the reexamination of Venetec's patent is not "prosecution" of a patent. "Prosecution" of a patent necessarily means procurement of claims on behalf of counsel's client, and certainly not invalidating an opponents' claims, as Nexus's counsel would be doing in the reexamination. Prosecution bars are common so that an attorney knowledgeable about her opponent's future products through discovery, for example, cannot use this knowledge to draft claims for her client that read directly on the products. But in the reexamination of Venetec's patents, Nexus cannot present, amend, or obtain claims for itself. It may only argue the invalidity of claims presented or amended by Venetec, and Nexus's arguments are statutorily limited to applying the published prior art to the Venetec proposed claims. Thus, Nexus's counsel is incapable of using the alleged confidential information Venetec speculates it may produce against Venetec in the reexamination proceeding.

Venetec has speculated about imagined harms it may suffer if it produces certain information in the future and Litigation Counsel for Nexus has access to that information during the pendency of the reexamination. But Venetec fails in any meaningful way to demonstrate how its confidential information could be used by Litigation Counsel in the reexamination. Even if there was no protective order preventing its submission, the Patent Office would not consider Venetec's confidential information because its analysis in reexamination is limited to the published prior art. It appears rather that Venetec hopes to impose an artificial barrier between the proceedings that would allow it to take inconsistent positions before this Court and the Patent Office.

1

Moreover, Venetec's imagined harms are not actual harms that it has suffered, and these imagined harms cannot outweigh the fundamental right of a party to its choice of counsel. Venetec fails to support its request for disqualification of Litigation Counsel from this proceeding or the reexamination proceeding with any case law. Moreover, the Third Circuit imposes a high standard of actual harm suffered before the "draconian" sanction of disqualification should be levied. Disqualification is a harsh and overly severe sanction that is not deserving of the facts. Even if removal of Litigation Counsel from the reexamination was ordered, this still is unsatisfactory due to the estoppel issues arising from *inter partes* reexamination, the possibility that inconsistent theories of invalidity will be presented to the Patent Office and this Court, and the cost of education of Nexus's prosecution counsel on the prior art and invalidity arguments that would be necessary if Litigation Counsel were removed.

## II. ARGUMENT

### A. Reexamination Proceedings Do Not Allow Counsel for the Patent Challenger to Prosecute Patents.

The central argument of Venetec's entire opposition is that Nexus's Litigation Counsel will have, through the auspices of the reexamination, the ability to "substantially alter the claims of Venetec's patents," and that alleged ability amounts to patent prosecution. The problem with this specious position is that it fundamentally ignores that Nexus's counsel cannot amend or file new claims in the reexamination. It is unquestionably true that Nexus hopes that the reexamination will not only alter but eliminate the claims in the Patents-in-Suit. But Nexus may only do so by presenting arguments to the Patent Office about whether the claims, *as crafted by Venetec,* read on the *published prior art.*

Nexus cannot present claims. Nexus cannot amend claims. 35 U.S.C. § 314(a) ("In any inter partes reexamination proceeding under this chapter, the patent owner shall be permitted to propose any amendment to the patent and a new claim or claims . . . ."). Nexus cannot obtain claims for itself. Nexus is present in the reexamination as a third party only able to comment on the arguments made by Venetec about claims presented or amended by Venetec. 35 U.S.C. § 314(b)(2) ("[T]he third-party requester shall have one opportunity to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto . . . ."). Neither the *inter partes* reexamination statute (35 U.S.C. § 311, *et seq*.) nor the Patent Office's rules (37 C.F.R. § 1.900, *et seq*.) or regulations (MPEP § 2600) provide the third-party requester an opportunity to amend claims or propose new claims. Thus, Nexus's arguments are limited by statute to the issue of what is disclosed by the published prior art. 35 U.S.C. §§ 301, 311(a).

Nexus's participation in the *inter partes* reexamination is no different than would be its participation in front of this Court. Nexus will have the opportunity to comment upon the Patent Office's actions and Venetec's responses. In doing so, it will provide its reasons for why the prior art invalidates Venetec's patents. This is exactly the same thing that Nexus would do in front of this Court – Nexus would provide its reasons, in the form of invalidity contentions and written briefs, to the Court on why Venetec's Patents-in-Suit are invalid in view of the prior art. Nexus does not have the opportunity to amend or present new claims in front of this Court, and Nexus does not have this opportunity in the reexamination. Thus, Counsel for Nexus has no more ability to change, narrow, or broaden claims in the reexamination than it does in the judicial proceedings before this Court.

**B.    Venetec Has Not Identified How Nexus Could Inadvertently Disclose or Use Venetec's Confidential Information During the Reexamination to the Detriment of Venetec.**

Nexus emphasizes its lack of opportunity to amend or present new claims because the evil that a prosecution bar attempts to avoid arises only if counsel is seeing an opponent's confidential information and then using that information to write and obtain claims for its own client that cover the opponent's products. *See, e.g., Commissariat a L'Energie Atomique v. Dell Computer Corp., et al.*, No. Civ.A. 03-484-KAJ, 2004 WL 1196965, at *2 (D. Del. May 25, 2004) (Declaration of Scott R. Brown in Support of Nexus's Reply Brief "(Brown Dec.")", Ex. A), *quoting Motorola, Inc. v. Interdigital Tech. Corp.*, No. Civ.A. 93-488-LON, 1994 WL 16189689, at *4 (D. Del. Dec. 19, 1994) (D.I. 62, Ex. H) ("Prosecuting patent applications 'involves decisions of scope and emphasis' that implicate competitive decision making, as claims may be drafted to 'read on new products and new directions where [a party] project[s] sales to be most critical.'"). This evil was aptly described in the quotation from *Visto* set forth in Venetec's brief:

> The purpose of the prosecution bar is to prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit (e.g. drafting claims during patent prosecution). This is true even if the result of the reexamination is narrower claim language.

*Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006) (D.I. 62, Ex. I). The obvious and crucial distinction between the parties is Nexus cannot draft or obtain claims in the reexamination process. Nexus can only give its view to the Patent Office of how claims presented and owned by Venetec, given their broadest reasonable interpretation, read on the prior art. Venetec, on the other hand, can suggest limitations that it believes are not present in the prior art and make its claims allowable, all the while knowing that its

4

claims may then read on Nexus's products. Thus, Venetec's Litigation Counsel, if allowed to participate in the prosecution, are the only ones situated to engage in the conduct that the prosecution bar seeks to prevent. Without this potential for harm, there is no justification for disqualifying Nexus's Litigation Counsel in this lawsuit or removing them from the reexamination.

The rationale for a prosecution bar is often framed in terms of whether counsel could "inadvertently disclose" its opponent's confidential information. *Motorola*, 1994 WL 16189689, at *4 (D.I. 62, Ex. H). There is no risk of inadvertent disclosure in the present case. Even with knowledge of Venetec's confidential information, what could Litigation Counsel do with that information during the reexamination that could harm Venetec? Venetec identifies potential confidential information, such as Venetec's understanding of the marketplace and its products, but then never identifies exactly how Nexus's knowledge of this information would harm Venetec during the reexamination. (D.I. 77, p. 12). Quite plainly, even without a protective order, Nexus could not present such information to the Patent Office because the Patent Office only considers prior art in making determinations about the patentability of a claim. *See* 35 U.S.C. § 311(a) ("Any third-party requester at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art cited under the provisions of section 301.")

Venetec states that Nexus has "the ability to make the reexamined claims read on products that have no commercial relevance, and away from new products and new directions where Nexus' [sic] projects commercial sales to be most valuable." (D.I. 77, p. 12). While the allegation is flattering indeed, Nexus respectfully submits that Venetec exaggerates the amount of influence any Nexus reexamination counsel has in the reexamination proceeding. Nexus is limited to arguing about claim language presented by Venetec. The claims presented either will read on the published prior art or

they will not. To suggest that, by force of arguments made based on published prior art, Nexus could push claims presented by someone else to be interpreted so that they have no commercial significance overstates the nature of Nexus's participation. This can only result if the published prior art has features Venetec seeks to patent, and the purported confidential information that Venetec may produce has no role in that determination.[1]

Nexus cannot "make the reexamined claims read" on anything. Once again, Nexus does not submit claims or claim amendments to the Patent Office during the reexamination; only Venetec does that. Presumably, Venetec will draft claims to try and cover the Accused Products, and Nexus will only be able to argue whether those claims are patentable in view of the prior art. This certainly does not fit the scenario emphasized by the courts as the reason a prosecution bar is acceptable.

Venetec states that "[t]here is no substantive difference between the roles that Venetec's patent prosecution counsel and Nexus' reexamination counsel will play in the Patent Office's reexamination of the subject claims." (D.I. 77, p. 6). This is glaringly wrong for the reasons stated above; Venetec has the opportunity to propose and amend claims. Nexus receives no such opportunity, nor does Nexus advocate for allowance of any claims.

Venetec states that "Nexus' lawyers will *directly* participate in the process of Venetec obtaining its reexamined claims . . . ." (D.I. 77, p. 5, n.6) (emphasis in original). Nexus has no interest in participating in Venetec obtaining claims. Nexus's participation in the reexamination is

---

[1] Nexus notes that of the conjectured confidential information Venetec alleges it may produce, it has not done so to date. Indeed, Nexus's review of the thirty thousand pages of documents produced by Venetec so far has revealed they are *all* purchase orders, invoices, and like commercial transaction documents. Clearly Venetec is presently in no danger of suffering the imagined harm it worries about in its argument. If the Court stays the lawsuit as requested by Nexus, Venetec will never face this imagined harm.

to make sure Venetec does not obtain any claims. Venetec can couch Nexus's participation in the reexamination in any number of ways, but it must admit that Nexus is not seeking to obtain claims for itself but is instead seeking to invalidate Venetec's claims.

    C.    **Venetec's Theory of "Prosecution" Is Based on Inapposite and Easily Distinguished Case Law**.

Venetec's entire argument is predicated on an interpretation of "prosecution" of a patent that is inconsistent with the common understanding by the patent bar and Venetec's own cited case law. Because the Protective Order (D.I. 32) prohibits Litigation Counsel from prosecuting patents for any party for a specified time, the definition of "prosecution" is dispositive. Although Venetec argues that Nexus's participation in seeking to invalidate Venetec's claims during the reexamination is prosecution of Venetec's patent, Venetec provides no case law support for this argument. In fact, ***every case*** cited by Venetec is where Litigation Counsel is prohibited from prosecuting ***its client's own patents***. *See e.g.*, *Commissariat a L'Energie Atomique*, 2004 WL 1196965 (Brown Dec., Ex. A); *Motorola*, 1994 WL 16189689 (D.I. 62, Ex. H); *Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, LLC*, No. 98 C 7408, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999) (Brown Dec. Ex. B).

Venetec highlights *Visto* as allegedly supporting its position. (D.I. 77, p. 7). Nexus distinguished this case in its opening brief, but to reiterate, *Visto* is unhelpful to Venetec because the issue was that Litigation Counsel was participating ***in the reexamination of its client's own patents***. *Visto*, 2006 WL 3741891, at \*\*6-7 (D.I. 62, Ex. I). Litigation counsel was thus procuring claims for its client, i.e., prosecuting. Venetec fails to address this significant distinction and in fact, failing to have an adequate response, resorts to misrepresenting Nexus's argument saying Nexus relied on who the requestor for the reexamination was, the patentee versus a third party. Clearly neither party

7

has been able to locate a single reported or unreported case where a court found that attempting to invalidate another's claim through reexamination was considered prosecution.

Venetec's remaining cases are also inapposite and provide no persuasive reasoning for defining "prosecution" to include Nexus's Litigation Counsel's participation as a third-party requester seeking to invalidate claims. For example, *Grayzel v. St. Jude Medical, Inc.*, 162 Fed. App. 954 (Fed. Cir. 2005), (Brown Dec. Ex. C) is another example of a patentee and its Litigation Counsel being prohibited from participating in an *ex parte* reexamination because the patentee would be amending and presenting its own claims after seeing its opponent's confidential information. *MercExchange LLC v. eBay, Inc.*, 467 F. Supp. 2d 608 (E.D. Va. 2006) (Brown Dec. Ex. D) is also unhelpful to Venetec, as it discusses prohibiting experts who participated in the litigation and saw confidential information from then advocating for allowance of claims for its client in front of the Patent Office. It is therefore just like those cases where the prosecution counsel is advocating for allowance of claims for its client and thus is prohibited from seeing an opponent's confidential information.

D.  **Disqualification of Nexus's Litigation Counsel from Either Proceeding Is an Overly Harsh Punishment When No Harm to Venetec Can Be Articulated**.

Venetec requests disqualification of Nexus's Litigation Counsel, Mr. Brown and Ms. Bailey, from the present lawsuit, or, in the alternative, an order to stop participating in Nexus's reexamination of the asserted patents. (D.I. 77, pp. 11-12). Disqualification is extremely severe and out of proportion with the non-existent harm to Venetec. Nexus has not violated the protective order

and certainly did not undertake to purposefully and with bad faith violate the Protective Order.[2] The amount of briefing on the matter is evidence alone that the parties simply disagree about the proper definition of an attorney who is prohibited from participating in any "patent prosecution for any party." (D.I. 32, p. 6). Moreover, Venetec has not identified any harm that it has allegedly incurred. Without even an intimation of bad faith or harm, disqualification of Mr. Brown and Ms. Bailey is extraordinarily unjust.

Venetec has requested disqualification of Nexus's counsel without citing *a single case* in support. But disqualification is a "severe sanction" that the Third Circuit has labeled as "draconian." *EEOC v. Hora, Inc.*, No. 05-5393, 2007 WL 1875834, at **3-4 (3rd Cir. June 29, 2007) (Brown Dec., Ex. E). Such a sanction must be weighed against the fundamental right of a party to its counsel of choice. At a minimum, the Third Circuit requires that the requesting party make a showing that it has "been so severely prejudiced that the draconian measure of disqualification of counsel" is warranted. *Id.* at *3. Venetec's musings regarding potential but no actual harm do not satisfy the showing required to result in disqualification.

Nexus has chosen Mr. Brown and Ms. Bailey to proceed in the reexamination and to act as its Litigation Counsel. Nexus has invested time and money in allowing them to become educated about Nexus's products, the prior art for the Patents-in-Suit, and this lawsuit. To disqualify them as counsel in this litigation would be a harsh set-back to Nexus that would require further expense and likely a delay of this lawsuit.

---

[2] Venetec accused counsel for Nexus of executing "false" declarations. Suffice to say that Nexus's counsel's understanding of what prosecution is, as set forth in this brief and the opening brief, makes it clear that counsel did not believe the declarations were false when executing them. Venetec's failure to find a case supporting its view about prosecution only supports Nexus's counsel's good faith belief in how they have comported themselves in this matter.

Removal of Nexus's Litigation Counsel from the reexamination is also without justification. The right of a party to its choice of counsel has the same full force and effect in proceedings before the Patent Office as it does in this Court. Moreover, because of the estoppel provisions of 35 U.S.C. § 315(c) that arise from Nexus's participation in the *inter partes* reexamination, Nexus is required by statute to put forth all known prior art for which it bases its arguments for invalidity during the reexamination. It cannot save them for the present litigation.

Removal would also allow Venetec to put forth inconsistent positions in front of the Patent Office and this Court. Venetec has already shown a propensity for improperly designating information as confidential. For example, Venetec designated its infringement contentions and alleged claim constructions as confidential. It had no legitimate basis for doing so. Venetec now is afforded the opportunity to argue any claim construction it wants in front of the Patent Office, and argue a different claim construction in front of this Court. If removal of Nexus's Litigation Counsel from the reexamination was effected, Nexus's prosecution counsel who proceeded with the reexamination would not be able to view Nexus's claim constructions in this lawsuit because of Venetec's improper designations and determine if they were inconsistent with the claim constructions put forth in the Patent Office. Nexus's prosecution counsel would be effectively prevented from seeing legitimate information, thus improperly tying its hands. Moreover, any legitimately-designated confidential information would not be accepted by the Patent Office even if it were presented in violation of the Protective Order.

Furthermore, Nexus would be prejudiced by having to invest in other counsel to recreate work product already prepared by Litigation Counsel. The amount of invested time Mr. Brown and Ms. Bailey already have with the prior art and invalidity arguments is significant. They have spent a

considerable amount of time reviewing the one hundred thirty prior art references at issue in the present case and becoming intimately familiar with many of them. They have spent at least fifty hours preparing the '485 patent's reexamination request and numerous claim charts.[3] Nexus's prosecution counsel does not have this knowledge and would have to spend many tens of hours, and many thousands of dollars in additional attorneys' fees, "coming up to speed." Moreover, a large part of the '979 patent's reexamination request is already prepared, and presumably, this would have to be redone by Nexus's prosecution counsel. Without an identifiable harm to Venetec, removal of Nexus's Litigation Counsel in the reexamination is not a fair and just outcome.

## III. CONCLUSION

The Protective Order in place bars Nexus's Litigation Counsel only from prosecuting patents. Seeking to invalidate Venetec's claims during the reexamination is not prosecution. Without any supporting case law, Venetec's definition of prosecution should be rejected. Nexus thus respectfully requests that the Court order that the prosecution bar set forth in Paragraph 5 of the Protective Order does not bar a party's Litigation Counsel from participating in the reexamination of its opponent's patents.

---

[3] Venetec suggests that Nexus inappropriately prepared the second reexamination request for the '979 patent: "Rather than wait for the Court's ruling on its own motion to learn whether it was permitted to prepare such an additional request, Nexus' Litigation Counsel just went ahead and drafted it." Venetec has absolutely no basis for this statement. The accurate summary of the events was that Nexus had already prepared a large majority of the reexamination request for the '979 patent when Venetec first contacted Nexus about the disqualification issue via its letter dated July 9, 2007. (D.I. 62, Ex. C). At that time, Nexus's Litigation Counsel ceased continuing preparation of the request and has not performed any work on it since then. (Brown Dec., ¶ 3). Nexus informed both Venetec and the Court that it was awaiting a ruling from the court on the disqualification issue before completing and filing the request (D.I. 61, p. 3, n.2).

11

Date: August 17, 2007

/s/ Mary Matterer
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: 302-888-6800
Facsimile: 302-571-1750
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
T: 816-474-9050
F: 816-474-9057

*ATTORNEYS FOR DEFENDANT*
*AND COUNTERCLAIM-PLAINTIFF*
*NEXUS MEDICAL, LLC*

12