IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VENETEC INTERNATIONAL, INC.,       )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )        C.A. No. 07-57 (***)
                                   )
NEXUS MEDICAL, LLC,                )
                                   )
                    Defendant.     )

**VENETEC INTERNATIONAL, INC.'S
REPLY TO NEXUS MEDICAL, LLC'S COUNTERCLAIM**

Plaintiff Venetec International, Inc. ("Venetec") files this Reply to Defendant Nexus Medical LLC's ("Nexus") Counterclaim, filed September 19, 2007, and states as follows:

**PARTIES**

1.    Venetec admits the allegations of Paragraph 1 of the Counterclaim.

2.    Venetec admits the allegations of Paragraph 2 of the Counterclaim, except that it denies that the zip code for San Diego, California is 66215.

**JURISDICTION AND VENUE**

3.    Venetec admits that Paragraph 3 of the Counterclaim identifies the statute on which Defendant's Counterclaim is based.  To the extent that any further response is required, Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are not infringed or are invalid, void, or unenforceable.

4.    Venetec admits the allegations of Paragraph 4 of the Counterclaim.

5.    Venetec admits the allegations of Paragraph 5 of the Counterclaim.

## ANSWER TO COUNTERCLAIM

### Count I

6.    Venetec incorporates by reference Paragraphs 1-5 of this Reply in response to Paragraph 6 of the Counterclaim.

7.    Venetec admits the allegations of Paragraph 7 of the Counterclaim.

8.    Venetec admits the allegations of Paragraph 8 of the Counterclaim.

9.    Venetec denies the allegations of Paragraph 9 of the Counterclaim.

10.    Venetec admits that it commenced an action for infringement of the patents-in-suit and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the patents-in-suit, and the validity of the patents-in-suit.    Venetec denies the remaining allegations of Paragraph 10 of the Counterclaim.

11.    Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaim, and therefore denies them.

12.    Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are not infringed.

### Count II

13.    Venetec incorporates by reference Paragraphs 1-12 of this Reply in response to Paragraph 13 of the Counterclaim.

14.    Venetec admits the allegations of Paragraph 14 of the Counterclaim.

15.    Venetec admits the allegations of Paragraph 15 of the Counterclaim.

16.    Venetec denies the allegations of Paragraph 16 of the Counterclaim.

2

17.     Venetec admits that it commenced an action for infringement of the patents-in-suit and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the patents-in-suit, and the validity of the patents-in-suit.    Venetec denies the remaining allegations of Paragraph 17 of the Counterclaim.

18.     Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the Counterclaim, and therefore denies them.

19.     Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are invalid or void.

**Count III**

20.     Venetec incorporates by reference Paragraphs 1-19 of this Reply in response to Paragraph 20 of the Counterclaim.

21.     Venetec admits the allegations of Paragraph 21 of the Counterclaim.

22.     Venetec admits the allegations of Paragraph 22 of the Counterclaim.

23.     Venetec admits the allegations of Paragraph 23 of the Counterclaim.

24.     Venetec admits that a copy of what purported to be the '485 Reexamination was attached to the declaration of Scott R. Brown that was filed on June 25, 2007.  Venetec lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Counterclaim, and therefore denies them.

25.     Venetec denies the allegations of Paragraph 25 of the Counterclaim.

26.     Venetec admits that a copy of what purported to be the '485 Reexamination contains claim charts.  Venetec denies the remaining allegations of Paragraph 26 of the Counterclaim.

27.    Venetec admits that a copy of what purported to be the '485 Reexamination contains contentions that allege invalidity and/or obviousness in view of certain prior art references.    Venetec denies the remaining allegations of Paragraph 27 of the Counterclaim.

28.    Venetec denies the allegations of Paragraph 28 of the Counterclaim.

29.    Venetec admits that it did not cite in the '150 Patent application the claim charts or purported invalidity contentions listed in a copy of what purported to be the '485 Reexamination.  Venetec denies the remaining allegations of Paragraph 29 of the Counterclaim.

30.    Venetec admits that Nexus served a response to Venetec's First Set of Interrogatories on May 30, 2007.  Venetec denies the remaining allegations of Paragraph 30 of the Counterclaim.

31.    Venetec admits that it filed an Information Disclosure Statement on June 20, 2007, which included a copy of Nexus' Objections and Responses to Venetec's First Set of Interrogatories.   Venetec admits that a copy of what appears to be the Information Disclosure Statement is attached as Exhibit A to Nexus's Answer To Venetec's Second Supplemental Complaint And Counterclaim.  Venetec denies the remaining allegations of Paragraph 31 of the Counterclaim.

32.    Venetec admits the allegations of Paragraph 32 of the Counterclaim.

33.    Venetec denies the allegations of Paragraph 33 of the Counterclaim.

34.    Venetec denies the allegations of Paragraph 34 of the Counterclaim.

35.    Venetec denies the allegations of Paragraph 35 of the Counterclaim.

36.    Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Counterclaim, and therefore denies them.

37.    Venetec denies the allegations of Paragraph 37 of the Counterclaim.

38.    Venetec admits that it commenced an action for infringement of the '150 Patent and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the '150 Patent.  Venetec denies that there is a substantial, justiciable, and continuing controversy between the parties with respect to whether the '150 Patent is unenforceable.  Venetec denies the remaining allegations of Paragraph 38 of the Counterclaim.

39.    Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39 of the Counterclaim, and therefore denies them.

40.    Venetec denies that Nexus is entitled to any declaratory relief, denies that the '150 Patent is unenforceable and denies that Nexus has stated a claim on which relief can be granted as to the unenforceability of the '150 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Venetec respectfully request that this Court enter judgment against Defendant Nexus, granting the following relief:

A.    An order dismissing Defendant Nexus' Counterclaim with prejudice;

B.    An award to Venetec of attorneys' fees and costs for defending the Counterclaim; and

C.    An award of such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
    Attorneys for Plaintiff

Of Counsel:

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC  20004
(202) 637-2200

Dated:  September 27, 2007

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Herrmann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on September 27, 2007 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> **and HAND DELIVERY**
>
> Richard Herrmann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE  19801
>
> **BY ELECTRONIC**
> **and FIRST CLASS MAIL**
>
> Scott R. Brown, Esquire
> Jennifer C. Bailey, Esquire
> HOVEY WILLIAMS LLP
> 2405 Grand Boulevard
> Suite 400
> Kansas City, MO  64108

> _/s/ Maryellen Noreika_
> Maryellen Noreika (#3208)
> mnoreika@mnat.com