## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

September 28, 2007

The Honorable Mary Pat Thynge                                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

> Re:   *Venetec International, Inc. v. Nexus Medical, LLC*
>       C.A. No. 07-57 (***)

Dear Judge Thynge:

We write in response to Defendant Nexus' September 27, 2007 letter to Your Honor concerning the grant of Request for *Inter Partes* Reexamination of one of the three Patents-in-Suit. Nexus takes the position that the granting of that request invalidates the patent and Venetec's infringement claim, and that therefore Nexus is entitled to a stay of the litigation. Nexus is incorrect.

The mere grant of an *inter partes* reexamination only reflects a substantial likelihood that a reasonable examiner would consider the prior art "important" in deciding whether the claim is patentable. *See* MPEP § 2642(I). Because a reexamination requester is not required to establish a *prima facie* case of unpatentability for the request to be granted, "'a substantial new question of patentability' as to the present claim could be present ***even if the examiner would not necessarily reject the claim*** as either anticipated by, or obvious in view of, the prior art patents or publications." *Id.* (emphasis added). "The difference between 'a substantial new question of patentability' and a '*prima facie*' case of unpatentability is important." *Id.* (citing *In re Etter*, 756 F.2d 852, 857 n.5 (Fed. Cir. 1985)).

Nexus' position, that a grant of a reexamination request entitles it to a stay of litigation, is contrary to the overwhelming weight of the caselaw in this District. *See, e.g.,* Ex. A, *ArthroCare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR, at 2 (D. Del. Nov. 27, 2002) (denying motion to stay pending reexamination and holding that "the court will generally not stay its cases pending reexamination proceedings ***absent extraordinary circumstances***") (emphasis added). If Nexus were right and a stay were the norm, patentees would not be able to enforce their property rights without first going through the reexamination process. That is not the way the system works. Indeed, the patent statute provides for stays pending *inter partes* reexaminations at the request of the patent *owner*, not the alleged *infringer*. 35 U.S.C. § 318.

The Honorable Mary Pat Thynge
September 28, 2007
Page 2

      Nor should Nexus be permitted to bootstrap the grant of reexamination on a single patent into a stay of litigation on three patents and six claims of false marking. The '979 patent is subject only to an *ex parte* reexamination, and (after eight months of looking) Nexus has failed to identify *any* reference **not already considered by the PTO** on which to base a reexamination request for the '150 Patent.

      Finally, Nexus has had ample opportunity to request additional reexaminations but has not done so. The Stipulated Protective Order only limits the "Litigation Staff" of Scott R. Brown and Jennifer C. Bailey from engaging in patent prosecution – it does not prevent Nexus from filing any other requests for reexamination. (D.I. 32 at ¶ 5(b).) Meanwhile, Nexus continues to infringe Venetec's patents and to exploit the market pioneered by Venetec. Nexus also continues to falsely mark its products, a matter unrelated to any potential reexamination proceeding.

      Respectfully,

      Jack B. Blumenfeld

JBB/dlb
Enclosure
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
       Mary B. Matterer, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
       Scott R. Brown, Esquire (Via Electronic Mail; w/ encl.)
       Jennifer C. Bailey, Esquire (Via Electronic Mail; w/ encl.)

# EXHIBIT A

Case 1:07-cv-00057-MPT     Document 96-2     Filed 09/28/2007     Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 01-504-SLR |
| ) | |
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington this 27th day of November, 2002, having reviewed the papers submitted by the parties in connection with various motions filed by defendant;

IT IS ORDERED that defendant's motion to stay pending reexamination (D.I. 187) is denied, for the reasons that follow:

1. The United States Court of Appeals for the Federal Circuit recognizes that "[c]ourts have inherent power to manage their dockets and stay proceedings . . ., including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). Courts clearly have the authority to order their cases to trial.

2. The Federal Circuit also has recognized that patent litigation in a district court and reexamination proceedings

before the PTO do not implicate a "precise duplication of effort" because "litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes." Id. at 1427.

    3. Given the court's view that its primary purpose is to manage litigation in an expeditious manner in order to create an appropriate record (through motion practice or trial) for review by the Federal Circuit, the court generally will not stay its cases pending reexamination proceedings absent extraordinary circumstances. In this case, where only one of the three patents is undergoing reexamination, where the patents at issue relate to an evolving and highly competitive market, and where the reexamination proceedings to date have not been conducted with what the court would consider "special dispatch", the court declines to find this an exceptional case warranting a stay. The court understands that, prior to trial, the PTO may issue rulings that will need to be considered, thus causing some inefficiencies in the pretrial and trial process. Nevertheless, the court concludes that such inefficiencies are an inherent byproduct of concurrent litigation and reexamination and, therefore, do not constitute exceptional circumstances justifying a stay of the litigation at bar.

IT IS FURTHER ORDERED that defendant's motion to bifurcate willfulness and damages and to stay discovery (D.I. 107) is granted. Discovery on the issues of willfulness and damages will be stayed until after the verdict on infringement and invalidity has been returned; these issues will be tried to a new jury.

IT IS FURTHER ORDERED that defendant's claim of privilege pertaining to redactions in certain documents (D.I. 190) is denied. The court finds that the information redacted is equivalent to the information required to be included in a privilege log, and thus not privileged information.

IT IS FURTHER ORDERED that defendant's second motion for leave to amend answer and counterclaim (D.I. 111) is granted. However, discovery and trial of defendant's newly added counterclaim for antitrust violations are stayed consistent with the above ruling on the issues of damages and willfulness.

IT IS FURTHER ORDERED that defendant's motion for reargument is denied, as is its motion to strike. (D.I. 160, 172)

                                                      /s/
                                  United States District Judge