IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENTEC INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-57 (***) |
| | ) | |
| NEXUS MEDICAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**VENETEC'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

*Of Counsel:*

Steven Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

October 25, 2007

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT.......................................................................................................................3

    A. Venetec's *Disclosure* of Nexus' Invalidity Contentions As Well As the Underlying Prior Art References Is *Not* Inequitable Conduct as a Matter of Law ...........................................................................................................................3

        1. Venetec Was *Not* Required to Withdraw the '150 Patent From Issuance...............................................................................................................3

        2. The Information Nexus Contends is *Per Se* Material Is Cumulative and "Does Not Meet the Threshold of Materiality That Is Predicate to a Holding of Inequitable Conduct"........................................................................5

    B. Nexus Fails to Plead Any Actual Deception and Its Allegations Are Insufficient to Support An Inference of Intent to Deceive .......................................6

III. CONCLUSION....................................................................................................................8

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350 (Fed. Cir. 1984) ............................ 5

*Cent. Admixture Pharm. Serv., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347 (Fed. Cir. 2007) ............................ 6

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253 (Fed. Cir. 1997) ............ 7

*Digital Control, Inc. v. Merlin Tech., Inc.*, 437 F.3d 1309 (Fed. Cir. 2006) ............................ 5

*Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911 (Fed. Cir. 1992) ..... 3, 4, 7

*Mele v. Federal Reserve Bank*, 359 F.3d 251 (3d Cir. 2004) ............................ 2

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342 (Fed. Cir. 2007) ............ 5-6

*Scripps Clinic & Research Found. v. Genetech, Inc.*, 927 F.2d 1565 (Fed. Cir. 1991) ............ 6

## FEDERAL RULES AND STATUTES

37 C.F.R. § 1.56(b) ............................ 5, 6

Fed. R. Civ. P. 12(c) ............................ 2

I.  **INTRODUCTION**

To maintain its unenforceability defense and counterclaim, Nexus must plead with particularity that Venetec withheld material information from or affirmatively made material misrepresentations to the Patent and Trademark Office (the "PTO") during the prosecution of the application for the '150 Patent, and that it did so with intent to deceive. Nexus has failed to meet this standard.

Nexus' Answer and Counterclaims does not state a claim for inequitable conduct as a matter of law. First, Nexus cannot identify any material information that was not in the PTO's possession. It is undisputed that Venetec disclosed Nexus' Invalidity Contentions to the PTO. Nexus has failed to identify any actual deception, misrepresentation, or non-disclosure that could support a claim for inequitable conduct. Nexus has not alleged a theory of how the PTO was deceived when Venetec provided the very information Nexus argues was material to the prosecution of the application for the '150 Patent. There is no authority requiring Venetec to withdraw its application and re-submit contentions it had already disclosed to the PTO.

Nexus' assertion that Venetec's alleged non-disclosure of the '485 Reexamination Request constituted inequitable conduct is similarly without merit. Nexus *itself* informed the PTO of the '485 Reexamination Request (which was assigned to the same Art Unit that examined the '150 Patent) by submitting that request. Nexus' pleading fails to articulate any theory of how the PTO was deceived or deprived of any allegedly material information during prosecution. In any event, the '485 Reexamination Request was based solely on prior art that Venetec previously already disclosed to the PTO and a third disclosure of the same information would not have added any material information to the prosecution.

Second, Nexus cannot establish that Venetec acted with any intent to deceive. As an initial matter, Nexus merely pleads intent to deceive "upon information and belief." This is

1

insufficient to satisfy the standard set by Rule 9(b). Moreover, as a matter of law, there can be no intent to deceive the PTO where Venetec had disclosed all of the underlying prior art that formed the basis for Nexus' invalidity contentions. Venetec *also* disclosed Nexus' actual invalidity contentions (based on the previously disclosed prior art), even though the PTO was already aware of all the information that Nexus contends was material to the prosecution of the application for the '150 Patent.

Finally, in its Answering Brief, Nexus makes a new assertion that Venetec engaged in inequitable conduct by allegedly failing to disclose the existence of this litigation to the PTO. (D.I. 102 at 10.) Nexus concedes that this new assertion is absent from its pleadings. (*Id.* at 20.) ("Nexus further notes that the failure to cite the existence of this litigation was not specifically called out in the inequitable conduct claim as originally plead."). An assertion not contained in Nexus' pleadings, however, is irrelevant to Venetec's Motion for Partial Judgment on the Pleadings. *See, e.g., Mele v. Fed. Reserve Bank*, 359 F.3d 251, 257 (3d Cir. 2004) ("In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings."); FED. R. CIV. P. 12(c). Accordingly, Venetec will not respond to this unalleged and new argument.[1]

---

[1] Nexus has not moved to amend its pleadings, presumably because the deadline for filing such motions has passed. (*See* D.I. 23 at ¶ 2.) Should Nexus move for leave to amend, Venetec will address the new allegation. Regardless, Nexus' new allegation is also meritless because Venetec *did* disclose the existence of this litigation to the PTO. (D.I. 91 at Exhibit A, Venetec's Information Disclosure Statement filed during prosecution of the '150 Patent.) ("In accordance with M.P.E.P. § 2001.06(c), Applicant hereby informs the Patent Office that U.S. Patent No. 6,213,979 (the '979 patent) and U.S. Patent No. 6,447,485 (the '485 patent), from which the present application claims priority, are the subject of ongoing litigation.").

2

## II. ARGUMENT

### A. Venetec's *Disclosure* of Nexus' Invalidity Contentions As Well As the Underlying Prior Art References Is *Not* Inequitable Conduct as a Matter of Law

Nexus argues that Venetec should have withdrawn its patent application after Nexus raised its invalidity contentions, and that those contentions, which were based entirely on references that were already before the patent examiner during prosecution, were material to the prosecution of the '150 application. (D.I. 102 at 10.) Nexus is wrong.

#### 1. Venetec Was *Not* Required to Withdraw the '150 Patent From Issuance

Nexus' claim of inequitable conduct is premised on the allegation that "although Venetec had the *opportunity* to petition the PTO to withdraw the '150 application from issuance and therefore allow consideration of Nexus' Interrogatory Invalidity Contentions, Venetec failed to do so." (D.I. 91 at ¶ 35 (emphasis added).) There is no law (and Nexus has not cited any), however, that *requires* a party to withdraw a patent from issuance after it has paid the issue fee after a notice of allowance.

Nexus concedes, as it must, that Venetec did not have Nexus' Invalidity Contentions or the '485 Reexamination Request until two or three months *after* Venetec had paid the issue fee on the '150 Patent application. (D.I. 91 at ¶¶ 24, 30.) In *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, the alleged infringer asserted inequitable conduct based on a reference (the Lawson patent) that had been brought to the attention of the patent applicant after the issue fee had been paid but before the patent issued. 973 F.2d 911, 917-18 (Fed. Cir. 1992).[2] The Federal Circuit held:

---

[2] Unlike the situation here, in *Kimberly-Clark Corp.*, the prior art at issue had not been previously considered by the PTO.

3

> While prudence might have dictated telling the Patent and Trademark Office about the [Lawson] patent immediately, there is ***no evidence of an intent to deceive*** in letting [its own] patent go to issuance.

*Id.* at 918 (emphasis added). Importantly, the Federal Circuit did ***not*** require the patent applicant to withdraw its application from issuance where it became aware of an arguably material reference after it had paid the issue fee, regardless of the applicant's "opportunity" to do so. *Id.*

Similarly, Nexus' counterclaim for inequitable conduct arises from Venetec's alleged failure "to withdraw the '150 application from issuance and therefore allow consideration of Nexus's Interrogatory Invalidity Contentions." (D.I. 91 at ¶ 35.) Venetec paid the issue fee on March 15, 2007. (D.I. 95, Ex. A, '150 Pros. History at 121-124.) Nexus did not serve its Invalidity Contentions or the '485 Reexamination Request until May and June, 2007, respectively. (D.I. 91 at ¶¶ 24, 30.) Venetec disclosed those Invalidity Contentions to the PTO. It was not, however, required to pull its application from issuance. *Kimberly-Clark Corp.*, 973 F.2d at 918. Nexus has not cited ***any*** case to support its argument that a patent applicant must withdraw its application once an issue fee has been paid.

Indeed, such a rule of law would warp the current procedure and encourage alleged infringers to continuously file invalidity contentions or any other arguably material information in an attempt to frustrate the patent application process. There mere filing of any litigation pleading during prosecution of a related patent application could trigger this supposed obligation, because – if Nexus' theory of inequitable conduct were correct – the patent applicant would be ***required*** to withdraw its application from issuance in order to stave off charges of inequitable conduct even after the issue fee had been paid. Such a practice could allow an alleged infringer like Nexus to delay a patent from issuing for years. It is no wonder that Nexus can cite no authority to support its position.

4

2.  **The Information Nexus Contends is *Per Se* Material Is Cumulative and "Does Not Meet the Threshold of Materiality That Is Predicate to a Holding of Inequitable Conduct"**

Nexus contends that the invalidity contentions set forth in its Interrogatory Responses and its Request for Reexamination of the '485 Patent are *per se* material to the '150 Patent application. (D.I. 102 at 10-14.) Nexus misconstrues the law regarding the materiality of information relevant to a patent prosecution.

Nexus relies on 37 C.F.R. § 1.56(b) (Rule 56) for the proposition that "[i]nformation is material if, by itself or in combination with other information, it establishes a *prima facie* case of unpatentability." (*Id.* at 9.) Nexus leaves out the remaining portion of Rule 56, which states that "information is material to patentability **when it is not cumulative to information already of record**." 37 C.F.R. § 1.56(b) (emphasis added). As noted in Venetec's opening brief, Nexus' Invalidity Contentions and '485 Reexamination Request were based solely on prior art previously disclosed ***and considered*** by the Patent Examiner and were therefore merely cumulative to the patent application process. *See Digital Control, Inc. v. Merlin Tech., Inc.*, 437 F.3d 1309, 1319 (Fed. Cir. 2006) ("a withheld otherwise material prior art reference is *not* material for the purposes of inequitable conduct if it is merely cumulative to that information considered by the examiner.") (emphasis original).

Nexus cannot base its assertion of materiality on prior art expressly considered by the PTO on the theory that the PTO failed to understand the information before it. *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984) ("when no prior art other than which was considered by the PTO is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job... ."); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1366 (Fed. Cir. 2007) ("When the party asserting invalidity relies on references that were considered

5

during examination or reexamination, that party 'bears the added burden of overcoming the deference that is due to a qualified government agency presumed to have done its job'."). Instead, the PTO is presumed to have understood the references before it and correctly done its job issuing the '150 Patent over such prior art.

Simply put, Nexus' invalidity contentions are cumulative and thus not material under 37 C.F.R. § 1.56(b). They cannot be used to form the basis for a claim of inequitable conduct. *Scripps Clinic & Research Found. v. Genetech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991) ("A reference that is simply cumulative to other references does not meet the threshold of materiality that is predicate to a holding of inequitable conduct.") (citing *Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435, 1440 (Fed. Cir. 1991)). Having failed to identify any information that exceeds "the threshold of materiality that is a predicate to a holding of inequitable conduct," Nexus' allegation fails as a matter of law. *Id.*

### B. Nexus Fails to Plead Any Actual Deception and Its Allegations Are Insufficient to Support An Inference of Intent to Deceive

Nexus contends that the PTO was "deceived" without identifying how. Instead, Nexus merely pleads that "upon information and belief," Venetec's alleged failure to cite the invalidity contentions from the reexamination request or the interrogatory response "was with bad faith and an intent to deceive." (D.I. 91 at ¶ 37.) Nexus' conclusory "information and belief" allegation is insufficient to satisfy its burden under Rule 9(b). *See, e.g. Cent. Admixture Pharm. Serv., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-1357 (Fed. Cir. 2007) ("We have held that 'inequitable conduct, while a broader concept than fraud, must be pled with particularity.'").

Nexus' allegation of intent to deceive is based on an argument that the Court should draw an adverse inference from Venetec's diligent payment of the issue fee. (*See* D.I.

6

102 at 19.) ("Venetec obviously wanted the '150 patent to issue as quickly as possible, as it payed [*sic*] the issue fee a day prior to the application actually being allowed. … It does not take much hypothesizing to realize that Venetec was more than anxious to rush the '150 patent to issuance."). Putting Nexus' "hypothesizing" aside, Venetec had no way to divine that Nexus would argue that the patents-in-suit (then, the '979 and '485 patents) were invalid or would seek their reexamination, much less predict that Nexus' contentions would be based solely on prior art already considered during prosecution of the '150 Patent application. Moreover, an inference of intent to deceive can only be based on a combination of ***"a high level of materiality" and "non-disclosure"*** of the material information. *See, e.g., Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1257 (Fed. Cir. 1997) (emphasis added). Venetec's *disclosure* of *cumulative* (*i.e.*, "non-material") information cannot support an inference of intent to deceive. *Kimberly-Clark Corp.*, 973 F.2d at 918 (disclosure of information in a related patent application after payment of issuance fee is "is not consistent with an intent to deceive.").

Nexus fails to identify any actual deception on the PTO, and its assertion that the facts as pled are sufficient for this Court to draw an adverse interest is simply incorrect.

7

### III. CONCLUSION

Nexus' defense and counterclaim of inequitable conduct fails as a matter of law. First, the information Nexus contends is "material" was (a) provided to the PTO and (b) cumulative to prior art it previously considered. Second, Nexus fails to identify anything that the PTO was allegedly "deceived" about, and the facts it has pled cannot support an "inference" of intent to deceive. Venetec respectfully asks this Court to award partial judgment on the pleadings to Venetec, to strike Nexus' inequitable conduct defense and to dismiss Count III of its counterclaim alleging inequitable conduct.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiff*

*Of Counsel:*

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

October 25, 2007

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Herrmann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on October 25, 2007 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> **and HAND DELIVERY**
>
> Richard Herrmann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE  19801
>
> **BY ELECTRONIC**
> **and FIRST CLASS MAIL**
>
> Scott R. Brown, Esquire
> Jennifer C. Bailey, Esquire
> HOVEY WILLIAMS LLP
> 2405 Grand Boulevard
> Suite 400
> Kansas City, MO  64108

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com