**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-cv-0057 *** |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**NEXUS MEDICAL, LLC'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER
AND COUNTERCLAIM  TO VENETEC INTERNATIONAL, INC.'S
<u>SECOND SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM</u>**

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware  19801-1494
Telephone: 302-888-6800
Facsimile: 302-571-1750
mmatterer@morrisjames.com

Of Counsel:

Scott R. Brown (Admitted *Pro Hac Vice*)
Jennifer C. Bailey (Admitted *Pro Hac Vice*)
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri  64108
Telephone: 816-474-9050
Facsimile: 816-474-9057
srb@hoveywilliams.com
jcb@hoveywilliams.com

*ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIM-PLAINTIFF
NEXUS MEDICAL, LLC*

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II.  FACTS ...........................................................................................................2

III.  ARGUMENT ...................................................................................................3

      A.  Nexus's Motion to Amend Should Be Granted Because Nexus Has Not
          Unduly Delayed in Seeking Leave to Amend, and Venetec Cannot
          Establish Prejudice if the Motion Is Granted.........................................3

      B.  The Court Should Grant Nexus Leave to Amend to Assert Counterclaims
          for False Markings Against Venetec. .................................................4

             1.  Nexus Diligently Analyzed Venetec's Products for False
                  Marking Once Venetec Brought a Similar Claim.............................4

             2.  Nexus Has Not Unduly Delayed in Bringing the False Marking
                  Claims. ...............................................................................5

             3.  Venetec Will Not Be Prejudiced by Nexus's Proposed Amendment..6

      C.  The Court Should Grant Nexus's Amendment to Amplify Its Inequitable
          Conduct Claim. .........................................................................7

      D.  Good Cause Exists to Permit Nexus to Amend Its Pleadings Under Rule 16(b). 9

IV.  CONCLUSION................................................................................................11

## TABLE OF AUTHORITIES

### Statutes & Rules

35 U.S.C. § 292 ...........................................................................................................5

FEDERAL RULES OF CIVIL PROCEDURE 15 ..............................................................3, 6, 9, 10

FEDERAL RULES OF CIVIL PROCEDURE 16 ...............................................................9, 10

FEDERAL RULES OF CIVIL PROCEDURE 8 ..............................................................8

Federal Rules of Civil Procedure 9 ................................................................3, 8

### Cases

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3rd Cir. 2006)..........................................4, 6, 9

*Bechtel v. Robinson*, 886 F.2d 644 (3rd Cir. 1989) ................................................7

*Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484 (D. Del. 2003) ...........10

*Foman v. Davis*, 371 U.S. 179 (1962) .................................................3, 4, 7

*Pegasus Dev. Corp. v. DirecTV, Inc.*, 2002 WL 598457 (D. Del. Apr. 18, 2002) .................6, 7, 9

*Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000) ....................................7

*Talecris Biotherapeutics, Inc. v. Baxter Int'l, Inc.*,
    2007 WL 1670387 (D. Del. June 7, 2007) .........................................10

*TruePosition, Inc. v. Allen Telecom, Inc.*, 2003 WL 151227 (D. Del. Jan. 21, 2003)....................8

## I.  INTRODUCTION

Nexus Medical, LLC ("Nexus") seeks leave to amend its Counterclaim to add false marking claims against Venetec International, Inc. ("Venetec").  Venetec broadened this litigation when it added its false marking claims against Nexus on September 5, 2007.  This naturally caused Nexus to investigate possible false marking claims against Venetec.  Nexus discovered at least eight instances of false marking by Venetec.  Nexus's investigation, which has occurred since September 5th, included a review of the applicable case law, a study and analysis of the numerous patents listed on some of Venetec's products, and preparation of the present Motion and Amended Answer and Counterclaim.  Because Nexus has been diligent and not unduly delayed in investigating its claims of false marking and seeking leave to amend, because Venetec is unable to show that it will be prejudiced by the addition of the claims, and because good cause exists to grant the amendment, leave to amend should be freely given.

Nexus also seeks to amend its Answer and Counterclaim to further expand upon the inequitable conduct claim and to plead an additional basis for inequitable conduct due to Venetec fraudulently withholding notice of the existence of this litigation from the Patent Office.  Nexus has already sufficiently plead inequitable conduct of the '150 Patent; however, because Venetec asserted in its Motion for Judgment on the Pleadings (D.I. 94) that the claim was insufficiently plead, Nexus seeks leave to file an amended inequitable conduct counterclaim that pleads over forty paragraphs of facts and law that specifically sets forth each individual basis supporting Nexus's claim.  This should address Venetec's specious concerns.  This District's law fully supports amendment in such a case, and Venetec most certainly cannot claim it is prejudiced by the amendment.

Because Nexus has not unduly delayed in seeking amendment and Venetec will not be prejudiced by these amendments, and further because good cause exists to allow these amendments, Nexus requests leave to file the First Amended Answer and Counterclaim to Venetec's Second Supplemental Complaint and Counterclaim as attached to Nexus's Motion filed concurrently herewith.

## II.   FACTS

Venetec filed suit against Nexus for patent infringement on January 29, 2007, asserting U.S. Patent Nos. 6,213,979 and 6,447,485. (D.I. 1, ¶ ¶ 5-14). On April 27, 2007, this Court entered a Scheduling Order establishing that amendments to the pleadings shall be completed by September 7, 2007, and that fact discovery is to be completed by February 15, 2008. (D.I. 23, ¶ ¶ 2, 3(c)). On July 25, 2007, nearly six months after Venetec filed its complaint, this Court granted Venetec's Motion for Leave to File its First Supplemental Complaint, wherein Venetec asserted a third patent, U.S. Patent No. 7,247,150 ("the '150 Patent"), against Nexus. (D.I. 71, Exhibit 1 at ¶ ¶ 15-19). Nexus did not oppose Venetec's motion for leave to supplement its complaint.

Nexus filed its Answer and Counterclaim on August 8, 2007, and plead inequitable conduct of the '150 Patent. (D.I. 78, ¶ ¶ 20 *et seq.*). Venetec filed its Answer to Nexus's Counterclaim on August 28, 2007. (D.I. 83). In response to Nexus's claim of inequitable conduct, Venetec did not plead that Nexus failed to state a claim for relief.

On August 31, 2007, Venetec again sought leave to supplement its complaint to assert six claims of false marking against Nexus. (D.I. 84, Exhibit A at ¶ ¶ 20, *et seq.*). Again, Nexus stipulated to the supplementation. On September 5, 2007, the Court entered Venetec's Second Supplemental Complaint. (D.I. 84). In response, Nexus filed on September 19, 2007, its Answer

2

and Counterclaim, asserting the same inequitable conduct claim against the '150 Patent.  At this time, without seeking leave of Court and despite the fact that Nexus's inequitable conduct claim was unchanged, Venetec added to its pleading that Nexus failed to state a claim for relief with respect to the inequitable conduct claim.

Shortly after Nexus filed its answer to Venetec's Second Supplemental Complaint on September 19, 2007, Venetec filed on September 28, 2007, its Motion for Partial Judgment on the Pleadings (D.I. 94), seeking to dispose of Nexus's inequitable conduct counterclaim.  Venetec alleged in its Motion that Nexus did not plead its inequitable conduct claim with particularity under Rule 9(b).  (D.I. 95, pp. 2, 7).[1]

In light of the significant expansion of claims and issues brought about by Venetec's various expansions to the pleadings, the parties jointly agreed and the Court approved an extension of the fact discovery cut-off until May 16, 2007.  (D.I. 90).

## III.  ARGUMENT

### A.  Nexus's Motion to Amend Should Be Granted Because Nexus Has Not Unduly Delayed in Seeking Leave to Amend, and Venetec Cannot Establish Prejudice if the Motion Is Granted.

Leave to amend pleadings is "freely given when justice so requires."  FED. R. CIV. P. 15(a).  This liberal "mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 179, 182 (1962).  In deciding whether to grant leave, the Court should consider equitable factors, including whether the movant has unduly delayed in seeking leave to amend, whether the proposed amendment will subject the non-movant to prejudice, whether the amendment was brought in bad faith, or whether the

---

[1]Although Venetec made this argument in its memorandum, it never actually moved or sought relief under Rule 9(b) in its motion or memorandum.

amendment is futile. *Id.*; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3rd Cir. 2006).

Whether the non-movant will suffer prejudice as a result of an amendment is often a dispositive

factor in determining whether leave should be granted. *Arthur*, 434 F.3d at 204. The Court should

deny leave only when, in considering the equitable factors, the proposed amendment would be

unjust. *Id.* at 203, *citing Foman*, 371 U.S. at 182.

When assessing whether a movant has unduly delayed in seeking leave to amend pleadings, the

Third Circuit recognizes that "[d]elay alone is not sufficient to justify denial of leave to amend."

*Arthur*, 434 F.3d at 204. While delay will, at some point, become undue and burden the

non-movant, "a period of eleven months from commencement of an action to the filing of a motion

for leave to amend is not, on its face, so excessive as to be presumptively unreasonable." *Id.* at 205.

Indeed, the Third Circuit has noted "only one appellate court . . . has approved of denial of leave to

amend based on a delay of less than one year." *Id.* at 204.

### B. The Court Should Grant Nexus Leave to Amend to Assert Counterclaims for False Markings Against Venetec.

#### 1. *Nexus Diligently Analyzed Venetec's Products for False Marking Once Venetec Brought a Similar Claim.*

Venetec broadened the scope of this lawsuit by claiming Nexus falsely marked its "The

BONE®" product. In examining the bases for Venetec's false marking claims, Nexus naturally began

to investigate whether Venetec had committed false marking. (Declaration of Jennifer C. Bailey

("Bailey Dec."), ¶ 2). Given Venetec's large product line and numerous patents, Nexus did not

hastily raise claims against Venetec for Venetec's own false markings of its products, but instead

analyzed Venetec's marked products and its referenced patents. (Bailey Dec., ¶ ¶ 6 and 8).

4

Venetec's website and product brochures do not contain patent listings, and therefore, Nexus examined eight Venetec product specimens it was able to obtain. (Bailey Dec., ¶ ¶ 4-6). For each of the eight products examined (and Venetec sells many more than eight products), at least fourteen separate patents are listed on each product. (Bailey Dec., ¶ 7). As part of its analysis, Nexus examined each patent's claims and compared them to the marked product to determine if the patent covered the product. (Bailey Dec., ¶ 8). Each of the eight products examined is falsely marked per 35 U.S.C. § 292, and each is asserted in Nexus's First Amended Answer and Counterclaim in Counts IV through XI of Nexus's Counterclaim. However, Nexus suspects, based on the apparent method of marking employed by Venetec, that there are many more Venetec products falsely marked. For example, all but one of the eight products examined are marked with the exact same patent numbers. (Bailey Dec., ¶ 9). Therefore, it is highly probable that Venetec uses the same marking for all its products, regardless of whether the patents listed on a product encompass the product.

### 2. *Nexus Has Not Unduly Delayed in Bringing the False Marking Claims.*

Nexus has not unduly delayed in seeking leave to amend and assert its false markings claim against Venetec. Only eight weeks have passed since the September 7th deadline for amending the pleadings. Moreover, Venetec raised false marking claims only recently, when it filed its Second Supplemental Complaint on September 5, 2007. Additionally, it took time for Nexus to perform research regarding false marking and the bases for such, obtain physical Venetec products, analyze the numerous patents listed on each of the products, determine whether the patents covered the marked product, prepare an amended Answer and Counterclaim, request consent from Venetec for the present Motion, and prepare the present Motion. All evidence points to Nexus diligently pursing its false marking allegations without undue delay. Moreover, Nexus has sought leave to amend well

within the Third Circuit's eleven-month window, such that Nexus's motion cannot be considered "so excessive as to be presumptively unreasonable." *Arthur*, 434 F.3d at 205.

### 3. *Venetec Will Not Be Prejudiced by Nexus's Proposed Amendment.*

In considering whether leave to amend should be granted, the non-movant bears the burden of proving prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-cv-1020, 2002 WL 598457, at *2 (D. Del. Apr. 18, 2002). Prejudice "under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party." *Id.* (internal citations omitted). Bare allegations of prejudice are insufficient; the non-moving party must claim some palpable prejudice to preclude leave. *Id.* Prejudice cannot result merely from a party's "having to incur additional counsel fees; nor does it result from a delay in the movement of a case." *Id.* (internal citations omitted). Rather, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3rd Cir. 1989) (internal citations omitted).

Venetec cannot claim under this standard that it would be prejudiced by Nexus's proposed amendments. First and foremost, this suit is in the early stages of discovery, as fact discovery does not end until May 16, 2008. (D.I. 90, ¶ 1). Thus, over six months of discovery remain for Venetec to gather facts in defense of the proposed amendments to Nexus's counterclaim. Moreover, the evidence pertinent to the false marking claims is nearly, if not entirely, all within Venetec's control. The design of Venetec's products, marking of those products, coverage of its patents, and witnesses pertinent to marking decisions are all presumably within Venetec's control.

6

Moreover, the first depositions in this litigation have not yet been taken. Both the Third Circuit and this District have found the fact that discovery has not yet closed to be persuasive in not finding prejudice to the non-moving party. *See, e.g., Bechtel*, 886 F.2d at 652; *Pegasus*, 2002 WL 598457, at *3. Venetec certainly cannot claim it has been unfairly deprived of the opportunity to present facts or evidence rebutting the proposed allegations when it principally controls the relevant evidence. *See Bechtel*, 886 F.2d at 652; *Pegasus*, 2002 WL 598457, at *3.

Just because Venetec may now have to defend against the false marking allegations and incur additional attorney's fees is not a basis for prejudice the Court considers in its analysis. *Pegasus*, 2002 WL 598457, at *2. Nor can the Court consider a delay in the movement of the case as prejudicial to the non-movant. *Id.* In sum, Venetec cannot set forth any prejudice in conducting this litigation if the Court grants Nexus leave to amend. *Id.*

No other equitable factors under *Foman* indicate granting Nexus leave to amend would be unjust. The facts and procedural posture of this case to date, including Nexus's previous stipulations to Venetec's motions to supplement the pleadings, evidence Nexus's good faith in conducting this lawsuit. No evidence can establish Nexus has brought this motion for leave to amend in bad faith. Furthermore, the false markings claims are not futile because Nexus has sufficiently plead its false markings allegations such that it could withstand a motion to dismiss. *Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000).

## C. The Court Should Grant Nexus's Amendment to Amplify Its Inequitable Conduct Claim.

Nexus has not unduly delayed in seeking leave to amend its affirmative defense and counterclaim of unenforceability of the '150 Patent. Nexus was only recently provided notice by Venetec that it believed the claim to be deficient, even though Venetec could have notified Nexus

prior to the deadline for amending the pleadings, when Venetec filed its first Answer to Nexus's counterclaim on August 28th. Additionally, the procedural posture of this case merits leave to amend, as Nexus only seeks to add explicit notice of Venetec's failure to properly cite to the Patent Office the existence of this litigation. This addition should come as no surprise to Venetec, as Nexus already provided notice to Venetec of its failure to cite material information arising from the litigation. (D.I. 78).

Pursuant to Rule 8's liberal pleading standard, Venetec unequivocally knew that Nexus sought a declaration that the '150 Patent is unenforceable because of Venetec's inequitable conduct. Moreover, every possible basis of unenforceability need not be plead because "[a]ll pleadings shall be so construed as to do substantial justice." FED. R. CIV. P. 8(f). Although it is correct that inequitable conduct must be plead with particularity under Rule 9(b), this does not necessarily require that every single fact serving as the basis for the claim be plead. *TruePosition, Inc. v. Allen Telecom, Inc.*, No. 01-cv-823, 2003 WL 151227, at *5 (D. Del. Jan. 21, 2003) (stating that inequitable conduct allegations "remain subject to the liberal pleading standard of Rule 8, which requires only a 'short and plain' statement of a claim or defense").

Despite the liberal and non-technical pleading requirements generally embodied in the Federal Rules, Nexus now seeks to amend simply to clarify and make explicit that it is asserting Venetec's failure to notify the Patent Office of the existence of this lawsuit while prosecution on the merits was open as a separate ground to find inequitable conduct. Nexus's proposed amendments to the unenforceability counterclaim are shown in Paragraphs 23 through 64 of Count III of Nexus's proposed amended counterclaim. While these amendments make explicit Nexus's allegations for

8

unenforceability of the '150 Patent, Paragraphs 28-29, 36, 38-44, and 63-64 bear directly on Venetec's failure to notify the Patent Office of the existence of this lawsuit.

Nexus diligently sought to amend its answer to fully set forth its claim for inequitable conduct in light of the arguments made in Venetec's motion to dismiss, although Nexus does not believe such is required under the Rules.  (D.I. 102, pp. 19-20).  As Nexus's proposed amendment merely serves to expand upon the already well-pleaded claim, the Court should permit Nexus's amendment as to the additional basis for inequitable conduct, because providing additional facts to a pre-existing claim is one of "[t]he clearest cases" for granting leave to amend.  *Pegasus*, 2002 WL 598457, at *1. Moreover, Nexus sought leave to amend in its Opposition to Venetec's Motion for Partial Judgment on the Pleadings, (D.I.. 102), and now separately seeks leave to amend the same allegation.

Less than three months have lapsed since Venetec's injection of the '150 Patent into this suit. Three months is substantially less than eleven months, which the Third Circuit has already deemed as not being unduly long, such that the delay cannot be deemed presumptively unreasonable. *See Arthur*, 434 F.3d at 205.  Therefore, Nexus has not unduly delayed in seeking leave to file its First Amended Answer with respect to Venetec's inequitable conduct in prosecuting the '150 Patent. Moreover, the ample time remaining in discovery dispels any palpable prejudice to Venetec. Finally, Nexus's lack of bad faith in seeking leave to amend as well as the fact that Nexus's proposed inequitable conduct amendment is not futile precludes any argument that granting Nexus leave to amend would be unjust.

## D.   Good Cause Exists to Permit Nexus to Amend Its Pleadings Under Rule 16(b).

A pretrial scheduling order will not be set aside unless the moving party demonstrates good cause.  FED. R. CIV. P. 16(b).  This District has held that a movant's articulated reasons under Rule

15(a) for amending pleadings should be considered in determining whether good cause exists under Rule 16(b). *Talecris Biotherapeutics, Inc. v. Baxter Int'l, Inc.*, No. 05-cv-349, 2007 WL 1670387, at *1 (D. Del. June 7, 2007). This District has held that where as here, a scheduling order has been previously modified to serve the interests of the parties, and no undue delay or prejudice from the proposed amendments exists, good cause exists. *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484, (D. Del. 2003).

This Court just recently modified the schedule and extended discovery to accommodate the parties' needs in light of Venetec's recent expansion of its pleadings. Furthermore, as demonstrated above in its analysis of undue delay, Nexus has diligently sought to amend its pleadings. Nexus sought leave to expand upon its inequitable conduct claim as soon as Venetec demonstrated its intent to summarily dispose of the issue. Nexus diligently sought to analyze Venetec's products for false marking and seek leave to amend once Venetec alleged false marking.

Moreover, the discovery deadline is not until May 16, 2008. (D.I. 90). Over six months remain in discovery, and during that time, Venetec will have ample time to gather and present facts with respect to the issues Nexus raises in its proposed First Amended Answer all of which are within its control.

Nexus has not unduly delayed in seeking leave to amend. Venetec cannot demonstrate any prejudice if the Court grants Nexus leave to amend. Considering these two equitable factors alone, it is appropriate for the Court to rule Nexus has established good cause to amend under Rule 16(b). *See Enzo*, 270 F.Supp.2d at 490; *Talecris*, 2007 WL 1670387, at *1. Finally, there is no evidence that Nexus has sought leave to amend in bad faith or has proposed futile amendments. None of the equitable factors cited in Foman indicate granting Nexus leave to amend would be unjust.

## IV.  CONCLUSION

For the foregoing reasons, Nexus respectfully requests the Court grant Nexus's Motion for

Leave to Amend Its Answer and Counterclaim to Venetec's Second Supplemental Complaint and

Counterclaim.

Respectfully submitted,

Date: November 7, 2007                    /s/ Mary B. Matterer
                                          Richard K. Herrmann #405
                                          Mary B. Matterer #2696
                                          MORRIS JAMES LLP
                                          500 Delaware Avenue, Suite 1500
                                          Wilmington, Delaware  19801-1494
                                          Telephone: 302-888-6800
                                          Facsimile: 302-571-1750
                                          mmatterer@morrisjames.com

                                          Of Counsel:

                                          Scott R. Brown (Admitted *Pro Hac Vice*)
                                          Jennifer C. Bailey (Admitted *Pro Hac Vice*)
                                          HOVEY WILLIAMS LLP
                                          2405 Grand Boulevard, Suite 400
                                          Kansas City, Missouri  64108
                                          Telephone: 816-474-9050
                                          Facsimile: 816-474-9057

                                          *ATTORNEYS FOR DEFENDANT*
                                          *AND COUNTERCLAIM-PLAINTIFF*
                                          *NEXUS MEDICAL, LLC*

11