IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-0057 *** |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JENNIFER C. BAILEY**

I, Jennifer C. Bailey, make the following declaration:

1. I am a member in good standing of the bar of the state of Missouri and am an associate in the law firm of Hovey Williams LLP, responsible for representation of Nexus Medical, LLC ("Nexus") in this matter. I have personal knowledge of the statements made herein.

2. Venetec raised false markings claims on September 5, 2007, when Venetec filed its Second Supplemental Complaint.

3. From September 5, 2007, when Venetec raised its false marking claims, until the present, Nexus performed the following tasks in researching and investigating false marking claims against Venetec and preparing the present Motion for Leave:

- Nexus researched false marking case law to determine the current legal standards;

- Nexus researched Venetec's products by examining Venetec's product pictures and brochures available on Venetec's website;

- Because Venetec's website does not include patent markings for its products, Nexus had to obtain additional Venetec products;

- Nexus analyzed eight separate Venetec products that it was able to obtain, determined the patents marked on the products, reviewed the patent claims of each of the at least fourteen patents marked on each of the products, and analyzed whether the patent claims covered the marked product;

- Nexus prepared a First Amended Answer and Counterclaim to Venetec's First Supplemental Complaint;

- Nexus prepared the present Motion for Leave, including applicable research; and

- Nexus sought consent from Venetec to file the First Amended Answer, including allowing Venetec almost a week to evaluate its position on whether to consent.

4. Venetec's website and product brochures that I have been able to review do not contain patent markings.

5. In light of Nexus's inability to determine what patents Venetec marked on its products through Venetec's website, Nexus sought and obtained eight product specimens to perform its analysis.

6. Nexus examined eight Venetec product specimens it was able to obtain to determine the patent markings on the products and if the products were falsely marked, pursuant to 35 U.S.C. § 292.

7. At least fourteen separate patents are listed on each of the eight product specimens examined.

8. Nexus analyzed each of the patents marked on each of the eight product specimens examined and compared the patent claims to the marked products to investigate the false marking issue.

9.   All but one of the eight product specimens examined are marked with the exact same patent numbers.

10.   After Nexus completed analyzing Venetec's products and their corresponding markings, Nexus prepared a First Amended Answer and Counterclaim to Venetec's First Supplemental Complaint.

11.   Nexus subsequently provided Venetec a copy of Nexus's First Amended Answer and Counterclaim when it sought Venetec's consent to amend the pleadings.

12.   Venetec would not consent to Nexus's amendment of the pleadings.

13.   Nexus drafted a Motion for Leave to Amend its Answer and Counterclaim to Venetec's Second Supplemental Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: *November 7, 2007*   By: *Jennifer C. Bailey*
                                 Jennifer C. Bailey