IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 07-57 (MPT) |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AMENDED SCHEDULING ORDER

The Scheduling Order entered by the Court on April 22, 2007 (D.I. 23) and amended on September 13, 2007 (D.I. 90) is further amended as follows:

1. <u>Close of Fact Discovery</u>. Nexus proposes moving the fact discovery cut-off date to June 6, 2008 and Venetec has no objection.

2. <u>Disclosure of Expert Testimony</u>. For the party that has the initial burden of proof on the subject matter, the initial Fed. R. Civ. P. 26(a)(2) disclosure of expert testimony is due on or before July 18, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 29, 2008. Depositions of experts shall be completed by September 26, 2008.

3. <u>Interim Status Report</u>. On May 12, 2008, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

4. <u>Status Conference</u>. On May 19, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 9:00 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to

discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

5.    Case Dispositive Motions. All case dispositive motions, an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before October 10, 2008. Briefing will be presented pursuant to the Court's Local Rules.

6.    Claim Construction Issue Identification. If the Court does not find that limited earlier claim construction would be helpful in resolving the case, on May 9, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on October 10, 2008. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relief upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7.    Claim Construction. The parties shall contemporaneously submit initial briefs on claim construction issues on October 10, 2008. The parties' answering/responsive briefs shall be contemporaneously submitted on October 30, 2008.    No reply brief or

2

supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

8.      Hearing on Claim Construction. Beginning at 9:00 a.m. on November 21, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

9.      Pretrial Conference. On May 6, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 5:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 22, 2009.

10.     Motions *in Limine*.   Motion *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. In more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days

3

before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

           12.    <u>Trial</u>. This matter is scheduled for a seven-day jury trial beginning at 9:30 a.m. on May 26, 2009 with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 17 hours to present their case. The parties will discuss the presentation of any evidence on inequitable conduct and make a proposal to the Court.

2/1/08

United States Magistrate Judge

4