IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-57 (MPT) |
| | ) | |
| NEXUS MEDICAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Venetec International, Inc. ("Venetec") will take the deposition by oral examination of Defendant Nexus Medical, LLC ("Nexus") on the topics set forth in the attached Schedule A, through one or more of its officers, directors, or managing agents, or other person(s) designated by Nexus to testify on its behalf. The deposition will commence on May 29, 2008 at 9:30 a.m., or upon such adjourned dates as the parties may agree, and will continue day to day until completed, at the offices of Blackwell Sanders, LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112, or another mutually agreeable time and place. Pursuant to Rule 30(b)(6), the witness(es) designated by Nexus shall be prepared to testify as to such matters known or reasonably available to Nexus.

The deposition will be taken before an officer authorized by the laws of the United States to administer oaths and will be recorded by stenographic means and may be videotaped.

2

                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                            */s/ Jack B. Blumenfeld*

                            Jack B. Blumenfeld (#1014)
                            Maryellen Noreika (#3208)
                            1201 N. Market Street
                            P.O. Box 1347
                            Wilmington, DE  19899-1347
                            jblumenfeld@mnat.com
                            mnoreika@mnat.com
                            (302) 658-9200

                            *Attorneys for Plaintiff*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC  20004
(202) 637-2200

April 24, 2008
2305614

## SCHEDULE A

## DEFINITIONS

The definitions contained in Venetec's Modified And Supplemental Definitions To Its First Set Of Interrogatories To Defendant Nexus are hereby incorporated as if completely set forth herein and apply to the following document requests.

## TOPICS

1. The conception, development and commercialization of the Accused Products.

2. The properties, characteristics, design, and operation of the Accused Products, including without limitation the functionality that permits a medical article (such as a catheter) to be coupled to the anchoring system (such as a securement device).

3. The manufacture of the Accused Products, including without limitation the condition of the Accused Products at the completion of manufacture when packaged for sale.

4. Use of the Accused Products by medical professionals.

5. The instructions for use provided to medical professionals relating to use of the Accused Products.

6. Documentation provided to medical professionals relating to use of the Accused Products.

7. Any prior art investigation, search, study or evaluation conducted by Nexus relating to the Accused Products or the Patents-in-Suit, and any results of those investigation(s).

8. Your first knowledge (including the factual circumstances surrounding the acquisition of such knowledge and identification of all officers and persons who were held such knowledge), regarding (i) the fact that Venetec may have held an intellectual property right that purported to cover securement devices for catheters; (ii) the '979 Patent (or its patent

application); (iii) the '485 Patent (or its patent application); or (iv) the '150 Patent (or its patent application), and any analysis done by or on behalf of You regarding the validity, infringement, scope or enforceability of any of the Patents-in-Suit.

9. Any deliberations or discussions by Nexus' corporate board(s) relating to the claims of patent infringement pertaining to the Accused Products and/or this Litigation.

10. Any and all actions taken by Nexus to avoid infringement of any of the Patents-in-Suit, if any, and the identity of persons most knowledgeable regarding such actions.

11. Any modifications or proposed modifications concerning each of the Accused Products, including but not limited to modifications contemplated for the purpose of avoiding infringement of the methods and/or apparatuses claimed in the Patents-in-Suit.

12. Your policies and/or procedures for determining – prior to the manufacture, sale or distribution of a product – whether a product infringes a patent owned by another, and the application of such policies and/or procedures with respect to the '485 and/or '979 Patents and/or the Accused Products.

13. Opinions of counsel regarding the issue of whether You infringe the Patents-in-Suit, or the validity, infringement, scope or enforceability of any of the Patents-in-Suit.

14. Any communications with third parties relating to either (i) any of the Patent-in-Suits, (ii) the Litigation, or (iii) any agreement or proposed agreement for You to indemnify for any claims relating to patent infringement.

15. Your document retention policies and practices.

16. The corporate and organizational structure of Nexus, including any parent companies, divisions, affiliates and subsidiaries thereof.

17. Any proposed or actual sale of Nexus or any equity interest or rights in Nexus since the first sale of the Accused Products.

18. Any actual or potential litigation, administrative proceeding, or other legal proceeding worldwide relating to any of the Accused Products, excluding this Litigation.

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Hermann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on April 24, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Richard Hermann, Esquire
Mary Matterer, Esquire
MORRIS JAMES
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Patrick A. Lujin, Esquire
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)