IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-57 (MPT) |
| | ) | |
| NEXUS MEDICAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Venetec International, Inc. ("Venetec") will take the deposition by oral examination of Defendant Nexus Medical, LLC ("Nexus") on the topics set forth in the attached Schedule A, through one or more of its officers, directors, or managing agents, or other person(s) designated by Nexus to testify on its behalf. The deposition will commence on May 30, 2008 at 9:30 a.m., or upon such adjourned dates as the parties may agree, and will continue day to day until completed, at the offices of Blackwell Sanders, LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112, or another mutually agreeable time and place. Pursuant to Rule 30(b)(6), the witness(es) designated by Nexus shall be prepared to testify as to such matters known or reasonably available to Nexus.

The deposition will be taken before an officer authorized by the laws of the United States to administer oaths and will be recorded by stenographic means and may be videotaped.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

―――――――――――――――――――――
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
(302) 658-9200

*Attorneys for Plaintiff*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC  20004
(202) 637-2200

April 24, 2008
2305623

## SCHEDULE A

## DEFINITIONS

The definitions contained in Venetec's Modified And Supplemental Definitions To Its First Set Of Interrogatories To Defendant Nexus are hereby incorporated as if completely set forth herein and apply to the following document requests.

## TOPICS

1. Actual sales (in units and dollars) and profits from sale or licensing of the Accused Products, including the facts regarding how such sales and profits are calculated, including pricing, revenues, sales volumes, fixed and incremental costs or expenses.

2. Pricing of the Accused Products, including how prices are set and any discounts, rebates or other price reductions offered to customers.

3. Projected sales (in units and dollars) and profits, including forecasts and/or financial projections, from sale or licensing of the Accused Products.

4. The market for the Accused Products, including the characteristics or scope of such market, competitors in such market, the respective share each competitor has of the market, Your efforts to increase market share, and any related market analyses or market projections.

5. Any business plans relating or referring to the Accused Products, including but not limited to strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans, and capital or investment plans.

6. Advertising, marketing, and promotion, including any presentation at tradeshows, of the Accused Products.

7. Any partnerships or joint ventures or other business relationships pertaining to the sales, sales support, marketing promotion or distribution of the Accused Products.

8. Your procedures and practices for marking the Accused Products.

9. Your policies and/or procedures for determining, prior to sale or distribution of a product, whether its packaging is accurate and/or complies with 35 U.S.C. § 292.

10. Any modifications or proposed modifications concerning the packaging of any of the Accused Products, including but not limited to modifications contemplated for the purpose of avoiding claims of false marking under 35 U.S.C. § 292.

11. Your rights in U.S. Patent Nos. 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; and/or 6,991,215, including any ownership rights or licenses thereto.

12. The factual basis for Your marking of the packaging of the Accused Products with "U.S. Patent #: 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; 6,991,215".

13. The facts and circumstances surrounding the decision to mark the Accused Products with "U.S. Patent #: 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; 6,991,215".

14. The date that You began marking the Accused Products with "U.S. Patent #: 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; 6,991,215".

15. The date, if any, that you ceased marking the Accused Products with "U.S. Patent #: 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; 6,991,215".

16. The number of Accused Products marked with "U.S. Patent #: 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; 6,991,215".

17. Any discussions or decisions relating to discontinuation of marking the Accused Products with U.S. Patent Nos. 5,356,396; 5,360,413; 5,501,426; 5,533,708; 5,632,735; and/or 6,991,215".

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Hermann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on April 24, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Richard Hermann, Esquire
Mary Matterer, Esquire
MORRIS JAMES
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Patrick A. Lujin, Esquire
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)