IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-57 (MPT) |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**VENETEC INTERNATIONAL, INC.'S
<u>REPLY TO NEXUS MEDICAL, LLC'S COUNTERCLAIM</u>**

Plaintiff Venetec International, Inc. ("Venetec") files this Reply to Defendant Nexus Medical LLC's ("Nexus") Counterclaim, filed April 10, 2008, and states as follows:

**<u>PARTIES</u>**

1. Venetec admits the allegations of Paragraph 1 of the Counterclaim.

2. Venetec admits the allegations of Paragraph 2 of the Counterclaim, except that it denies that the zip code for San Diego, California is 66215.

**<u>JURISDICTION AND VENUE</u>**

3. Venetec admits that Paragraph 3 of the Counterclaim identifies the statute on which Defendant's Counterclaim is based. To the extent that any further response is required, Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are not infringed or are invalid, void, or unenforceable.

4. Venetec admits the allegations of Paragraph 4 of the Counterclaim.

5. Venetec admits the allegations of Paragraph 5 of the Counterclaim.

## ANSWER TO COUNTERCLAIM

### Count I

6. Venetec incorporates by reference Paragraphs 1-5 of this Reply in response to Paragraph 6 of the Counterclaim.

7. Venetec admits the allegations of Paragraph 7 of the Counterclaim.

8. Venetec admits the allegations of Paragraph 8 of the Counterclaim.

9. Venetec denies the allegations of Paragraph 9 of the Counterclaim.

10. Venetec admits that it commenced an action for infringement of the patents-in-suit and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the patents-in-suit, and the validity of the patents-in-suit. Venetec denies the remaining allegations of Paragraph 10 of the Counterclaim.

11. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaim, and therefore denies them.

12. Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are not infringed.

### Count II

13. Venetec incorporates by reference Paragraphs 1-12 of this Reply in response to Paragraph 13 of the Counterclaim.

14. Venetec admits the allegations of Paragraph 14 of the Counterclaim.

15. Venetec admits the allegations of Paragraph 15 of the Counterclaim.

16. Venetec denies the allegations of Paragraph 16 of the Counterclaim.

17. Venetec admits that it commenced an action for infringement of the patents-in-suit and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the patents-in-suit, and the validity of the patents-in-suit. Venetec denies the remaining allegations of Paragraph 17 of the Counterclaim.

18. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the Counterclaim, and therefore denies them.

19. Venetec denies that Nexus is entitled to any declaratory relief and denies that the patents-in-suit are invalid or void.

### Count III

20. Venetec incorporates by reference Paragraphs 1-19 of this Reply in response to Paragraph 20 of the Counterclaim.

21. Venetec admits the allegations of Paragraph 21 of the Counterclaim.

22. Venetec admits the allegations of Paragraph 22 of the Counterclaim.

23. Venetec admits that Paragraph 23 of the Counterclaim identifies a statute regarding, among other things, a duty to disclose certain information to the Patent Office. Venetec denies the remaining allegations of Paragraph 23 of the Counterclaim.

24. Venetec admits the allegations of Paragraph 24 of the Counterclaim.

25. Venetec admits the allegations of Paragraph 25 of the Counterclaim.

26. Venetec admits the allegations of Paragraph 26 of the Counterclaim.

27. Venetec admits that it filed a Complaint against Nexus on January 29, 2007. Venetec denies the remaining allegations of Paragraph 27 of the Counterclaim.

28. Venetec admits that Paragraph 28 of the Counterclaim identifies a section of the MPEP. Venetec denies the remaining allegations of Paragraph 28 of the Counterclaim.

29. Venetec denies the allegations of Paragraph 29 of the Counterclaim.

30. Venetec admits the allegations of Paragraph 30 of the Counterclaim.

31. Venetec admits the allegations of Paragraph 31 of the Counterclaim.

32. Venetec admits that a copy of what purports to be an Interview Summary is attached to the Counterclaim as Exhibit B. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Counterclaim, and therefore denies them.

33. Venetec admits that a copy of what purports to be a Notice of Allowance and Fee(s) Due is attached to the Counterclaim as Exhibit C. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Counterclaim, and therefore denies them.

34. Venetec denies the allegations of Paragraph 34 of the Counterclaim.

35. Venetec admits that a copy of what purports to be an Electronic Patent Application Fee Transmittal is attached to the Counterclaim as Exhibit D. Venetec denies the remaining allegations of Paragraph 35 of the Counterclaim.

36. Venetec denies the allegations of Paragraph 36 of the Counterclaim.

37. Venetec denies the allegations of Paragraph 37 of the Counterclaim.

38. Venetec admits that it filed an Information Disclosure Statement with the Patent Office on June 20, 2007 that referred to, among other things, Civil Action No. 07-CV-0057 (***) in the U.S. District Court for Delaware. To the extent that any further response is required, Venetec denies the remaining allegations of Paragraph 38 of the Counterclaim.

39. Venetec admits that a copy of what purports to be a June 20, 2007 Information Disclosure Statement is attached to the Counterclaim as Exhibit E. Venetec admits that the attached copy of an Information Disclosure Statement contains the words "in accordance with M.P.E.P. § 2001.06(c)." Venetec denies the remaining allegations of Paragraph 39 of the Counterclaim.

40. Venetec admits the allegations of Paragraph 40 of the Counterclaim.

41. Venetec denies the allegations of Paragraph 41 of the Counterclaim.

42. Venetec denies the allegations of Paragraph 42 of the Counterclaim.

43. Venetec denies the allegations of Paragraph 43 of the Counterclaim.

44. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44 of the Counterclaim, and therefore denies them.

45. Venetec admits that Nexus served a response to Venetec's First Set of Interrogatories on May 30, 2007. Venetec denies the remaining allegations of Paragraph 45 of the Counterclaim.

46. Venetec denies the allegations of Paragraph 46 of the Counterclaim.

47. Venetec denies the allegations of Paragraph 47 of the Counterclaim.

48. Venetec admits that it filed an Information Disclosure Statement on June 20, 2007, which included a copy of Nexus' Objections and Responses to Venetec's First Set of Interrogatories. Venetec admits that a copy of what purports to be the Information Disclosure Statement is attached as Exhibit E to the Counterclaim. Venetec denies the remaining allegations of Paragraph 48 of the Counterclaim.

49. Venetec admits that a copy of what purports to be a June 20, 2007 Information Disclosure Statement is attached to the Counterclaim as Exhibit E. Venetec admits

5

that the attached copy of an Information Disclosure Statement contains the words "in accordance with M.P.E.P. § 2001.06(c)." Venetec denies the remaining allegations of Paragraph 49 of the Counterclaim.

50. Venetec admits the allegations of Paragraph 50 of the Counterclaim.

51. Venetec denies the allegations of Paragraph 51 of the Counterclaim.

52. Venetec denies the allegations of Paragraph 52 of the Counterclaim.

53. Venetec denies the allegations of Paragraph 53 of the Counterclaim.

54. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 54 of the Counterclaim, and therefore denies them.

55. Venetec admits that a copy of what purported to be the '485 Reexamination was attached to the declaration of Scott R. Brown that was filed on June 25, 2007. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 55 of the Counterclaim, and therefore denies them.

56. Venetec denies the allegations of Paragraph 56 of the Counterclaim.

57. Venetec admits that a copy of what purported to be the '485 Reexamination contains claim charts. Venetec denies the remaining allegations of Paragraph 57 of the Counterclaim.

58. Venetec admits that a copy of what purported to be the '485 Reexamination contains contentions that allege invalidity and/or obviousness in view of certain prior art references. Venetec denies the remaining allegations of Paragraph 58 of the Counterclaim.

59. Venetec denies the allegations of Paragraph 59 of the Counterclaim.

60. Venetec denies the allegations of Paragraph 60 of the Counterclaim.

61. Venetec denies the allegations of Paragraph 61 of the Counterclaim.

62. Venetec admits that it did not cite in the '150 Patent application the claim charts or purported invalidity contentions listed in a copy of what purported to be the '485 Reexamination. Venetec denies the remaining allegations of Paragraph 62 of the Counterclaim.

63. Venetec denies the allegations of Paragraph 63 of the Counterclaim.

64. Venetec denies the allegations of Paragraph 64 of the Counterclaim.

65. Venetec admits that it commenced an action for infringement of the '150 Patent and admits that there is a substantial, justiciable, and continuing controversy between the parties with respect to Nexus' infringement of the '150 Patent. Venetec denies that there is a substantial, justiciable, and continuing controversy between the parties with respect to whether the '150 Patent is unenforceable. Venetec denies the remaining allegations of Paragraph 65 of the Counterclaim.

66. Venetec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 66 of the Counterclaim, and therefore denies them.

67. Venetec denies that Nexus is entitled to any declaratory relief, denies that the '150 Patent is unenforceable and denies that Nexus has stated a claim on which relief can be granted as to the unenforceability of the '150 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Venetec respectfully request that this Court enter judgment against Defendant Nexus, granting the following relief:

A. An order dismissing Defendant Nexus' Counterclaim with prejudice;

B. An award to Venetec of attorneys' fees and costs for defending the Counterclaim; and

C.  An award of such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Plaintiff*

*Of Counsel*:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Maximilian A. Grant
Michael A. David
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

April 28, 2008

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Hermann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on April 28, 2008 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> **and HAND DELIVERY**
>
> Richard Hermann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE 19801
>
> **BY ELECTRONIC MAIL**
>
> Patrick A. Lujin, Esquire
> SHOOK HARDY & BACON L.L.P.
> 2555 Grand Boulevard
> Kansas City, MO 64108

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)