IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-57 (MPT) |
| v. | ) | |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached as Exhibit A is being served on Hovey Williams LLP.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
(302) 658-9200

*Attorneys for Plaintiff*

OF COUNSEL:

Steven C. Cherny
Clement J. Naples
Hassen A. Sayeed
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

Maximilian A. Grant
David M. Farnum
Michael D. David
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC  20004
(202) 637-2200

April 28, 2008
2308668

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard Hermann, Esquire
> Mary Matterer, Esquire
> MORRIS JAMES

I also certify that copies were caused to be served on April 28, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Richard Hermann, Esquire
Mary Matterer, Esquire
MORRIS JAMES
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Patrick A. Lujin, Esquire
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

*/s/ Maryellen Noreika*
_____
Maryellen Noreika (#3208)

EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ KANSAS _____

VENETEC INTERNATIONAL, INC.,
                Plaintiff,

V.

NEXUS MEDICAL, LLC.,
                Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 07-57-MPT (D. Del)

TO: Hovey Williams LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Latham & Watkins LLP, 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004-1304 | May 12, 2008 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorneys for Plaintiff Venetec International, Inc. | April 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. David, Latham & Watkins LLP, 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004-1304

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

A. The "Current Litigation" shall mean and refer to the action styled *Venetec International, Inc. v. Nexus Medical, LLC*, Civil Action No. 07-57-MPT (D. Del).

B. "Nexus" shall mean Nexus Medical, LLC and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Nexus, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

C. "You," "Your" and "Hovey Williams" shall mean Hovey Williams LLP, and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Hovey Williams LLP, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

D. The phrase "the '784 publication" shall mean and refer to United States Patent Application Publication No. US 2007/0142784 entitled "Intravenous Catheter Enchoring [*sic*] Device," published June 21, 2007.

E. The phrase "the '289 application" shall mean and refer to United States Patent Application No. 11/306,289 entitled "Intravenous Catheter Enchoring [*sic*] Device," filed December 21, 2005.

F. The phrase "the '572 publication" shall mean and refer to United States Patent Application Publication No. US 2007/0265572 entitled "Intravenous Catheter Anchoring Device," published November 15, 2007.

1

G. The phrase "the '622 application" shall mean and refer to United States Patent Application No. 11/762,622 entitled "Intravenous Catheter Anchoring Device," filed June 13, 2007.

H. The phrase "the Nexus applications" shall mean and refer collectively to the '784 publication, the '289 application, the '572 publication and the '622 application.

I. The "Accused Product(s)" means and includes all of Nexus' "The Bone® Catheter Securement Device", "The Bone® Catheter Securement Device with Microbore Tubing Holder", "The Bone® Catheter Securement Device (Large Profile)", and "The Bone® Catheter Securement Device (Large Profile) with Microbore Tubing Holder" products.

J. "All" and "any" shall be construed to mean both any and all.

K. The connectives "and" and "or" are to be construed both disjunctively and conjunctively in order to bring within the scope of these discovery requests the broadest possible set of responses, including responses that might otherwise be construed to be outside of its scope.

L. "Communication" means any transmission of information from one person to another, regardless of the medium of communication, and includes, without limitation, both oral and written communication. A document or thing transferred, whether temporarily or permanently, from one person to another is deemed a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

M. "Concern" or "concerning" means relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, described, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to, or having any logical or factual connection with the subject matter in question.

M.  "Document" includes the original and all non-identical copies of each and every written, recorded, or graphic matter of any and every kind, type, nature, or description, however produced or reproduced, that is or has been in Your possession, custody, control, or to which You have access, including but not limited to all printed and electronic copies of electronic mail, correspondence, internal correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, telegrams, telexes, facsimiles, charts, diaries, letters, notebooks, studies, publications, minutes, books, pictures, drawings, photographs, films, voice or sound recordings, computer records or data in whatever form they may be stored or kept, computer software in whatever form it may be stored or kept, magnetic recordings, maps, reports, summaries, surveys, statistical compilations, schedules, or any written or recorded materials of any other kind, however stored, recorded, produced or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

N.  "Each" and "every" shall be construed to mean both each and every.

O.  To "identify" a document means to provide the following information regardless of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject matter of the document; (f) the present location of any and all copies of the document in the possession, custody, or control of You; and (g) the names and current addresses of any and all persons who have possession, custody, or control of the document or copies thereof.

P.  "Relate(s) to," "relating to," "refer(s) to," and "referring to" means embodying, identifying, revealing, confirming, comprising, constituting, containing, showing, involving or

mentioning, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

Q. "Thing" means any tangible object that is not a document, and includes objects of every kind and nature, including without limitation product samples, devices, models, specimens, magnetic or electronic media, and diskettes.

R. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. No request shall be construed with reference to any other request for purposes of limitation.

2. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it" type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3. If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document be destroyed; and, (iv) the reason(s) for its destruction.

4. All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be

4

separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, produce such documents in that form.

5. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth a part of your response to the request the language deemed to be ambiguous and the interpretation used in responding to the request.

6. If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

(a) For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the documents, the addressees of the document, and any other recipients shown in the document; and, where not readily apparent, the relationship of the author, addressees, and recipients to each other;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made,

and where not readily apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7.     Each request for documents is continuing in nature. If, after responding to these requests, you obtain or become aware of further documents responsive to any requests, such documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.

## DOCUMENT REQUESTS

1.     All documents and things that refer or relate to the '784 publication.

2.     All documents and things that refer or relate to the '289 application, including but not limited to all documents and things that refer or relate to prosecution of the '289 application.

3.     All documents and things that refer or relate to the '572 publication.

4.     All documents and things that refer or relate to the '622 application, including but not limited to all documents and things that refer or relate to prosecution of the '622 application.

5.     All documents and things that comprise, refer to, or relate to communications with the United States Patent & Trademark Office concerning the Nexus applications.

6.     All documents and things that refer or relate to any patent or patent application, including but not limited to any continuation or divisional application, whether foreign or domestic, that purports to claim any of the Accused Products, including but not limited to all documents and things that refer or relate to prosecution of any patent or patent application, whether foreign or domestic, that purports to claim any of the Accused Products.

Dated: April 28, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

_____
Steven C. Cherny
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200 (phone)
(212) 751-4864 (fax)

Maximilian A. Grant
Michael A. David
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200 (phone)
(202) 637-2201 (fax)

*Attorneys for Plaintiff*
*Venetec International, Inc.*