# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>NEXUS MEDICAL, LLC,<br><br>    Defendant. | C.A. NO. 07-57 (MPT) |

### NEXUS MEDICAL, LLC'S FIRST NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) TO VENETEC INTERNATIONAL, INC.

To:   Venetec International, Inc
      c/o MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      1201 N. Market Street
      Wilmington, DE  19801

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Nexus Medical, LLC ("Nexus") will take the deposition upon oral examination of Plaintiff Venetec International, Inc. ("Venetec"), by or through one or more of Venetec's officers, directors, managing agents or other persons who consent to testify on Venetec's behalf concerning the topics of testimony specified in Attachment A, commencing on June 3, 2008, beginning at 9 A.M., or at such other time as may be mutually agreed upon by counsel for the parties. The deposition will continue from day to day until completed. The deposition will take place at the offices of McKenna Long & Aldridge LLP, 303 Peachtree Street Suite 5300, Atlanta, GA 30308, or at such other place as may be mutually agreed upon by counsel for the parties. Prior to the deposition, Venetec is requested to designate in writing to Nexus the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Attachment A, and for each written designation, Venetec is requested to specify in writing the matter(s) to which that person will testify.

The deposition will be taken before a court reporter or other person authorized to administer oaths, and will be conducted in accordance with the Federal Rules of Civil Procedure. This deposition is for the purpose of discovery and evidentiary use at the trial or any hearing for this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure, and may be recorded by stenographic and video means. You are invited to attend and exercise your rights under the Rules.

Date: May 9, 2008

/s/ Richard K. Herrmann
Richard K. Herrmann #405
Mary B. Matterer #2696
Amy Arnott Quinlan #3021
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
302-888-6800
rherrmann@morrisjames.com

Patrick A. Lujin (Admitted *Pro Hac Vice*)
Robert T. Adams (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550

Peter A. Strand (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P.
Hamilton Square
600 14th Square, NW, Suite 800
Washington, D.C. 20005-2004
202-783-8400

Robert H. Reckers (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
713-227-8008

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM PLAINTIFF NEXUS MEDICAL, LLC

**ATTACHMENT A**

**DEFINITIONS**

Nexus incorporates herein the Definitions set forth in Nexus's Third Set of Requests for Production of Documents and Things to Plaintiff Venetec International, Inc., served on May 2, 2008.

**TOPICS FOR EXAMINATION**

1. Your knowledge of the Accused Products.

2. All facts and circumstances surrounding the determination of Nexus's alleged infringement of the Patents-in-Suit, including any Nexus products or technology tested by or for Venetec, and including any literature or documents related to any Nexus product reviewed by Venetec or on its behalf.

3. Identification of every person who conducted an analysis or evaluation of any Nexus products to determine whether such products infringe any of the Patents-in-Suit.

4. All facts, including dates and circumstances, surrounding any notice that Venetec alleges that Nexus had concerning the alleged infringement of the Patents-in-Suit.

5. All facts supporting Venetec's allegation that Nexus' alleged infringement is willful.

6. All instances in which Venetec has contended that the Patents-in-Suit are infringed by any person other than Nexus.

7. The Patents-in-Suit and the alleged inventions claimed therein.

8. All facts surrounding the prosecution of the applications that led to the Patents-in-Suit, including statements made during the prosecution on behalf of the applicant and the reasoning for such statements.

9. Any and all disclosures of the alleged inventions of the Patents-in-Suit,

3

including but not limited to descriptions or demonstrations of products embodying the alleged inventions of the Patents-in-Suit, before the filing date of the '979 patent.

10. Every catheter securement device that Venetec makes, has made, offers for sale, has offered for sale, sells, or has sold, including the complete structure, design, use, and operation of each such device, and the earliest date upon which each device was first publicly described, demonstrated, offered for sale, or sold.

11. Your contentions that the Patents-in-Suit are valid over any relevant prior art of which Venetec is aware.

12. All instances in which any person other than Nexus has asserted that any of the Patents-in-Suit are invalid or unenforceable, including identification of the party asserting invalidity or unenforceability and identification of any prior art identified by the party.

13. All facts, including the date, persons, and circumstances, surrounding all efforts to license the Patents-in-Suit, including all communications between Venetec and/or its agent(s) with prospective licensees.

14. Any instance in which Venetec has sought or received a value, monetary or otherwise, for the Patents-in-Suit.

15. All proposed, negotiated, offered, or finalized license agreements, including any amendments thereto, to which Venetec is or was to be a party, concerning catheter securement devices.

16. The basis for your contention that you are entitled to enhanced damages under 35 U.S.C. § 284 and attorney's fees under 35 U.S.C. § 285.

17. The basis for your contention that you are entitled to injunctive relief.

18. The basis for your contention that Nexus has engaged in false patent marking.

19. Your interrogatory responses and your responses to Nexus' requests for admission.

20. Your organizational structure and management team.

21. Your merger with and/or acquisition by C.R. Bard Inc.

22. Your document retention policies.

23. Your efforts to identify, collect, and produce relevant documents for this litigation.