**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VENETEC INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>NEXUS MEDICAL, LLC,<br><br>    Defendant. | C.A. NO. 07-57 (MPT) |

**NEXUS MEDICAL, LLC'S SECOND NOTICE OF DEPOSITION
PURSUANT TO RULE 30(b)(6) TO VENETEC INTERNATIONAL, INC.**

To:    Venetec International, Inc
        c/o MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        1201 N. Market Street
        Wilmington, DE   19801

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Nexus Medical, LLC ("Nexus") will take the deposition upon oral examination of Plaintiff Venetec International, Inc. ("Venetec"), by or through one or more of Venetec's officers, directors, managing agents or other persons who consent to testify on Venetec's behalf concerning the topics of testimony specified in Attachment A, commencing on June 4, 2008, beginning at 9 A.M., or at such other time as may be mutually agreed upon by counsel for the parties.  The deposition will continue from day to day until completed.  The deposition will take place at the offices of McKenna Long & Aldridge LLP, 303 Peachtree Street Suite 5300, Atlanta, GA 30308, or at such other place as may be mutually agreed upon by counsel for the parties.  Prior to the deposition, Venetec is requested to designate in writing to Nexus the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Attachment A, and for each written designation, Venetec is requested to specify in writing the matter(s) to which that person will testify.

The deposition will be taken before a court reporter or other person authorized to administer oaths, and will be conducted in accordance with the Federal Rules of Civil Procedure. This deposition is for the purpose of discovery and evidentiary use at the trial or any hearing for this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure, and may be recorded by stenographic and video means. You are invited to attend and exercise your rights under the Rules.

Date: May 9, 2008

    /s/ Richard K. Herrmann
Richard K. Herrmann #405
Mary B. Matterer #2696
Amy Arnott Quinlan #3021
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware  19801-1494
302-888-6800
rherrmann@morrisjames.com

Patrick A. Lujin (Admitted *Pro Hac Vice*)
Robert T. Adams (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P
2555 Grand Boulevard
Kansas City, MO  64108
816-474-6550

Peter A. Strand (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P.
Hamilton Square
600 14th Square, NW, Suite 800
Washington, D.C.  20005-2004
202-783-8400

Robert H. Reckers (Admitted *Pro Hac Vice*)
SHOOK HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas  77002-2911
713-227-8008

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM PLAINTIFF NEXUS MEDICAL, LLC*

**ATTACHMENT A**

**DEFINITIONS**

Nexus incorporates herein the Definitions set forth in Nexus's Third Set of Requests for Production of Documents and Things to Plaintiff Venetec International, Inc., served on May 2, 2008.

**TOPICS FOR EXAMINATION**

1. Identification of all Venetec products that compete with each of Nexus' products.

2. Identification of all past and present Venetec products that compete in the market for catheter securement devices.

3. Venetec's market share in the United States in the market for catheter securement devices.

4. Venetec's competitors in the market for catheter securement devices.

5. Venetec's strategy for competing with competitors in the market for catheter securement devices.

6. All statements Venetec has made to any person, including investors or financial analysts, regarding Nexus or the instant litigation.

7. The basis for Venetec's allegation that it is entitled to damages for Nexus' alleged infringement of the Patents-in-Suit.

8. The type of damages Venetec seeks from Nexus and the reasons such damages are allegedly warranted.

9. All considerations relevant to your contention that you are entitled to a reasonable royalty, including all factors relevant to the determination of a reasonable royalty amount.

10. Any license agreements that involve patents that you contend are

comparable to any of the Patents-in-Suit.

11. The identity and terms of prior existing licenses relevant to the calculation of a reasonable royalty, including licensing terms for the Patents-in-Suit or comparable patents.

12. Venetec's current patent licensing policies.

13. The basis for Venetec's contention that it is entitled to lost profits, including the basis for Venetec's contention that it is entitled to lost profits on convoyed sales.

14. Your knowledge of acceptable, non-infringing alternatives to the claimed inventions of the Patents-in-Suit.

15. The effect of selling products covered by the Patents-in-Suit in promoting sales of non-patented items.

16. The established profitability of Venetec products embodying any claim of the Patents-in-Suit, the popularity of any such products, and a detailed identification of the reasons for such profitability and/or popularity.

17. The portion of the realizable profit of Venetec products embodying any claim of the Patents-in-Suit that should be credited to the claimed inventions of the Patents-in-Suit as distinguished from non-patented features, improvements, or other value added by Venetec or others to such products.

18. Venetec's annual expenditures of research and development relating to technology and inventions described in the Patents-in-Suit.

19. Every product that has been marked by Venetec or any licensee with the Patents-in-Suit.