IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VENETEC INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-57 (MPT) |
| v. | ) | |
| | ) | |
| NEXUS MEDICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached as Exhibit A is being served on Hospira, Inc.

                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                              /s/ Jack B. Blumenfeld
                                              Jack B. Blumenfeld (#1014)
                                              Maryellen Noreika (#3208)
                                              1201 N. Market Street
                                              P.O. Box 1347
                                              Wilmington, DE  19899-1347
                                              jblumenfeld@mnat.com
                                              mnoreika@mnat.com
                                              (302) 658-9200

                                              *Attorneys for Plaintiff*

*Of Counsel*:

Steven C. Cherny
Clement J. Naples
Hassen A. Sayeed
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

Maximilian A. Grant
David M. Farnum
Michael D. David
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200

May 20, 2008

## CERTIFICATE OF SERVICE

I, hereby certify that on May 20, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard Hermann, Esquire
>Mary Matterer, Esquire
>MORRIS JAMES

I also certify that copies were caused to be served on May 20, 2008 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Richard Hermann, Esquire
Mary Matterer, Esquire
MORRIS JAMES
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

### BY ELECTRONIC MAIL

Patrick A. Lujin, Esquire
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

# EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### Central District of Illinois

| | |
|---|---|
| VENETEC INTERNATIONAL, INC., Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| NEXUS MEDICAL, LLC., Defendant | Case Number:[1] 07-57-MPT (D. Del) |

TO: Hospira, Inc.
c/o C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
CHICAGO, IL 60604-1101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE   Amanda Hollis, Esquire, Latham and Watkins, Sears Tower, Ste. 5800, 233 South Wacker Drive, Chicago IL. 60606 | DATE AND TIME 6/3/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff Venetec International, Inc. | 5/20/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael A. David, Esquire, Latham and Watkins LLP, 555 Eleventh Street, N.W., Suite 1000, Washington D.C. 20004-1034

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **EXHIBIT A**

## **DEFINITIONS**

A. The "Current Litigation" shall mean and refer to the action styled *Venetec International, Inc. v. Nexus Medical, LLC*, Civil Action No. 07-57-MPT (D. Del).

B. "Nexus" shall mean Nexus Medical, LLC and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Nexus, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

C. "You," "Your" and "Hospira" shall mean Hospira, Inc. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Hospira, Inc., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

D. The phrase "the '979 Patent" shall mean and refer to United States Patent No. 6,213,979 entitled "Medical Line Anchoring Systems," issued April 10, 2001.

E. The phrase "the '485 Patent" shall mean and refer to United States Patent No. 6,447,485 entitled "Medical Line Anchoring System," issued September 10, 2002.

F. The phrase "the '150 Patent" shall mean and refer to United States Patent No. 7,247,150 entitled "Medical Line Anchoring System," issued July 24, 2007.

G. The term "Patents-in-Suit" shall refer collectively to the '979 Patent, the '485 Patent, and/or the '150 Patent, and any and all other patents that may be asserted in the Current Litigation.

1

H. The "Accused Product(s)" means and includes any and all of Nexus' "The Bone®" securement devices, including but not limited to "The Bone® Catheter Securement Device with Microbore Tubing Holder", "The Bone® Catheter Securement Device (Large Profile)", "The Bone® Catheter Securement Device (Large Profile) with Microbore Tubing Holder"; and any other of "The Bone®" CVC securement devices, "The Bone®" PICC securement devices and/or "The Bone®" peripheral catheter securement devices.

I. "All" and "any" shall be construed to mean both any and all.

J. The connectives "and" and "or" are to be construed both disjunctively and conjunctively in order to bring within the scope of these discovery requests the broadest possible set of responses, including responses that might otherwise be construed to be outside of its scope.

K. "Communication" means any transmission of information from one person to another, regardless of the medium of communication, and includes, without limitation, both oral and written communication. A document or thing transferred, whether temporarily or permanently, from one person to another is deemed a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

L. "Concern" or "concerning" means relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, described, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to, or having any logical or factual connection with the subject matter in question.

M. "Document" includes the original and all non-identical copies of each and every written, recorded, or graphic matter of any and every kind, type, nature, or description, however produced or reproduced, that is or has been in Your possession, custody, control, or to which

You have access, including but not limited to all printed and electronic copies of electronic mail, correspondence, internal correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, telegrams, telexes, facsimiles, charts, diaries, letters, notebooks, studies, publications, minutes, books, pictures, drawings, photographs, films, voice or sound recordings, computer records or data in whatever form they may be stored or kept, computer software in whatever form it may be stored or kept, magnetic recordings, maps, reports, summaries, surveys, statistical compilations, schedules, or any written or recorded materials of any other kind, however stored, recorded, produced or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

    N.    "Each" and "every" shall be construed to mean both each and every.

    O.    To "identify" a document means to provide the following information regardless of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject matter of the document; (f) the present location of any and all copies of the document in the possession, custody, or control of You; and (g) the names and current addresses of any and all persons who have possession, custody, or control of the document or copies thereof.

    P.    "Relate(s) to," "relating to," "refer(s) to," and "referring to" means embodying, identifying, revealing, confirming, comprising, constituting, containing, showing, involving or mentioning, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

Q.  "Thing" means any tangible object that is not a document, and includes objects of every kind and nature, including without limitation product samples, devices, models, specimens, magnetic or electronic media, and diskettes.

R.  The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.  No request shall be construed with reference to any other request for purposes of limitation.

2.  Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it" type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.  If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document be destroyed; and, (iv) the reason(s) for its destruction.

4.  All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company,

division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, produce such documents in that form.

5. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth a part of your response to the request the language deemed to be ambiguous and the interpretation used in responding to the request.

6. If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

(a) For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the documents, the addressees of the document, and any other recipients shown in the document; and, where not readily apparent, the relationship of the author, addressees, and recipients to each other;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made, and where not readily apparent, the relationship of the persons present to the person

making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7. Each request for documents is continuing in nature. If, after responding to these requests, you obtain or become aware of further documents responsive to any requests, such documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.

## DOCUMENT REQUESTS

1. All minutes, memoranda, notes, or other documents relating to any meetings (expressly including board meetings) referring or relating to either Venetec, C.R. Bard, Inc., StatLock products or the Patents-in-Suit..

2. All documents that relate to any consideration given by You to any possible liability for patent infringement should You commence or continue to use, operate and/or sell the Accused Products.

3. Any opinions of counsel that have been communicated to you, whether by counsel or a third party regarding the issue of whether You infringe, contribute to the infringement of, would contribute to the infringement of, induce infringement of and/or would induce infringement of the Patents-in-Suit, or whether the Patents-in-Suit are valid and enforceable, or relating to the construction of the claims of the Patents-in-Suit.

4. All documents that discuss, refer or contain a comparison between the Accused Products and the disclosure or claims of the Patents-in-Suit.

5. All minutes, memoranda, notes, or other documents relating to any discussions referring or relating to Your consideration or consummation of any agreement with Nexus regarding the Accused Products.

6. All documents relating to all future agreements between Hospira and Nexus regarding the sale, distribution and/or manufacture of any of the Accused Products or other products not yet developed.

7. All documents referring or relating to any modification, or any proposed modification, in any Accused Product, including attempts to design or re-design products to avoid infringement of the Patents-in-Suit.

8. All agreements relating to the manufacture, use, assembly, importation, sale, offer for sale, service or distribution of any Accused Product.

9. All documents referring or relating to the sales figures, profits, revenue, and all other financial information relevant to Your sale and/or distribution of the Accused Products.

10. All documents that refer or relate to Your commercialization of the Accused Products, including, without limitation, feasibility studies, marketing plans, marketing forecasts, estimates, projections or reports of market share, periodic research and development reports, management reports and/or other periodic reports, and documents referring or relating to marketing, manufacturing, sampling, efforts to sell, offers for sale, and actual sales.

11. All business plans including, but not limited to, strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans, distribution plans and capital or investment plans referring or relating to the Accused Products.

12. All communications with Nexus relating to Venetec, C.R. Bard or StatLock.

Dated: May 20, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

*(signature)*

Steven C. Cherny
885 Third Avenue, Suite 1000
New York, NY 10022-4834

(212) 906-1200 (phone)
(212) 751-4864 (fax)

Maximilian A. Grant
Michael A. David
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200 (phone)
(202) 637-2201 (fax)

*Attorneys for Plaintiff*
*Venetec International, Inc.*