# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENETEC INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: 07-057 MPT |
| NEXUS MEDICAL, LLC, | ) |
| Defendant. | ) |

## NOTICE OF SERVICE OF SUBPOENAS

NOTICE IS HEREBY GIVEN that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, defendant Nexus Medical, LLC intends to serve the attached Subpoenas in a Civil Case for production of documents as indicated on the following:

(1) Holly Ferrell; and

(2) Maddoc Medical Products, Inc.


Dated:  June 6, 2008

      /s/ Richard K. Herrmann
Richard K. Herrmann #405
Mary B. Matterer #2696
Amy Arnott Quinlan #3021
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
302.888.6800
rherrmann@morrisjames.com

*ATTORNEYS FOR DEFENDANT AND*
*COUNTERCLAIM-PLAINTIFF*
*NEXUS MEDICAL, LLC*

# TAB 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
Western District of New York

| Venetec International, Inc., Plaintiff | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Nexus Medical, LLC., Defendant | Case Number:[1] 07-57-MPT (D. Del) |

TO: Holly Ferrell
    32 Woodbury Way
    Fairport, NY 14450

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto

| PLACE Patrick A. Lujin, Shook, Hardy & Bacon, L.L.P. | DATE AND TIME |
|---|---|
| 2555 Grand Blvd., Kansas City, MO 64108 | 06/27/2008 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Patrick A. Lujin* Defendant, Nexus Medical, LLC. | 06/06/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick A. Lujin, Shook, Hardy & Bacon, L.L.P., 2555 Grand Blvd., Kansas City, MO 64108
Telephone: 816-474-6550

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS**

1. The term "you" shall mean Holly Ferrell, and any persons or business entities acting on or purporting to act on your behalf, including without limitation Takoda Marketing.

2. The term "this litigation" shall mean and refer to the action styled *Venetec International, Inc, v. Nexus Medical, LLC*, C.A. No. 07-57-MPT (D. Del).

3. The term "all" means any and all.

4. The term "Venetec" means Venetec International, Inc, and any present or former parent, subsidiary, department, division, subdivision, branch affiliate, predecessor, successor-in-interest or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Venetec, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

5. The term "C. R. Bard" means C. R. Bard, Inc, and any present or former parent, subsidiary, department, division, subdivision, branch affiliate, predecessor, successor-in-interest or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of C. R. Bard, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request as much information as possible and shall not be interpreted to exclude information otherwise within the scope of this request.

7. The use of the singular form of any word includes the plural and vice versa.

8. The terms "refer" and "relate" mean pertaining to, concerning, embodying, containing, comprising, indicating, referring to, reference, reflecting, memorializing, identifying, describing, discussing, involving, evidencing, supporting, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

**INSTRUCTIONS**

1. These requests seek all responsive documents in your possession, custody, or control, as well as all documents in the possession, custody, or control of your agents, employees, representatives, and, unless privileged, attorneys.

2. No request shall be construed with reference to any other request for purposes of limitation.

3. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, the entire document shall be produced, including any and all attachments, enclosures, "post-it"-type notes, cover e-mails or cover letters, and any other matter physically or electronically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the fullest extent possible with an explanation stating why production of the remainder is not possible.

4. If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document to be destroyed; and (iv) the reason(s) for its destruction.

5. All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, dividers, tabs or any other method, produce such documents in that form.

6. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response to the request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request.

7. If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

   a) For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and all recipients of he document, and, where not apparent, the capacities of the author, addressees, and recipients and their relationship to each other;

   b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where

2

|    |    |
|----|----|
|    | not apparent, the capacities of the author and the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication. |
| 8. | Whenever a request calls for the production of one or more documents that you claim to be protected from disclosure by an applicable privilege or attorney work product doctrine protection, please supply sufficient factual detail to enable counsel and a court to determine whether or not each such document is entitled to a claim of privilege or work product, including the names of any and all authors, addressees, copyees (cc's) or blind-copyees (bcc's), date of the document, subject-matter of the document, nature of the privilege or work product protection being asserted (e.g., "attorney-client communication" or "attorney work product") and basis for the assertion of any privilege of work product protection. |

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All communications with C. R. Bard that refer or relate to catheter securement devices.

2. All documents and things that refer or relate to your assessment of potential competitors of the catheter securement devices sold by C. R. Bard or Venetec.

3. All documents and things that refer or relate to your research into the market for catheter securement devices.

4. All communications or documents that refer or relate to Nexus Medical, LLC or to the BONE® catheter securement device.

5. All correspondence with any individual or entity, including but not limited to C. R. Bard, regarding this litigation.

# TAB 2

≈AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### Central District of California

| | |
|---|---|
| Venetec International, Inc., Plaintiff,<br>V.<br>Nexus Medical, LLC., Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-57-MPT (D. Del) |

TO: Maddoc Medical Products, Inc.
   c/o Nicholas P. Roxborough
   10866 Wilshire Blvd., Suite 1200, Los Angeles, CA 90024

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A attached hereto**

| PLACE  Patrick A. Lujin, Shook, Hardy & Bacon, L.L.P.<br>2555 Grand Blvd., Kansas City, MO 64108 | DATE AND TIME<br>6/27/2008 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Patrick Lujin*  Attorney for Defendant, Nexus Medical, LLC. | DATE<br>6/6/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick Lujin, Shook, Hardy & Bacon, L.L.P., Kansas City, MO 64108
Telephone: 816-474-6550

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                                SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

                                                                        _____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

1. The term "you" shall mean Maddoc Medical Products, Inc. and any person acting on or purporting to act on its behalf, including without limitation Dr. Alan Kessler.

2. The term "all" means any and all.

3. The term "Venetec" means Venetec International, Inc, and any present or former parent, subsidiary, department, division, subdivision, branch affiliate, predecessor, successor-in-interest or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of Venetec, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

4. The term "C. R. Bard" means C. R. Bard, Inc, and any present or former parent, subsidiary, department, division, subdivision, branch affiliate, predecessor, successor-in-interest or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel or representative of C. R. Bard, and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request as much information as possible and shall not be interpreted to exclude information otherwise within the scope of this request.

6. The use of the singular form of any word includes the plural and vice versa.

7. The terms "refer" and "relate" mean pertaining to, concerning, embodying, containing, comprising, indicating, referring to, reference, reflecting, memorializing, identifying, describing, discussing, involving, evidencing, supporting, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

## INSTRUCTIONS

1. These requests seek all responsive documents in your possession, custody, or control, as well as all documents in the possession, custody, or control of your agents, employees, representatives, and, unless privileged, attorneys.

2. No request shall be construed with reference to any other request for purposes of limitation.

3. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, the entire document shall be produced, including any and all attachments, enclosures, "post-it"-type notes,

cover e-mails or cover letters, and any other matter physically or electronically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the fullest extent possible with an explanation stating why production of the remainder is not possible.

4. If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document to be destroyed; and, (iv) the reason(s) for its destruction.

5. All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, dividers, tabs or any other method, produce such documents in that form.

6. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response to the request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request.

7. If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

    a) For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and all recipients of the document, and, where not apparent, the capacities of the author, addressees, and recipients and their relationship to each other;

    b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the capacities of the author and the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

2

8. Whenever a request calls for the production of one or more documents that you claim to be protected from disclosure by an applicable privilege or attorney work product doctrine protection, please supply sufficient factual detail to enable counsel and a court to determine whether or not each such document is entitled to a claim of privilege or work product, including the names of any and all authors, addressees, copyees (cc's) or blind-copyees (bcc's), date of the document, subject-matter of the document, nature of the privilege or work product protection being asserted (e.g., "attorney-client communication" or "attorney work product") and basis for the assertion of any privilege of work product protection.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents and things that refer or relate to the license agreement executed on December 16, 2005 between you and Venetec.

2. All communications with Venetec or Dr. Steven Bierman relating to the license agreement executed on December 16, 2005 between you and Venetec.

3. All documents and things that refer or relate to any license negotiations or agreements pertaining to catheter securement devices between you and Venetec or C. R. Bard.

4. All documents and things sufficient to identify all payments made to you under any license agreements pertaining to catheter securement devices, including but not limited to the license agreement executed on December 16, 2005 between you and Venetec.